1  Michael W. Sobol (State Bar No. 194857)
   Allison S. Elgart (State Bar No. 241901)
2  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
3  San Francisco, CA 94111-3339
   Telephone:  (415) 956-1000
4  Facsimile:   (415) 956-1008

5  Daniel M. Hattis (State Bar No. 232141)
   Angelo Salvatore Parise (State Bar No. 165690)
6  LAW OFFICES OF ANGELO SALVATORE PARISE
   16870 West Bernardo Drive, Suite 400
7  San Diego, CA  92127
   Telephone:  (858) 674-6660
8  Facsimile:   (858) 674-6661

9  *Attorneys for Plaintiffs*

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13 CHAD BRAZIL and STEVEN SEICK,          Case No. C07-01700 (RMW)
   individually and on behalf of all others
14 similarly situated,                    **FIRST AMENDED**

                     Plaintiffs,          **CLASS ACTION COMPLAINT**
15
   v.                                     **JURY TRIAL DEMANDED**
16
   DELL INC. and Does 1-10,
17
                     Defendant.
18

19

20          Plaintiffs, by and through their attorneys, bring this civil action for damages,

21 injunctive relief, disgorgement of profits, restitution, and costs of suit, on behalf of themselves

22 and all others similarly situated.  Upon personal knowledge as to their own acts and status and

23 upon information and belief as to all other matters, Plaintiffs allege the following:

24                        **NATURE OF THE ACTION**

25          1.     This is a class action against Dell, Inc. ("Dell") for falsely advertising price

26 discounts for its computers and other products and services.  In its direct marketing to consumers

27 and businesses, primarily via its Internet Web site, but in print and other advertising as well, Dell

28 advertises false former prices, false price discounts, false rebate discounts, and false "free" offers

1   for its computer products.  In one prominent practice, Dell misrepresents the nature and amount

2   of product discounts by purporting to offer specific dollar discounts from expressly referenced

3   former prices; these discounts are false, however, because the referenced former prices are

4   fabricated and inflated and do not represent Dell's true regular price for the product.  Dell also

5   falsely advertises the inclusion of "free" upgrades and "free" add-on products and services when

6   they are in fact not free, and falsely advertises product "rebate" discounts that are in fact not

7   discounts.  Dell directly recovers the cost of the "free" add-ons and the cost of the "rebates" by

8   marking up the true regular sales price of the original product in an amount corresponding in

9   whole or in part to the value of the "free" offer or "rebate."  Additionally, Dell advertises the

10  inclusion of "free" upgrades and add-ons as "limited time offers," when in fact Dell typically

11  includes the upgrades and add-ons at no additional cost with the original product.  As a result of

12  Dell's false price advertising schemes, consumers end up paying more than they bargained for

13  because they do not receive the actual value of the price discounts Dell promises them.

14          2.      Dell's false price advertising scheme is rampant and consistent across

15  nearly all of Dell's desktop, notebook, server, and storage lines.  For example, on March 12,

16  2007, on the "Home & Home Office" section of its Web site, Dell offered for sale more than

17  seventy-four (74) models of desktop and notebook computers across 15 product lines; on the

18  Small Business section of its Web site Dell offered for sale more than one hundred and sixty

19  (160) desktop, notebook, and server models across 41 product lines.  For nearly every one of

20  these models, Dell displayed a false discount from a false regular price or displayed a false "free"

21  offer.  Dell's conduct is so pervasive and consistent as to make it apparent that the heart of Dell's

22  marketing plan is to intentionally deceive the public.

23          3.      Dell's advertising violates California law prohibiting advertising goods for

24  sale as discounted from former prices which are false, and prohibiting misleading statements

25  about the existence and amount of price reductions.  Dell's conduct also breaches its agreements

26  with purchasers for the sale of its computer products.  Plaintiffs, individually and on behalf of all

27  others similarly situated, seek damages, restitution, punitive damages, and injunctive relief to stop

28  Dell's rampant false advertising.

1

## THE PARTIES

2      4.      Plaintiff Chad Brazil is an individual residing in Santa Cruz, California.

3      5.      Plaintiff Steven Seick is an individual who owns and operates a business in

4  San Diego, California.

5      6.      Defendant Dell Inc. ("Dell") is a Delaware corporation with its principal

6  executive offices at One Dell Way, Round Rock, Texas.

7      7.      Dell designs, develops, manufactures, markets, sells and supports a range

8  of computer systems and services that are customized to customer requirements.  These include

9  notebook and desktop computers, servers, networking products, printing and imaging systems,

10  software and peripherals, and global services.  The Company markets and sells its products and

11  services directly to its customers, which include individual consumers, small to medium-sized

12  businesses, larger corporations, and government, healthcare, and education accounts.  Dell

13  employs over 65,000 individuals.

14      8.      Plaintiffs do not know the true names and capacities of Does 1-10,

15  inclusive, whether individual, corporate, association, or otherwise, and, therefore, sues said

16  defendants, and each of them, by such fictitious names.  Plaintiffs will amend this Complaint to

17  show their true names and capacities when they have been ascertained.  Plaintiffs are informed

18  and believe, and on the basis of that belief allege, that each of these Doe defendants was in some

19  manner legally responsible for the events, happenings, injuries, and damages alleged in this

20  Complaint.  As used herein, the term "Defendant" and/or "Dell" refers to Dell and the Doe

21  defendants.

22

## JURISDICTION AND VENUE

23      9.      The Court has jurisdiction of the claims alleged herein pursuant to 28

24  U.S.C. § 1332 because the amount in controversy for the class exceeds $5,000,000, exclusive of

25  interest and costs, and the members of the proposed Classes are not citizens of Texas, Dell's state

26  of citizenship.

27      10.      This Court has personal jurisdiction over Dell because a substantial portion

28  of the wrongdoing alleged in this Complaint took place in this state, Dell is authorized to do

1  business here, Dell has sufficient minimum contacts with this state, and/or Dell otherwise

2  intentionally avails itself of the markets in this state through the promotion, marketing and sale of

3  its products in this state, to render the exercise of jurisdiction by this Court permissible under

4  traditional notions of fair play and substantial justice.

5          11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a

6  substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this

7  District.

8  **<u>INTRADISTRICT ASSIGNMENT</u>**

9          12.     Pursuant to the Northern District of California's Local Rules Nos. 3-2 and

10  3-5, Plaintiffs request assignment to the San Jose Division of the Northern District of California.

11  Plaintiff Chad Brazil resides in Santa Cruz County and thus a substantial part of the events or

12  omissions which give rise to the claims occurred in Santa Cruz County.

13  **<u>FACTUAL BACKGROUND</u>**

14          13.     Dell is one of the biggest e-commerce companies in the world.  Dell

15  directly markets its products to consumers and businesses in California and throughout the nation

16  via its Web site, Internet advertising, e-mail campaigns, newspaper and magazine advertising,

17  television advertising, direct mail, and company-owned retail stores.  In 2005, Dell spent over

18  $975 million on direct advertising to consumers and businesses to draw them to its Web site, and

19  it spends millions more maintaining its e-commerce Web site at www.dell.com.  According to

20  Dell, each day there are more than 4 million visitors to www.dell.com.

21          14.     Dell consummates its sales to consumers and small to medium businesses

22  on its Web site or by telephone.  In addition, Dell operates 185 "Dell Direct Stores" in shopping

23  malls and airports throughout the country.  At these stores, Dell displays its products and

24  facilitates Internet sales.  There are 29 such stores in California, including 8 in this judicial

25  district.

26          15.     Dell's marketing strategies have been successful.  Dell maintains roughly

27  30 percent of the personal computer market share in the United States and in 2006, Dell had over

28

$57.1 billion in sales.  In significant part, however, Dell's growth and profitability have been the product of deceptive, misleading, and unlawful marketing and advertising practices.

16.     Dell's Web site, along with its direct advertising, is replete with false and fraudulent claims regarding the existence of price discounts.  Dell has leveraged its Internet marketing expertise and technology to perpetrate an illegal scheme of massive proportions.

### False Discounts From False Former Prices

17.     Dell's deceptive and misleading false price advertising scheme has three primary components.  First, Dell advertises false specific dollar amount discounts from an expressly referenced false former sales price.  Dell perpetrates its false former price advertising scheme on its Web site and in its online, email, and print advertising.

18.     The Federal Trade Commission (FTC) describes false former pricing schemes, similar to Dell's in all material respects, as deceptive:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison.  Where the former price is genuine, the bargain being advertised is a true one.  If, on the other hand, the former price being advertised is not bona fide but fictitious--for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction--the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith--and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.  And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $ ------"), unless substantial sales at that price were actually made.

16 C.F.R § 233.1.

19.     Under California law, "[n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement." Cal. Bus. & Prof. Code § 17501. With respect to sales to consumers, California law prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(13).

20.     On its Web site, Dell advertises a discount price in bold red or green lettering accompanied by a crossed-out false former price. In fact, Dell's advertised former sales price is an inflated price well above the actual sales price at which Dell regularly sells the product. The purportedly discounted price is in fact not discounted at all, but rather is approximately equal to Dell's regular sales price for the product. During the purchase of Dell products on-line, purchasers are directed to a virtual shopping cart, prior to consummating the purchase, where Dell misrepresents that purchasers have obtained a "savings," expressed in a specific dollar amount which represents the difference between the false regular price and the sales price. Dell also makes misrepresentations of "savings" in specific dollar amounts in its descriptions of "Discount Details" and on Web pages listing "Featured" models of the selected product.

21.     Dell fabricates the false former reference prices. The false former reference prices have no connection to the actual past pricing of Dell's products. For example, on September 13, 2006, Dell introduced its Dimension C521 Series of desktop computers, including one model (no. DDWCA2) at a sales price of $529 without reference to a former sales price. Over the following four months the price for this model fluctuated, reaching a high of $588. On January 26, 2007, Dell was continuing to offer the Dimension C521 at a price of $588, still without reference to a former sales price. On January 27, 2007, Dell began applying its false former pricing scheme, offering the Dimension C521 with a fabricated false former price. As is shown on the screen shots taken from Dell's Web site from those two days, attached hereto as Exhibit "A," although Dell continued to offer the computer at the same $588 price, Dell now began to advertise a false $100 discount from a newly invented false former price of $688. In

1   fact, Dell had never offered this Dimension C521 model at the $688 price.  Rather, Dell's false

2   discounted sales price of $588 was in fact the highest price at which Dell had ever offered the

3   computer model for sale.  During this time, in both its description of the "Discount Details" and

4   in the virtual shopping cart prior to any purchase, Dell misrepresented that purchasers would

5   "Save $100 on this Dell C521 system!  Limited Time Offer!" Attached hereto as Exhibit "B," and

6   incorporated herein, is a graph representing the true sales price and false reference price histories

7   of this Dimension C521 model.

8            22.      Dell perpetrates the false price discounting scheme in its print advertising.

9   For example, on September 15, 2006, Dell advertised false discounts in the *San Diego Union

10  Tribune* for its Dimension E510 and Inspiron B130 computers.  Dell falsely represented that the

11  Dimension E510 was "[r]egularly priced $839," and offered it for sale at $689, "after $150 off."

12  In fact, however, during the three months preceding the date of this advertisement, Dell's average

13  advertised price on its Web site for the identically configured Dimension E510 was $656.94, *i.e.*,

14  $32.06 less than the falsely advertised "discounted" price.  Rather than offering a $150 discount

15  from the regular sales price of the Dimension E510, Dell was actually offering it for sale at an

16  amount $32.06 *more than* the regular sales price.  Similarly, Dell falsely represented that the

17  Inspiron B130 was "[r]egularly priced $549," and offered it for sale at $499, "after $50 off."  In

18  fact, however, during the three months preceding the date of this advertisement, Dell's average

19  advertised price on its Web site for the identically configured Inspiron B130 was $512.67, *i.e.*,

20  only $13.67 more than the falsely advertised "discounted" price.  Rather than offering a $50

21  discount from the regular sales price of the Inspiron B130, the discount was actually far less, *i.e.*,

22  $13.67.  Attached hereto as Exhibit "C" is a true and accurate copy of the September 15, 2006

23  Dell advertisement in the *San Diego Union Tribune* with the relevant portions enlarged and

24  highlighted.

25            23.      The false former price discounts are omnipresent on Dell's Web site and in

26  its print advertising.  Dell displays a false discount price alongside a false, often crossed-out,

27  regular price for nearly every desktop and notebook computer, server, and storage device that it

28  sells.  Dell consistently misrepresents that its sales prices represent "savings" in specific dollar

amounts from inflated and false regular prices.  Dell misrepresents that such false discounts and savings are available only for a "limited time," when in fact, it is Dell's standard operating procedure to offer such false discounts and savings.

24.     Dell's advertising of false former prices violates California law and FTC standards.  The discounts promised by Dell are false because they are applied against a fabricated and inflated "regular" price, rather than against Dell's true regular price for the product.  Dell's promise to provide price discounts from Dell's regular sales price is an objectively material term of the sales transaction.  Dell fails to keep its promise to provide price discounts from true regular sales prices, and as a result, consumers do not receive the benefit of the advertised bargain.

**False "Free" Offers**

25.     Second, Dell falsely represents to potential buyers on its Web site and in other promotional material that Dell will provide valuable upgrades and additional products and services for "free" if the buyer pays Dell's "regular" sales price for the original product.  In fact, Dell marks up the true regular sales price of the original product in an amount corresponding in whole or in part to the value of the "free" upgrades and add-ons.  Dell's promise that the upgrades and add-ons are being included for "free" in the sale of the base product is an objectively material term of the sales transaction.

26.     The FTC states the following with regard to "free" offers:

> The public understands that . . . an offer of "Free" merchandise or service is based upon a regular price for the merchandise or service which must be purchased by consumers in order to avail themselves of that which is represented to be "Free". In other words, when the purchaser is told that an article is "Free" to him if another article is purchased, the word "Free" indicates that he is paying nothing for that article and no more than the regular price for the other. Thus, a purchaser has a right to believe that the merchant will not directly and immediately recover, in whole or in part, the cost of the free merchandise or service by marking up the price of the article which must be purchased, by the substitution of inferior merchandise or service, or otherwise.

16 C.F.R § 251.1(b)(1).

27.     An example of Dell's "free offer" false advertising scheme is shown in its advertising for its Dimension E310 desktop computer.  On March 22, 2006, Dell offered a

Dimension E310 model (no. DE310SAP) at a sales price of $499.  The next day, on March 23, 2006, Dell offered the same computer with a configuration that included a 17-inch flat panel monitor and 512 MB of memory.  Dell falsely represented that the monitor and memory upgrades were "FREE," but in fact, Dell actually marked-up the offering sales price by $100, *i.e.*, for a total sales price of  $599.  Dell discontinued this false "FREE" upgrade offer seven days later on March 30, 2006, at which time Dell dropped the sales price back down to $499.  Attached hereto as Exhibit "D" are excerpts of screen shots from Dell's Web sites from March 22 and 23, 2006, advertising the Dimension E310 with and without the false "free" offer.

28.     Dell also falsely advertises "free" upgrades and "free" add-on products and services to the original product as "limited time offers," when, in fact, Dell typically and in the ordinary course includes the upgrades and add-ons with the product at no additional cost.

29.     The FTC has promulgated the following standard regarding the frequency of "free" offers:

> So that a "Free" offer will be special and meaningful, a single size of a product or a single kind of service should not be advertised with a "Free" offer in a trade area for more than 6 months in any 12-month period.  At least 30 days should elapse before another such offer is promoted in the same trade area.  No more than three such offers should be made in the same area in any 12-month period.  In such period, the offeror's sale in that area of the product in the size promoted with a "Free" offer should not exceed 50 percent of the total volume of his sales of the product, in the same size, in the area.

16 C.F.R § 251.1(h)

30.     Dell's advertising of its false "limited time" free offers violates California law and FTC standards because its "free offers" are in fact not free offers at all—buyers realize no price savings nor any additional value because Dell typically includes the upgrades and add-ons at no additional cost.  Dell's representation to buyers that they will receive price savings on a Dell product in the form of "limited time" free offers is an objectively material term of the sales transaction.

31.     Dell violates California law and FTC standards by making false "limited time" free offers and by failing to keep its promise to provide upgrades and add-ons for "free" where Dell in fact directly recovers the cost of the "free" upgrades and add-ons by marking up the

true regular sales price of the original product.  The "free" offers are illusory, and, as a result, purchasers do not receive the benefit of their bargained-for exchange.

**False Rebate Discounts**

32.     Third, Dell represents to potential buyers on its Web site and in other promotional material that Dell will provide product mail-in "rebate" discounts if the buyer pays the advertised "regular" sales price for the product.  Dell's promise to provide a "rebate" discount is an objectively material term of the sales transaction.  In fact, Dell's rebate discount offers are illusory because Dell directly recovers the cost of the "rebates" by marking up the true regular sales price of the product in an amount corresponding in whole or in part to the amount of the rebate.  By falsely representing the rebate offer as a discount from Dell's regular sales price, Dell, among other things, breaches the agreement it made with the buyer.

33.     An example of Dell's false rebate discounting is shown in its advertising for one of its Dimension E310 computer models (no. DE310SAP).  On June 7, 2006, Dell offered this Dimension E310 model at a sales price of $497.  The next day, on June 8, 2006, Dell offered the same computer at a price $102 more than the day before, *i.e.*, at $599, together with a false $100 mail-in rebate discount.  Dell's rebate discount offer on the Dimension E310 was false and misleading because the rebate discount was offered in conjunction with an inflated sales price that directly corresponded to the amount of the false rebate.  Attached hereto as Exhibit "D" are excerpts of screen shots from Dell's Web sites from June 7 and 8, 2006, advertising the Dimension E310 with and without the false rebate discount.

**Other and Related False and Misleading Advertising Practices**

34.     Dell perpetrates additional deceptive, misleading, and unlawful marketing and advertising practices by: (1) intentionally directing customers to special Web pages, "offer codes" and "coupon codes" that promise special discounts on computer products, but which in fact charge the same or greater than Dell's true regular price for the products; and (2) promising customers that prominently advertised discounts and "free" offers have already been applied to their orders, when in fact Dell has not applied the discounts to their orders.

35.     Dell conceals its deceptive practices by constantly changing its Web site and offers, making it difficult or impossible for prospective customers to verify or dispute Dell's claimed discounts.

36.     Dell's duplicitous conduct is evidenced by, for example, its advertising for its Optiplex 320 desktop computer models.  Dell introduced these models on November 8, 2006. Even though Dell had never before offered any Optiplex 320 models for sale, on the day of their introduction Dell falsely advertised them as having former regular prices.  For example, Dell misrepresented that one model (no. BPCWOCR) regularly sold for $489, and offered it at a falsely discounted sales price of $359, misrepresenting it to confer a $130 "savings."  On four occasions during the first three months Dell sold this Optiplex 320 model, it offered a false "free" flat panel monitor upgrade.  In fact, during each period that Dell offered the false free monitor upgrade, Dell increased the sales price by $50 or more, as set forth in the graph attached hereto as Exhibit "E."

37.     Dell's duplicitous conduct is further evidenced by its advertising of one of its Dimension E310 desktop computer models (no. DE310SAP) from March 15, 2006 to June 15, 2006.  Throughout this period, Dell offered this model for sale at $499 while at the same time falsely offering a "limited time" "savings" of $100 from a false regular price of $599 (except for two seven-day periods where a false "free" offer was made, and one seven-day period where a false rebate offer was made).  For a seven-day period beginning on March 23, 2006, Dell increased the sales price for this Dimension E310 model by $100 at the same time it offered false "free" monitor and memory upgrades.  On March 30, Dell stopped offering the false "free" upgrades and reverted the pricing to the usual sales price of $499 with a false representation of a $100 "savings" from the false regular price of $599.  Thereafter, in another seven-day period beginning May 11, 2006, Dell increased the sales price by $52 while offering a false "free" monitor upgrade.  When Dell stopped offering this false "free" upgrade on May 18, 2006, Dell again reverted to the usual sales price of $499 with a false representation of a $100 "savings" from the false regular price of $599.  Then for a seven-day period beginning June 29, 2006, Dell increased the sales price from $499 to $599, while this time offering a false $100 mail-in rebate

1    discount.  Dell stopped offering the rebate on July 6, 2006, at which time it once more reverted to

2    its false regular pricing with the false "savings" representation.  In short, over a three-month

3    period, Dell advertised this Dimension E310 model with either false discounts from false regular

4    prices, false free offers, or false rebates, as set forth in the graph attached hereto as Exhibit "F."

5            38.    Millions of customers have been victims of Dell's deceptive, misleading,

6    and unlawful marketing and advertising schemes.

7            39.    Dell knows or reasonably should know that its advertising is deceptive,

8    misleading, and unlawful.

9            40.    Dell fraudulently concealed from and intentionally failed to disclose to

10   Plaintiffs, members of the Consumer and Business Classes, and any others in the chain of

11   distribution, the truth about its advertised price discounts and its advertised "free" products and

12   "rebates."

13           41.    Dell was and is under a duty to Plaintiffs and the members of the

14   Consumer and Business Classes to disclose the truth about its misrepresentations and false price

15   advertising because:

16           a.    Dell is in a superior position to know the facts about its deceptive,

17   misleading, and unlawful marketing and advertising scheme;

18           b.    Dell made partial, misleading, and deceptive disclosures about its

19   false price discounts, false "free" offers, and false "rebate" discounts;

20           c.    Dell knowingly concealed the nature of its false advertising scheme

21   from Plaintiffs and the members of the Consumer and Business Classes.

22           42.    The facts which Dell concealed or failed to disclose are material facts that a

23   reasonable person would have considered material, *i.e.*, facts which would contribute to a

24   reasonable person's decision to purchase Dell's computer products or services.

25           43.    Dell intentionally concealed and failed to disclose the truth about its

26   representations and false price advertising scheme for the purpose of inducing Plaintiffs and the

27   members of the Consumer and Business Classes to purchase computer products from Dell.

28

44.     Dell's deceptive, misleading, and unlawful marketing and advertising scheme has made comparison shopping more difficult for consumers and businesses.  Dell's false advertising focuses reasonable purchasers' attention on representations of price discounts and other savings or bargains from purported regular prices.  As a result, purchasers reasonably perceive that they are receiving valuable price reductions on purchases of Dell's computer products.  Dell also creates a sense of urgency regarding the purchases by featuring the phrase "limited time offer" in nearly all of its false advertising, giving the false impression that customers will miss out on the purported markdowns and free offers if they do not buy the products immediately.  This perception induces reasonable purchasers to buy the products from Dell and to refrain from shopping for computer products from sellers other than Dell.

45.     Dell's false representations of discounts from "regular" prices and false representations of rebate discounts and "free" offers are objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

46.     Plaintiffs and the members of the Consumer and Business Classes reasonably and justifiably acted or relied to their detriment on Dell's failure to disclose, and concealment of, the truth about its false price advertising scheme in purchasing Dell's computer products and services.

47.     Dell's conduct has been and is wanton or reckless or shows a reckless indifference to the interests of Plaintiffs and the members of the Consumer and Business Classes.

48.     Any applicable statutes of limitation have been tolled by Dell's knowing and active concealment of the operative facts alleged herein.  The nature of Dell's misleading and deceptive pricing scheme is such that Plaintiffs and class members could not reasonably have discovered the true nature of the scheme.  Uncovering Dell's illegal scheme requires sophisticated and expensive specialized software which is not reasonably available to ordinary consumers.

49.     Dell knowingly, affirmatively, and actively concealed the true nature of its deceptive and misleading pricing scheme, including false former prices, illusory rebate discounts, and false offers of "free" add-on products or services.  Dell's concealment is ongoing.  Plaintiffs and members of the Consumer and Business Classes reasonably relied upon Dell's knowing,

affirmative, and/or active concealment.  Based on the foregoing, Dell is estopped from relying on any statutes of limitation in defense of this action.

50.     Dell employs its superior bargaining power to unilaterally impose upon customers at the time of the sale of its computer products its so-called "Terms and Conditions," which include an arbitration clause with a waiver of purchasers' class action remedies.  The Terms and Conditions constitute contracts of adhesion.  Dell purports to impose the adhesive Terms and Conditions upon commercial transactions (*i.e.*, sales of Dell's computer products), which predictably involve small sums of money (in comparison with the costs of litigation), as part of its overall scheme to deliberately cheat large numbers of purchasers out of these individually small sums of money.  In practice, the Terms and Conditions would operate to exempt Dell from its responsibility for its own fraud and willful injury to its customers.  Dell's Terms and Conditions, with its arbitration and class action waiver clause, are unconscionable and contrary to public policy and therefore are unenforceable against its customers.

51.     The claims and issues asserted herein are governed by California state law.  The State of California has the greatest interest in policing corporate conduct occurring within the State which affects the rights and interests of its citizens.

52.     Dell's conduct breaches its agreements with Plaintiffs and the members of the Consumer and Business Classes for the purchase of Dell computer products, constitutes negligent misrepresentation and intentional fraud, and violates California Business and Professions Code §§ 17500, *et seq.*, California Business and Professions Code §§ 17200, *et seq.*, and California Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*  As a direct and proximate cause of Dell's misconduct, Plaintiffs and members of the Consumer and Business Classes have suffered damages.

**PLAINTIFF STEVEN SEICK**

53.     On June 15, 2006, plaintiff Steven Seick purchased directly from Dell via its Internet Web site a Dell Dimension B110 desktop computer, model no. DB110A (herein, the "Dimension Computer"), and associated peripheral Dell computer products.  Mr. Seick purchased his computer by accessing Dell's Web site, and specifically by accessing Web pages which

described Dell's Dimension Computer and which advertised false discounts and false regular prices for the Dimension Computer.

54.     On its Web site the day of Mr. Seick's purchase, Dell offered to sell the Dimension Computer for $299, at a promised "savings" of $50 from the false regular sales price of $349.  After Mr. Seick arrived on the pages of Dell's Web site which contained these representations, he began the process of purchasing the Dimension Computer.  First, Mr. Seick selected the Dimension Computer at the base sales price of $299, and he was then directed to further purchasing options where he selected certain upgrades and add-ons.  After that, Mr. Seick was directed to Dell's "shopping cart," which listed the items, upgrades, and add-ons that he had selected for purchase and the pricing for his selections.  In the shopping cart, Dell misrepresented to Mr. Seick that he would, "Save $50 instantly off this Dell Dimension B110!"  Attached hereto as Exhibit "G" are screen shots of Dell's "system configurator" and "shopping cart" Web pages for the Dimension Computer, taken on the date of Mr. Seick's purchase.

55.     Mr. Seick then purchased the Dimension Computer via Dell's online purchasing process, paying the base sales price of $299 plus an additional amount for his selected upgrades and add-ons.  On the same day of, but after Mr. Seick's purchase, Dell sent Mr. Seick an email confirming his purchase order, which is attached hereto as Exhibit "H."  Dell's order confirmation again stated that Mr. Seick would, "Save $50 instantly off this Dell Dimension B110!  Expires on 2006-06-22."

56.     On June 15, 2006, Mr. Seick purchased from Dell the Dimension Computer at the base price of $299 after Dell had misrepresented to him that the price reflected a $50 savings to be received by Mr. Seick from Dell's purported regular price of $349 for that computer.

57.     During the three months prior to Mr. Seick's purchase, Dell's average offered base sales price for the Dimension Computer model was in fact $297.51, *not* $349.  Attached hereto as Exhibit "I," and incorporated herein, is a chart setting forth the daily prices for the Dimension Computer during the three months prior to Mr. Seick's purchase, which demonstrates that Dell uniformly and falsely represented the regular price for the Dimension

1   Computer to be $349, even though the average true regular price for that period was $297.51.  (At

2   three junctures during this period, instead of offering the Dimension Computer for sale at the

3   usual $299, Dell increased the sales price by $50, *i.e.* to $349, but offered an offsetting false

4   rebate discount of $50.)

5         58.     Rather than having received a $50 savings from the regular sales price of

6   the Dimension Computer, as Dell had misrepresented, Mr. Seick paid $1.49 ***more than*** the true

7   regular sales price for the Dimension Computer, *i.e.*, $1.49 more than the average actual sales

8   price offered by Dell for the three months preceding Mr. Seick's purchase.

9         59.     Although Dell represented to Mr. Seick that the offer for the supposed $50

10   savings would "expire" on June 22, 2006, Dell in fact continually made that offer up to and

11   including October 12, 2006, at which point Dell discontinued the Dimension B110 series and

12   replaced it with a new model line.

13         60.     Dell's representation to Mr. Seick that his purchase price reflected a $50

14   savings from Dell's regular sales price was false and misleading because, in fact, the price Dell

15   charged Mr. Seick was more than the true regular sales price for the Dimension Computer.

16         **PLAINTIFF CHAD BRAZIL**

17         61.     On December 15, 2006, plaintiff Chad Brazil purchased directly from Dell,

18   via its Internet Web site, a Dell Inspiron E1505 Dual Core notebook computer, model

19   no. DNDWEA3 (herein, the "Inspiron Notebook"), and associated peripheral Dell computer

20   products.  Mr. Brazil purchased the Inspiron Notebook by accessing Dell's Web site, and

21   specifically by accessing Web pages which described the Inspiron Notebook and which

22   advertised false discounts and false regular prices for the Inspiron Notebook.

23         62.     On its Web site the day of Mr. Brazil's purchase, Dell offered to sell the

24   Inspiron Notebook for $1,199, at a promised savings of $314 from the false regular sales price of

25   $1,514.  After Mr. Brazil arrived on the pages of Dell's Web site that contained these

26   representations, he began the process of purchasing the Inspiron Notebook.  First, Mr. Brazil

27   selected the Inspiron Notebook at the base sales price of $1,199, and he was then directed to

28   further purchasing options where he selected certain upgrades and add-ons.  After that, Mr. Brazil

was directed to Dell's "shopping cart," which listed the items, upgrades, and add-ons that he had selected for purchase and the pricing for his selections.  In the shopping cart, Dell misrepresented to Mr. Brazil that he would, "Save $314 off this Dell Inspiron!  Limited Time Offer!"  Attached hereto as Exhibit "J" is a screen shot of Dell's "system configurator" Web page for the Inspiron Notebook, taken on the date of Mr. Brazil's purchase, along with an excerpt of the printout made by Mr. Brazil of his Dell "shopping cart."

63.  Mr. Brazil then purchased the Inspiron Notebook via Dell's online purchasing process, paying the base sales price of $1,199 plus an additional amount for his selected upgrades and add-ons.  On the same day of, but after Mr. Brazil's purchase, Dell sent Mr. Brazil an email confirming his purchase order, attached hereto as Exhibit "K."  Dell's order confirmation again stated that Mr. Brazil would "Save $314 off this Dell Inspiron!"

64.  On December 15, 2006, Mr. Brazil purchased from Dell the Inspiron Notebook at the base price of $1,199 after Dell had misrepresented to him that the price reflected a $314 savings he would receive from Dell's purported regular price of $1,514.  During the three months prior to Mr. Brazil's purchase, Dell's average offered base sales price for the Inspiron Notebook model was in fact $1,041.34, *not* $1,514.  Attached hereto as Exhibit "L," and incorporated herein, is a chart setting forth the daily prices for the Inspiron Notebook during the three months prior to Mr. Brazil's purchase.  The chart demonstrates that during these three months Dell consistently and falsely represented that the actual selling price was discounted from a regular sales price, and that as Dell changed the actual selling price from time to time, it also moved the false regular sales price in lockstep with it.

65.  Although Dell represented that the amount Mr. Brazil paid was a $314 "savings" from the regular sales price for the Inspiron Notebook, during the three months prior to Mr. Brazil's purchase, Dell always offered it for sale at an amount less than Mr. Brazil paid.

66.  Rather than having received a $314 savings from the regular sales price of the Inspiron Notebook, as Dell had misrepresented, Mr. Brazil paid $157.66 ***more than*** the true regular sales price for the Inspiron Notebook, *i.e.*, $157.66 more than the average actual sales price offered by Dell for the three months preceding Mr. Brazil's purchase.

67.     Dell's representation to Mr. Brazil that the purchase price it offered reflected a $314 savings from Dell's regular sales price was false and misleading because, in fact, the price Dell advertised and Mr. Brazil paid was, as of the date of his purchase, the highest actual sales price for that computer that Dell ever advertised and offered.

## CLASS ACTION ALLEGATIONS

68.     Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and others similarly situated.  The "Consumer Class" is defined as follows:

> All persons who are citizens of the State of California who purchased from Dell computer systems, computer peripherals, electronics, software, and/or services for personal, family or household use that: (1) Dell falsely advertised as discounted from Dell's regular sales price; (2) Dell falsely advertised as including "free" upgrades and/or "free" add-on products and/or services; and/or (3) Dell falsely advertised as being subject to a rebate discount from Dell's regular sales price.

69.     The "Business Class" is defined as follows:

> All persons or entities who are citizens of the State of California who purchased from Dell computer systems, computer peripherals, electronics, software and/or services which were not for personal, family or household use (*i.e.*, for business use) that: (1) Dell falsely advertised as discounted from Dell's regular sales price; (2) Dell falsely advertised as including "free" upgrades and/or "free" add-on products and/or services; and/or (3) Dell falsely advertised as being subject to a rebate discount from Dell's regular sales price.

70.     Excluded from the Consumer and Business Classes are:  (1) Dell and its subsidiaries, affiliates, officers, and directors; (2) any entity in which Dell or any other excluded entity has a controlling interest; (3) Dell's legal representatives, predecessors, successors, assigns, and employees; and (4) the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

71.     <u>Numerosity Under Rule 23(a)(1)</u>.  The members of the Consumer and Business Classes are so numerous that individual joinder of all its members is impracticable. Plaintiffs are informed and believe that there are hundreds of thousands, if not millions, of

1   customers throughout California that have been damaged by Dell's false and misleading

2   advertising practices and its breaches of promises to provide price discounts, free products, and

3   rebates.

4           72.     Commonality Under Rule 23(a)(2).  This action involves common

5   questions of law and fact, including, but not limited to, the following:

6                   a.      Whether Dell (1) falsely advertises price discounts from regular

7   sales prices; (2) falsely advertises the inclusion of "free" upgrades and "free" add-on products and

8   services; (3) falsely advertises rebate discounts from Dell's regular sales prices; (4) directs

9   customers to special Web pages, "offer codes," and "coupon codes" promising special discounts

10  on computer products which are in fact not discounts; and (5) misleads and induces customers to

11  believe that prominently advertised discounts and "free offers" have already been applied to their

12  orders, when in fact Dell has not applied the discounts to the customers' orders;

13                  b.      Whether Dell breached its promises to provide price discounts, free

14  products and services, and rebates;

15                  c.      Whether Dell's use of advertising and other representations

16  constitutes false advertising;

17                  d.      Whether Dell engaged in unfair, unlawful, and/or fraudulent

18  business practices;

19                  e.      Whether Dell failed to disclose material facts about product pricing

20  and discount offers;

21                  f.      Whether Dell has made false or misleading statements of fact

22  concerning reasons for, existence of, or amounts of price reductions;

23                  g.      Whether Dell's conduct, as alleged herein, is intentional and

24  knowing;

25                  h.      Whether the arbitration and class action waiver provision contained

26  in Dell's Terms and Conditions are contrary to public policy, unconscionable, and unenforceable

27  under California Civil Code sections 1668 and 1670.5 and other applicable law; and

28

1                 i.       Whether members of the Consumer and Business Classes are

2 entitled to compensatory damages, punitive damages, restitution, disgorgement of profits, and

3 injunctive relief.

4          73.      <u>Typicality Under Rule 23(a)(3)</u>.  The named Plaintiffs' claims are typical

5 of (and not antagonistic to) the claims of the class members.  Plaintiffs and the Consumer and

6 Business Classes they seek to represent have all been deceived and damaged by Dell's illegal

7 practices.

8          74.      <u>Adequacy of Representation under Rule 23(a)(4)</u>.  Plaintiffs will fairly and

9 adequately protect the interests of the members of the Consumer and Business Classes, and the

10 representative Plaintiffs' interests are coincident with and not antagonistic to those of the other

11 class members they seek to represent.  Plaintiffs have retained competent counsel to represent

12 them and the Consumer and Business Classes.

13          75.      <u>The Consumer and Business Classes Can Be Properly Maintained Under</u>

14 <u>Rules 23(b)(2) and (c)</u>.  Dell has acted or refused to act, with respect to some or all issues

15 presented in this Complaint, on grounds generally applicable to the Consumer and Business

16 Classes, thereby making appropriate final injunctive relief with respect to the Consumer and

17 Business Classes as a whole.

18          76.      <u>The Consumer and Business Classes Can Be Properly Maintained Under</u>

19 <u>Rules 23(b)(3) and (c)</u>.  Questions of law common to the members of the Consumer and Business

20 Classes predominate over any questions affecting only individual members with respect to some

21 or all issues presented in this Complaint.  A class action is superior to other available methods for

22 the fair and efficient adjudication of this controversy.  Individual litigation of the claims of all

23 class members is impracticable because the cost of litigation would be prohibitively expensive for

24 each class member and would impose an immense burden upon the courts.  Individualized

25 litigation would also present the potential for varying, inconsistent, or contradictory judgments

26 and would magnify the delay and expense to all parties and to the court system resulting from

27 multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a

28 class action, with respect to some or all of the issues presented in this Complaint, presents fewer

1  management difficulties, conserves the resources of the parties and of the court system, and is the

2  only means to protect the rights of all class members.

3                                  **CAUSES OF ACTION**

4                                **FIRST CAUSE OF ACTION**
                                   **(Breach of Contract)**
5

6        77.   Plaintiffs, on behalf of themselves and the Consumer and Business Classes,

7  reallege and incorporate, as if fully alleged herein, each of the allegations contained in the

8  preceding paragraphs of this Complaint, and further allege as follows.

9        78.   Dell offers its products for sale through its Web site and through other

10  advertising and marketing means.

11        79.   The material terms of Dell's sales agreements with Plaintiffs and the

12  members of the Consumer and Business classes included Dell's promises to (1) sell computer

13  products at prices discounted or reduced from the regular sales prices of the products; (2) include

14  valuable "free" upgrades and "free" add-on products and services with the original product;

15  and/or (3) provide a specified dollar amount "rebate" discount from Dell's regular sales price.

16        80.   Based upon Dell's promises, Plaintiffs and members of the Consumer and

17  Business Classes entered into respective agreements with Dell for the purchase of computer

18  products.

19        81.   Plaintiffs and members of the Consumer and Business Classes gave

20  consideration that was fair and reasonable, and have performed all conditions, covenants, and

21  promises required to be performed.

22        82.   Dell breached its agreements with Plaintiffs and members of the Consumer

23  and Business Classes.

24        83.   Dell breached its agreements to sell computer products discounted from its

25  regular sales prices because the discount amounts promised by Dell were false and were in fact

26  applied against fabricated and inflated reference prices rather than against Dell's true regular

27  prices.  Plaintiffs and members of the Consumer and Business Classes did not receive the

28  discount amounts promised, and Dell thereby deprived them of the benefit of their bargained-for

1   exchange.  As a result, Plaintiffs and members of the Consumer and Business Classes did not

2   receive a Dell product at a discounted or reduced price, as offered by Dell and accepted by the

3   Plaintiffs and members of the Consumer and Business Classes.

4           84.     Dell breached its agreements to include valuable "free" upgrades and

5   "free" add-on products and services with its computer products because the upgrades and add-ons

6   were in fact not free.  Dell directly recovered the cost of the "free" upgrades and add-ons by

7   marking up the true regular sales price of the original product by an amount corresponding in

8   whole or in part to the value of the "free" upgrade or add-on such that Dell's promise of a "free

9   offer" was false.

10          85.     Dell breached its agreements to include "limited time" "free" upgrades and

11  add-on products and services with its products because Dell typically included the upgrades and

12  add-on products at no additional cost.  Dell's "limited time" "free offers" were thus false.

13          86.     Dell breached its agreements to provide product mail-in "rebate" discounts

14  from Dell's regular sales price because the rebate discounts were not true discounts at all.  Dell

15  directly recovered the cost of the "rebate" by marking up the true regular sales price of the

16  product in an amount corresponding in whole or in part to the amount of the "rebate."

17          87.     Dell breached its agreements to sell computer products with prominently

18  advertised "free offers" and discounts because Dell did not apply the discounts to their orders.

19          88.     By reason of Dell's breach of these agreements, Plaintiffs and the members

20  Consumer and Business Classes did not get the actual discounts that Dell promised them, and

21  they thereby paid more than they bargained for, were deprived of the benefit of their bargained-

22  for exchange, and suffered damages in an amount to be determined at trial.

23                          **SECOND CAUSE OF ACTION**
                            **(Negligent Misrepresentation)**
24

25          89.     Plaintiffs, on behalf of themselves and the Consumer and Business Classes,

26  reallege and incorporate, as if fully alleged herein, each of the allegations contained in the

27  preceding paragraphs of this Complaint, and further allege as follows.

28

90.     Dell has made material misrepresentations of fact concerning the existence or nature of price discounts by engaging in the following acts and practices:

a.     Falsely representing that customers were receiving a price discount from a referenced "regular" sales price of its computer products, where Dell in fact inflated the purported "regular" sales price such that the promised discount was false;

b.     Falsely representing that Dell was including valuable "free" upgrades and "free" add-on products and services with its computer products, where Dell in fact directly recovered the cost of the "free" upgrades and add-ons by marking up the true regular sales price of the original product in an amount corresponding in whole or in part to the value of the purportedly "free" upgrades or add-ons, such that the promised savings were false;

c.     Falsely representing that Dell was including "limited time" "free" upgrades and "free" add-on products and services with its computer products, where Dell in fact typically included the upgrades and add-ons at no additional cost such that the promised savings were false;

d.     Falsely representing that customers would receive rebate discounts from Dell's regular sales price of its computer products, where Dell in fact directly recovered the cost of the "rebate" by marking up the true regular sales price of the product in an amount corresponding in whole or in part to the amount of the promised "rebate";

e.     Falsely representing to customers, whom Dell directed to special Web pages, "offer codes," and "coupon codes," that they were receiving special discounts on computer products, where Dell in fact charged the same or more than Dell's true regular sales price for the products; and

f.     Falsely representing to customers that Dell had applied prominently advertised discounts and "free" offers to their orders, where in fact Dell had not applied the discounts to their orders.

91.     Dell had no reasonable grounds for believing that its misrepresentations were true.

92.     Dell's false advertising focuses reasonable purchasers' attention on representations of price discounts and other savings or bargains from falsely represented regular prices, and creates a sense of urgency regarding the purchases by advertising that the purported discounts are available "for a limited time," thereby giving the false impression that customers will miss out on the purported discounts and free offers if they do not buy the products immediately.  Dell thereby induces reasonable purchasers to buy the products from Dell and to refrain from shopping for computer products and services from sellers other than Dell.

93.     Dell intended that Plaintiffs and members of the Consumer and Business Classes rely on the false representations and purchase Dell computer products and services.

94.     Dell's false representations of discounts from "regular" prices and false representations of rebate discounts and "free" offers are objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

95.     Plaintiffs and members of the Consumer and Business Classes reasonably relied to their detriment on Dell's false representations.

96.     Dell's false representations were a factor in causing plaintiffs and members of the Consumer and Business Classes to purchase products from Dell.

97.     As a proximate result of Dell's negligent misrepresentations, Plaintiffs and members of the Consumer and Business Classes have been damaged.

## THIRD CAUSE OF ACTION
### (Intentional Misrepresentation)

98.     Plaintiffs, on behalf of themselves and the Consumer and Business Classes, reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

99.     Dell has intentionally made material misrepresentations of fact concerning the existence or nature of price discounts and "free" offers by engaging in the following acts and practices:

1          a.      Falsely representing that customers were receiving a price discount

2    from a referenced "regular" sales price of its computer products, where Dell in fact inflated the

3    purported "regular" sales price such that the promised discount was false;

4          b.      Falsely representing that Dell was including valuable "free"

5    upgrades and "free" add-on products and services with its computer products, where Dell in fact

6    directly recovered the cost of the "free" upgrades and add-ons by marking up the true regular

7    sales price of the original product in an amount corresponding in whole or in part to the value of

8    the purportedly "free" upgrades or add-ons, such that the promised savings were false;

9          c.      Falsely representing that Dell was including "limited time" "free"

10   upgrades and "free" add-on products and services with its computer products, where Dell in fact

11   typically included the upgrades and add-ons at no additional cost such that the promised savings

12   were false;

13         d.      Falsely representing that customers would receive rebate discounts

14   from Dell's regular sales price of its computer products, where Dell in fact directly recovered the

15   cost of the "rebate" by marking up the true regular sales price of the product in an amount

16   corresponding in whole or in part to the amount of the promised "rebate";

17         e.       Falsely representing to customers whom Dell directed to special

18   Web pages, "offer codes," and "coupon codes" that they were receiving special discounts on

19   computer products, where Dell in fact charged the same or greater than Dell's true regular sales

20   price for the products; and

21         f.      Falsely representing to customers that Dell had applied prominently

22   advertised discounts and "free" offers to their orders, where in fact Dell had not applied the

23   discounts to their orders.

24         100.    Dell knew or should have known that the intentional misrepresentations

25   alleged herein were false at the time Dell made them.

26         101.    Dell intended that Plaintiffs and members of the Consumer and Business

27   Classes rely on the false representations and purchase Dell computer products and services.

28

102.    Dell's false representations of discounts from "regular" prices and false representations of rebate discounts and "free" offers are objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

103.    Plaintiffs and members of the Consumer and Business Classes reasonably relied to their detriment on Dell's intentional misrepresentations.

104.    Dell's intentional misrepresentations were a substantial factor in causing plaintiffs and members of the Consumer and Business Classes to purchase products from Dell and to suffer damages.

105.    Dell has acted with "malice" as that term is defined in Civ. Code § 3294(c)(1) by engaging in conduct that was and is intended by Dell to cause injury to the Plaintiffs and the members of the Consumer and Business Classes.

106.    Dell has committed "fraud" as that term is defined in Civ. Code § 3294(c)(3) through its intentional misrepresentations, deceit, and/or concealment of material facts known to Dell with the intent to cause injury to the purchasers of its computer products.

107.    Plaintiffs, on behalf of themselves and all others similarly situated are entitled to actual and punitive damages and attorneys' fees under Civ. Code § 3294(a).

108.    As a proximate result of Dell's intentional misrepresentations, Plaintiffs and members of the Consumer and Business Classes suffered an ascertainable loss and are entitled to relief and compensatory and punitive damages, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment)**

109.    Plaintiffs, on behalf of themselves and the Consumer and Business Classes, reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

110.    By its improper and wrongful conduct described herein, including its deceptive, misleading, and unlawful advertising, Dell was unjustly enriched at the expense of Plaintiffs and the members of the Consumer and Business Classes.

111.    It would be inequitable for Dell to retain the profits, benefits, and other compensation it obtained from its deceptive, misleading, and unlawful advertising.

112.    Plaintiffs, on behalf of themselves and the members of the Consumer and Business Classes, are entitled to the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Dell from its deceptive, misleading and unlawful advertising.

**FIFTH CAUSE OF ACTION**
**(California Business and Professions Code §§ 17500, *et seq.*)**

113.    Plaintiffs, on behalf of themselves and the Consumer and Business Classes, reallege and incorporate, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows.

114.    Dell has committed acts of untrue and misleading advertising, as defined by Business and Professions Code §§ 17500, *et seq.*, by engaging in the following acts and practices:

a.    Falsely representing that customers were receiving a price discount from a referenced "regular" sales price of its computer products, where Dell in fact inflated the purported "regular" sales price such that the promised discount was false;

b.    Falsely representing that Dell was including valuable "free" upgrades and "free" add-on products and services with its computer products, where Dell in fact directly recovered the cost of the "free" upgrades and add-ons by marking up the true regular sales price of the original product in an amount corresponding in whole or in part to the value of the purportedly "free" upgrades or add-ons, such that the promised savings were false;

c.    Falsely representing that Dell was including "limited time" "free" upgrades and add-on products and services with its computer products, where Dell in fact typically included the upgrades and add-ons at no additional cost such that the promised savings were false;

d.    Falsely representing that customers would receive rebate discounts from Dell's regular sales price of its computer products, where Dell in fact directly recovered the

1   cost of the "rebate" by marking up the true regular sales price of the product in an amount

2   corresponding in whole or in part to the amount of promised the "rebate";

3           e.      Falsely representing to customers whom Dell directed to special

4   Web pages, "offer codes," and "coupon codes" that they were receiving special discounts on

5   computer products, where Dell in fact charged the same or greater than Dell's true regular sales

6   price for the products; and

7           f.      Falsely representing to customers that Dell had applied prominently

8   advertised discounts and "free" offers to their orders, where in fact Dell had not applied the

9   discounts to their orders.

10      115.    Defendant has violated Business and Professions Code § 17501 by

11  advertising false discounts from purported former prices that were in fact not the prevailing

12  market prices within three months next immediately preceding the publication of the

13  advertisements containing the false former prices.

14      116.    Dell's misrepresentations deceive or have a tendency to deceive the general

15  public regarding the existence and nature of price "discounts," "rebates," and "free" offers.

16      117.    Unless restrained by this Court, Dell will continue to engage in untrue and

17  misleading advertising, as alleged above, in violation of § 17500 and § 17501 of the Business and

18  Professions Code.

19      118.    As a result of the foregoing, Plaintiffs, and each member of the Consumer

20  and Business Classes, have been injured and have lost money or property and are entitled to

21  restitution and injunctive relief.

22                          **SIXTH CAUSE OF ACTION**
                    **(California Business and Professions Code §§ 17200, *et seq.*)**
23

24      119.    Plaintiffs, on behalf of themselves and the Consumer and Business Classes,

25  reallege and incorporate, as if fully alleged herein, each of the allegations contained in the

26  preceding paragraphs of this Complaint, and further allege as follows.

27

28

584866.3                            - 28 -                    CLASS ACTION COMPLAINT

120.    Dell's deceptive advertising, as alleged herein, constitutes unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code §§ 17200 *et seq.*

121.    As a result of the foregoing, Plaintiffs and each member of the Consumer and Business Classes have been injured and have lost money or property and are therefore entitled to restitution and injunctive relief.

**SEVENTH CAUSE OF ACTION**
**(California Consumers Legal Remedies Act; California Civil Code §§ 1750,** *et seq.***)**
**(On Behalf of Consumer Class Only)**

122.    Plaintiff Chad Brazil, individually and on the behalf of the Consumer Class, realleges and incorporates, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this Complaint, and further alleges as follows.

123.    Plaintiff Chad Brazil and the members of the Consumer Class are consumers who purchased computer products and services from Dell primarily for personal, family, or household purposes within the meaning of the California Civil Code §§ 1750, *et seq.* ("Consumers Legal Remedies Act" or "CLRA"), specifically, Civil Code § 1761(d).

124.    Defendant has engaged in unfair methods of competition and unfair and/or deceptive acts or practices against Plaintiff Chad Brazil and the Consumer Class, in violation of the Consumer Legal Remedies Act, including:

a.    Falsely representing that customers were receiving a price discount from a referenced "regular" sales price of its computer products, where Dell in fact inflated the purported "regular" sales price such that the promised discount was false, in violation of California Civil Code § 1770 subsections (a)(9), (a)(13), and (a)(16);

b.    Falsely representing that Dell was including valuable "free" upgrades and "free" add-on products and services with its computer products, where Dell in fact directly recovered the cost of the "free" upgrades and add-ons by marking up the true regular sales price of the original product in an amount corresponding in whole or in part to the value of

the purportedly "free" upgrades or add-ons such that the promised savings were false, in violation of California Civil Code § 1770 subsections (a)(9), (a)(13), and (a)(16);

c.     Falsely representing that Dell was including "limited time" "free" upgrades and add-on products and services with its computer products, where Dell in fact typically included the upgrades and add-ons at no additional cost, such that the promised savings were false, in violation of California Civil Code § 1770 subsections (a)(9), (a)(13), and (a)(16);

d.     Falsely representing that customers would receive rebate discounts from Dell's regular sales price of its computer products, where Dell in fact directly recovered the cost of the "rebate" by marking up the true regular sales price of the product in an amount corresponding in whole or in part to the amount of the promised "rebate" in violation of California Civil Code § 1770 subsections (a)(9), (a)(13), and (a)(16);

e.     Falsely representing to customers whom Dell directed to special Web pages, "offer codes," and "coupon codes" that they were receiving special discounts on computer products, where Dell in fact charged the same or greater than Dell's true regular sales price for the products, in violation of California Civil Code § 1770 subsections (a)(9), (a)(13), and (a)(16);

f.     Falsely representing to customers that Dell had applied prominently advertised discounts and "free" offers to their orders, where in fact Dell had not applied the discounts to their orders, in violation of California Civil Code § 1770 subsections (a)(9), (a)(13), and (a)(16); and

g.     Inserting an unconscionable provision in a contract, including, without limitation, the arbitration and class action waiver provision, in violation of California Civil Code § 1770 subsection (a)(19).

125.    Dell intentionally engaged in the acts and practices alleged herein with the intent to induce purchasers to buy Dell computer products.

126.    Dell's acts and practices did in fact result in the sale of Dell computer products to Plaintiffs and the members of the Consumer Class, thereby causing them harm.

127.    Unless Dell is enjoined from continuing to engage in violations of the Consumer Legal Remedies Act, Plaintiffs and the members Consumer Class will continue to be injured.  Accordingly, Plaintiffs, on behalf of themselves and the Consumer Class, demand judgment against Defendant under the Consumer Legal Remedies Act for injunctive relief.

128.    Pursuant to Section 1782(a) of the CLRA, on March 22, 2007, Plaintiffs' counsel, on behalf of Plaintiff Chad Brazil, served Dell by United States certified mail, return receipt requested, with notice of Dell's violations of the CLRA.  A true and accurate copy of the CLRA demand notice is attached hereto as Exhibit "M."  Dell acknowledged receipt of the CLRA demand notice on March 28, 2007, as evidenced by Domestic Return Receipt signed by its agent, a true and accurate copy of which is attached hereto as Exhibit "N."

129.    Dell has refused or failed to timely respond to the CLRA demand notice.

130.    Dell has failed to provide appropriate relief for its violations of the CLRA within 30 days of its receipt of Plaintiff Chad Brazil's demand notice.  Accordingly, pursuant to Sections 1780 and 1782(b) of the CLRA, Plaintiff Chad Brazil is entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the Consumer and Business Classes, request that the Court order the following relief and enter judgment against Dell, Inc. as follows:

A.    An order certifying the proposed members of the Consumer and Business Classes and appointing Plaintiffs and their counsel of record to represent the classes;

B.    An order that Dell, Inc. be permanently enjoined from its improper activities and practices described herein;

C.    A judgment awarding Plaintiffs and members of the Consumer and Business Classes actual and compensatory damages in an amount according to proof for Dell Inc.'s breaches of its promises to provide price discounts, rebate discounts, and free offers, and for all other of Dell Inc.'s conduct alleged under all causes of action herein entitling Plaintiffs and members of the Consumer and Business Classes to actual and compensatory damages;

1          D.     A judgment awarding Plaintiffs and members of the Consumer and

2  Business Classes restitution including, without limitation, disgorgement of all profits and unjust

3  enrichment obtained by Dell Inc. as a result of its unlawful, unfair, and fraudulent business

4  practices and conduct alleged herein;

5          E.     A judgment awarding Plaintiffs and members of the Consumer and

6  Business Classes punitive damages for Dell's intentional false advertising scheme, as alleged

7  herein;

8          F.     Pre-judgment and post-judgment interest;

9          G.     Attorneys' fees, expenses, and the costs of this action; and

10        H.     All other and further relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury for all issues so triable under the law.

Dated: May 4, 2007          CHAD BRAZIL and STEVEN SEICK,

By: _____
        Michael W. Sobol

Michael W. Sobol (State Bar No. 194857)
Allison S. Elgart (State Bar No. 241901)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Daniel M. Hattis (State Bar No. 232141)
Angelo Salvatore Parise (State Bar No. 165690)
LAW OFFICES OF ANGELO SALVATORE PARISE
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 674-6660
Facsimile: (858) 674-6661

# EXHIBIT A

# Dimension C521 Desktop:
# False Regular Price & False Discount Begins 1/27/07

**1/26/07:**




**1/27/07:**



# EXHIBIT B

# Dimension C521 Desktop



# EXHIBIT C

# Advertisement in *San Diego Union Tribune* on 9/15/2006

### Dimension E510 Desktop

**False Regular Price & False Discount**



### Inspiron B130 Notebook

**False Regular Price & False Discount**



# EXHIBIT D

# Dimension E310 Desktop

## __False Free Offer__

| 3/22/06 | 3/23/06 |
|---|---|

Dimension E310 - P4

~~From $599~~
Now from
**$499**
As low as **$12**/month[2]

Apply Now | Learn More

Discount Details
Preliminary Ship Date: **3/28/2006**[1]
Print Summary



Dimension E310 - P4

**$599**
As low as **$18**/month[3]

Apply Now | Learn More

Preliminary Ship Date: **3/29/2006**[1]
Print Summary

- **FREE 17" Flat Panel Monitor Upgrade!**
  Limited time offer. ▸ **Offer Details**
- **FREE Memory Upgrade to 512MB!**
  Limited time offer. ▸ **Offer Details**

---

## __False Rebate Discount__

| 6/07/06 | 6/08/06 |
|---|---|

Dimension E310 P4

~~From $599~~
Now from
**$497**
As low as **$12**/month[2]

Apply Now | Learn More

Discount Details



Dimension E310 P4

**$599**

Price Shown before $100 Mail in rebate.

As low as **$18**/month[3]

Apply Now | Learn More

# EXHIBIT E



**Optiplex 320 Desktop:**
**Multiple False Advertising Schemes**

# EXHIBIT F



# EXHIBIT G

# Dell Web Pages for Dimension B110 Desktop Computer on 6/15/2006 (Date of Plaintiff Steven Seick's Purchase)





# EXHIBIT H

From: "Dell Inc." <DHS_On-Line_Order@dell.com>
To: ████████████████
Sent: Thursday, June 15, 2006 12:42 PM
Subject: Dell Order Confirmation


> ==========================
> Dell Home and Home Office
> ==========================
>
> ORDER CONFIRMATION
>
> Your order is being processed and will go into production
> once we authorize your method of payment.
>
> Current Status
>  - Please review the order details listed below and keep this
>  E-mail handy to easily reference your
>  Customer and Order Numbers.
>
> -  Visit Order Status to get updated status on this order.
> http://EMSANNPRODCS/Apps/DCS/mcp?p=73KyU03KwH59fF3a0120031cb003KwH0mkoEFkpog
>
> What's next?
> -You will receive an Order Shipped email when this order has shipped
> _____
>
> ORDER NUMBER(S):
> 115059589
>
> (PLEASE NOTE: THERE MAY BE MORE THAN ONE ORDER NUMBER ASSIGNED TO YOU.)
>
> CUSTOMER NUMBER:
> 72485044
>
> ESTIMATED SHIP DATE:
> Wednesday, June 21, 2006
>
> (Exceptions include Buy today, Ships today system purchases.)
> ----------------------
>
> PRICE SUMMARY:
>
> Sub-Total:        $598.00
> Shipping:         $29.00
> Tax:         $48.63
>
>
> State Environment Fee:
> $8.00<a
> href=http://www1.us.dell.com/content/topics/segtopic.aspx/sb20?c%3dus%26l%3den%26s%
> 3dgen>More
> Info</a>
>
>

1

```
> Total:            $683.63
>
>
> _____
>
> ONLINE SUPPORT
>
> Order Status:
> http://EMSANNPRODCS/Apps/DCS/mcp?p=73KyU03KwH59fF3a0120031cb003KwH0mkoEFkpog
>
> Order Support:
> http://support.dell.com/support/topics/global.aspx/support/en/ordersupport
>
> Product Support:
> http://support.dell.com/support/topics/global.aspx/support/en/product_support_hub?
c=us&cs=19&l=en&s=dhs&~ck=mn
>
> Warranty Information:
> http://www1.us.dell.com/content/topics/global.aspx/policy/en/policy?c=us&cs=19
&l=en&s=dhs&~section=010
>
> Contact Us:
> http://support.dell.com/support/topics/global.aspx/support/dellcare/en/contact_us?
c=us&cs=19&l=en&s=dhs&~ck=mn
>
> _____
>
> ORDER SUMMARY:
>
> PAYMENT METHOD:
> Pay with one credit/debit card online
>
> Change/Modify:
> http://support.dell.com/support/topics/global.aspx/support/chat/en/orderinfo
>
> ------
> SHIPPING METHOD:
> 3-5 Day Delivery
>
> Change/Modify:
> http://support.dell.com/support/topics/global.aspx/support/chat/en/orderinfo
>
> ------
> BILL TO:
> Steven Seick
> ████████████.
> ████████████████
> ████████████████
>
>
> Change/Modify:
> http://support.dell.com/support/topics/global.aspx/support/chat/en/orderinfo
>
> ------
> SHIP TO:
> Steven Seick
> ████████████.
> ████████████
> ████████████████
>
>
> Change/Modify:
> http://support.dell.com/support/topics/global.aspx/support/chat/en/orderinfo
>
> _____
>
> IMPORTANT
```

>
> -Please save this order confirmation. To ensure that your order is
> complete
> and accurate please compare this confirmation to your invoice
> and/or packing slip.
>
> -Please note that Dell cannot be responsible for pricing or other errors,
> and reserves the right to cancel any orders arising from such errors.
>
> -YOUR ORDER IS SUBJECT TO DELL'S TERMS AND CONDITIONS.
> http://www1.us.dell.com/content/topics/global.aspx/policy/en/policy?c=us&cs=19
&l=en&s=dhs&~section=012
>
> -If you paid by Dell Preferred Account or credit card, a charge for the
> amount above was submitted to
> your card issuer and will be charged when your system or item ships
>
> -Orders may be shipped in separate boxes and
> at different times. Estimated ship dates indicate
> when the carrier will pick up the order(s).
> If an unexpected shipping delay occurs, we
> will notify you and provide a revised ship date.
> Estimated delivery dates can take up to 5 additional business
> days depending on shipping method. You must sign for your
> shipment when it is received.
>
> -Log into My Account to check order status, print an invoice or packing
> slip, and see order history.
> Note that your invoice may not be available online until 24 to 48 hours
> after shipment.
> https://membership.dell.com/dellportal/signin.aspx?c=us&l=en&s=dhs&cs=19&~ck=pn
>
> Thanks again for choosing Dell!
> _____
>
>
>
> FULL ORDER DETAILS
>
>
> Order detail - order placed 2006-06-15 18:18:25
>
> Dimension B110
> Intel(r) Celeron(r) D Processor 325 (2.53 GHz, 533 FSB), Genuine
> Windows(r) XP Home Edition
> Qty: 1
> Unit Price: $648.00
>
>
> Dimension B110:
> Intel(r) Celeron(r) D Processor 325 (2.53 GHz, 533 FSB)
> WB325H
> [221-9758]
>
> Memory:
> 256MB DDR SDRAM at 400MHz
> 256M4
> [311-5010]
>
> Keyboard and Mouse Bundles:
> Dell USB Keyboard and Dell 2-button Scroll Mouse
> EKSM
> [310-8025]
> [310-8029]
>
> Monitors:
> 17 inch E176FP Analog Flat Panel

```
> E176FP
> [320-4601]
>
> Video Cards:
> Integrated Intel(r) Extreme Graphics 2
> IV
> [430-3900]
>
> Hard Drive:
> 80GB Ultra ATA/100 7200RPM Hard Drive
> 80
> [340-3274]
> [420-5450]
>
> Floppy Drive:
> 3.5 in Floppy Drive
> FD
> [341-2759]
>
> Operating System:
> Genuine Windows(r) XP Home Edition
> WHXP
> [412-0688]
> [412-0721]
> [420-4834]
> [420-4927]
> [420-5460]
> [420-5476]
> [420-5769]
> [420-5924]
> [463-2282]
>
> Mouse:
> Mouse included with Keyboard purchase
> NONE
> [310-5678]
>
> Network Interface:
> Integrated 10/100 Ethernet
> IN
> [430-0441]
>
> Modem:
> 56K PCI Data Fax Modem
> DFAX
> [313-3840]
>
> Adobe Software:
> Adobe(r) Acrobat(r) Reader 6.0
> AAREAD
> [412-0705]
>
> CD or DVD Drive:
> Single Drive: 48x CD-RW / DVD-ROM Combo Drive
> 48COMBO
> [313-4095]
> [420-5782]
> [420-5787]
>
> Sound:
> Integrated 2.0 Channel Audio
> IS
> [313-2758]
>
> Speakers:
> No speakers (Speakers are required to hear audio from your system)
> N
```

```
> [313-2198]
>
> Office Productivity Software (Pre-Installed):
> Corel WordPerfect Office 12 - presentations, spreadsheets, word processor
> WPO
> [412-0702]
>
> Anti-Virus/Security Suite (Pre-installed):
> No Security Subscription
> NS2
> [412-0850]
>
> Hardware Warranty:
> 1Yr Ltd Warranty, 1Yr At-Home Service, and 1Yr HW Warranty Support
> S111OS
> [902-9210]
> [950-3337]
> [950-9797]
> [960-3249]
> [960-6380]
> [983-2207]
>
> Internet Access Service:
> 6 Months of America Online Membership Included
> AOLDHS
> [412-0687]
> [412-0787]
> [420-3224]
> [420-5256]
>
> Miscellaneous:
> Award Winning Service &amp;amp; Support
> D24F1
> [463-5369]
>
> Operating System Re-Installation CD:
> PC Restore recovery system by Symantec
> PCR
> [464-5503]
>
> Dell Digital Entertainment:
> Starter Entertainment Pack -Basic digital Music, Photo, and Casual Gaming
> SEP
> [412-0865]
>
>
> Dell Home Customers:  Save $50 instantly off this Dell Dimension B110!
>
> Expires on 2006-06-22 11:59:59
>
>
>
> Change/Modify:
> http://support.dell.com/support/changeorder/index.aspx?c=us&l=en&s=dhs&cs=19
> _____
>
>
> PRICE SUMMARY
>
>
> Sub-Total:        $598.00
> Shipping:         $29.00
> Tax:        $48.63
>
>
> State Environment Fee:
> $8.00<a
> href=http://www1.us.dell.com/content/topics/segtopic.aspx/sb20?c%3dus%26l%3den%26s%
```

5

```
3dgen>More
> Info</a>
>
>
> Total:              $683.63
>
> _____
>
> Message Number: annmn:[73KwH03KwH59fF3a0120031cb003KwH0mkoEFkpog]
> _____
>
> Dell Home Systems currently collects tax
> on orders delivered to every state except; Colorado,
> D.C., Indiana, Iowa, Louisiana, Massachusetts,
> New Mexico, South Dakota and Vermont. For shipments to
> these states, tax relates to the third party service contract only.
> The purchaser is responsible for remitting any uncollected tax on
> their order directly to the local taxing authorities.
>
> (C) 2006 Dell Inc. U.S. only. Dell Inc. is located at One Dell Way,
> Mail Stop 8129, Round Rock, TX 78682.
>
>
```

# EXHIBIT I

# Price History for Dimension B110 Desktop
# Purchased by Plaintiff Steven Seick



# EXHIBIT J

# Dell Web Page for Inspiron E1505 Notebook Computer on 12/15/2006 (Date of Plaintiff Chad Brazil's Purchase)



# Printout of "Shopping Cart" for Plaintiff Chad Brazil's Purchase



# EXHIBIT K

----- Original Message -----
**From:** Dell Inc.
**To:** chadbrazil████████████
**Sent:** Friday, December 15, 2006 11:18 AM
**Subject:** Dell Order Has Been Confirmed for Order Number 439479117



| **DELL**™ | USA 🇺🇸 Home & Home Office | | | | |
|---|---|---|---|---|---|
| **Order Support** | **Rebates** | **Warranty** | **Product Support** | **My Account** | **Contact Us** |

## Order Confirmed

Your order is being processed and will be completed once we authorize your method of payment. Click on the **Order Status** bar below to view the current status of your order.

**What's Next?** When your order ships, you will receive an Order Shipped email from which you can track the package(s).



Order Status

| Received | Acknowledged | Confirmed | Shipped | Delivered |

---

### Order Information

| | |
|---|---|
| **Order Date:** | 12/15/2006 |
| **Customer Number:** | 78684520 |

| **Order(s):** Click on the Order Number to view its status | **Order Number** | **Estimated Ship Date** |
|---|---|---|
| | 439479117 | 12/27/2006 |
| | 439479182 | 01/11/2007 |

### Payment Information

| | |
|---|---|
| **Billing Contact:** | Chad  Brazil |
| **Billing Phone Number:** | ████████████ |
| **Billing Address:** | ████████████ |



Santa Cruz, CA  95060

| | |
|---|---|
| **Payment Method:** | Pay with one credit/debit card online |

---

| | |
|---|---|
| **Total Charges:** | **$3,096.74** |

## Shipping Information

| | |
|---|---|
| **Delivery Contact:** | Chad  Brazil |
| **Delivery Phone Number:** | ████████████ |
| **Delivery Address:** | ████████████ |
| **Shipping Method:** | 3-5 Day Delivery |

## Order Detail

| Item Description | Unit Price | Quantity | Total Price |
|---|---|---|---|
| **E1505 Dual Core**<br>Intel® Core™ 2 Duo T7200 (2.00GHz, 4MB L2 Cache, 667MHz FSB), Genuine Windows® XP Professional | **$2,968.00** | **1** | **$2,968.00** |

| | | |
|---|---|---|
| Inspiron E1505 | **Intel® Core™ 2 Duo T7200 (2.00GHz, 4MB L2 Cache, 667MHz FSB)** | [222-4673] |
| LCD Panel | **15.4 inch UltraSharp™ Wide Screen SXGA+ Display with TrueLife™** | [320-4652] |
| Memory | **2GB DDR2 SDRAM at 667MHZ, 2 DIMM** | [311-5783] |
| Video Card | **256MB ATI MOBILITY™ RADEON® X1400 HyperMemory™** | [320-4655] |
| Hard Drive | **100GB 7200rpm SATA Hard Drive** | [341-3112] |
| Operating System | **Genuine Windows® XP Professional** | [310-6845]<br>[310-8617]<br>[412-0689]<br>[412-0911]<br>[420-4770]<br>[420-5476]<br>[420-5769]<br>[420-5924]<br>[420-6578]<br>[463-2282] |
| Network Card and Modem | **Integrated 10/100 Network Card and Modem** | [430-0493] |
| Adobe Software | **Adobe® Acrobat® Reader 7.0** | [412-0917] |
| Combo or DVD+RW Drive | **8X CD/DVD Burner (DVD+/-RW) with double-layer DVD+R write capability** | [313-3959]<br>[420-5901] |
| Sound Options | **Integrated Sound Blaster® Audigy™ HD Software Edition** | [313-4218] |
| Wireless Networking Cards | **Hi-Speed: Dell Draft N Wireless** | [430-1912] |
| Office Productivity Software (Pre-Installed) | **Microsoft Office Small Business Ed.- Basic plus PowerPoint and Publisher** | [412-0488]<br>[465-8590] |
| Anti-Virus/Security Suite (Pre-installed) | **PC-cillin Internet Security: AntiVirus, Firewall, Spyware removal 36-months** | [420-6489] |
| Primary Battery | **85 WHr 9-cell Lithium Ion Primary Battery** | [312-0403] |
| Carrying Cases | **Nylon Backpack Carrying Case** | [310-6293] |
| Warranty and Service | **2Yr Ltd Warranty and At-Home Service** | [412-0360]<br>[900-8221]<br>[902-1741]<br>[950-3338]<br>[960-2780]<br>[980-2870]<br>[985-3588]<br>[985-3599] |
| Getting-Started Help | **Dell On Call, 30day, Getting started Assistance, unlimited incidents** | [983-0299] |
| Internet Access Service | **6 Months EarthLink Internet Access Included** | [412-0787]<br>[412-0934]<br>[412-0935]<br>[412-0937]<br>[420-3224] |
| QuickSnap Options | **Carbon Fiber QuickSnap™ Cover** | [310-7512] |

| | | |
|---|---|---|
| Miscellaneous | **Award Winning Service, Support** | [465-1223] |
| Mobile Broadband | **Dell Wireless 5700 Mobile Broadband(CDMA EVDO)ExpressCard for Verizon** | [313-4371] |
| Bluetooth Options | **Dell Wireless 355 Bluetooth Internal (2.0 + Enhanced Data Rate)** | [430-1777] |
| Upgrade to Windows Vista | **No Express Upgrade to Windows Vista Selected** | [420-6431] |
| Dell Digital Entertainment | **Premium Pack - Advanced Photo+Music: Deluxe Pack + Paint Shop Pro XI** | [412-0867] |
| Processor Branding | **Intel Core 2 Duo Processor** | [310-8319] |
| Labels | **Windows Vista™ Capable** | [310-8624] |

<span style="color:red">Upgrade to Genuine Windows Professional and qualify for an Express Upgrade to Upgrade to Genuine Windows Professional and qualify for an Express Upgrade to Windows Vista Business – Go to next component (Upgrade to Windows Vista) to make your selection</span> <span style="color:red">- $0.00</span>

<span style="color:red">Dell Wireless 1500 Draft 802.11n Dual-band internal PCI express mini card. Backward compatible to 802.11a/b/g. 270 Mbps peak rate when used with Netgear Draft N router WNR834B or other Draft N router with Intensi-fi technology.</span> <span style="color:red">- $0.00</span>

<span style="color:red">Go to www.dell.com/office during the promotional period (October 26, 2006 – March 15, 2007) for instructions on how to receive your FREE upgrade from Microsoft (shipping and handling extra).</span> <span style="color:red">- $0.00</span>

<span style="color:red">Dell Home Customers: Save $314 off this Dell Inspiron!</span> <span style="color:red">- $314.91</span>

| | | | |
|---|---|---|---|
| **QuickBooks Pro 2007** | $169.00 | 1 | $169.00 |
| **Laplink PCmover: Moves Applications, Data and Settings to New PC!** | $35.00 | 1 | $35.00 |

| | |
|---|---|
| Subtotal: | **$2,857.09** |
| Shipping and Handling: | $27.99 |
| <span style="color:red">Shipping Discount:</span> | <span style="color:red">-$27.99</span> |
| <span style="color:blue">Environmental Disposal Fee:</span> | $8.00 |
| Tax Total: | $231.65 |
| Total: | **$3,096.74** |

**Important Things to Know:**

- **Please save this Order Confirmed email.** To ensure that your order is complete and accurate, please compare this confirmation to your invoice and/or packing slip.
- Please note that Dell cannot be responsible for pricing or other errors, and reserves the right to cancel any orders arising from such errors.
- Your order is subject to Dell's Terms and Conditions of Sale which include a binding arbitration provision.
- Orders may be shipped in separate boxes and at different times. Estimated ship dates indicate when the carrier will pick up the order(s). If an unexpected shipping delay occurs, we will notify you and provide a revised ship date. Estimated delivery dates can take up to 5 additional business days depending on shipping method. You must sign for your shipment when it is received.
- If your method of payment was one or more credit cards, then charges totaling the amount above have been submitted to your card issuer(s). These transactions will be finalized when your order ships.

- If your order contains downloadable software, you will receive an email with a link in approximately 10 to 30 minutes. The email link will direct you to our download site. Click the link and follow the instructions to begin the download process.
- If your order includes a service contract, please visit our Service Contracts website for details about your contract.

**Thanks again for choosing Dell!**

The amount of tax and shipping added to your order depends on where you have asked for the product to be shipped as well as on which products and/or services you've chosen to purchase.

© 2006 Dell Inc. U.S. only. Dell Inc. is located at One Dell Way, Mail Stop 8129, Round Rock, TX 78682.

# EXHIBIT L



Price History for Inspiron E1505 Notebook
Purchased by Plaintiff Chad Brazil

# EXHIBIT M

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
BEVERLY HILLS
NASHVILLE

March 22, 2007

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Michael Dell, CEO
Lawrence P. Tu, General Counsel
Dell, Inc.
One Dell Way
Round Rock, Texas, 78682-0001

Re:     Notice of Violation of California Consumer Legal Remedies Act

Dear Mr. Dell and Mr. Tu:

We represent Chad Brazil who purchased an Inspiron 1505 notebook computer in December 2006, and was a victim of certain false advertising practices of Dell, Inc. ("Dell"). This letter is sent pursuant to the California Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq.* ("CLRA"), specifically, Section 1782(a)(1) and (2), to notify Dell that it has engaged in conduct which violates the CLRA.

In its direct marketing to household and business consumers, primarily via its Internet Web site, but in print and other advertising as well, Dell advertises false former or "regular" prices, false price discounts, and false "free" offers for its computer products. Dell's conduct is so pervasive and consistent across all of its computer product lines as to make it apparent that the heart of Dell's marketing plan is to intentionally deceive the public. Mr. Brazil and other similarly situated consumers end up paying more than they bargained for because they do not get the actual discounts Dell promises them.

We have been closely monitoring Dell's Web site, tracking hundreds of products. Through meticulous research, we have documented tens of thousands of instances of false advertising, and have discovered the following unlawful acts:

1.      Dell routinely advertises price discounts from false former prices of its products, when, in fact, Dell has not consistently sold those products at the stated former prices during the prior 30 days or other reasonable period;

Dell, Inc.
March 22, 2007
Page 2

2.      Dell routinely offers "free" upgrades and add-ons that are not in fact free
        because Dell marks-up the sales prices in an amount corresponding to (in
        whole or in part) the value of falsely stated "free" offer;

3.      Dell routinely offers "rebate" discounts which are not discounts at all
        because Dell offers such rebates with products where Dell has marked-up
        the sales prices existing prior to the "rebate" offer in an amount
        corresponding to (in whole or in part) the value of falsely stated "rebate"
        offer; and

4.      Dell routinely advertises "free" upgrades and add-on products or services
        for a "limited time," when, in fact, Dell typically and in the ordinary
        course includes the add-on products and services at no additional cost.

The CLRA expressly makes unlawful, "[m]aking false or misleading statements
of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code §
1770(a)(16).[1]  It should be noted that under California law, "[n]o price shall be advertised as a
former price of any advertised thing, unless the alleged former price was the prevailing market
price…within three months next immediately preceding the publication of the advertisement."
Cal. Bus. & Prof. Code § 17501.  Further, the Federal Trade Commission (FTC) describes false
former pricing schemes, similar to Dell's in all material respects, as deceptive:

        a) One of the most commonly used forms of bargain advertising is
        to offer a reduction from the advertiser's own former price for an
        article. If the former price is the actual, bona fide price at which
        the article was offered to the public on a regular basis for a
        reasonably substantial period of time, it provides a legitimate basis
        for the advertising of a price comparison. Where the former price
        is genuine, the bargain being advertised is a true one. If, on the
        other hand, the former price being advertised is not bona fide but
        fictitious--for example, where an artificial, inflated price was
        established for the purpose of enabling the subsequent offer of a
        large reduction--the "bargain" being advertised is a false one; the
        purchaser is not receiving the unusual value he expects.

_____

        [1] Dell's conduct violates other sections of the CLRA.  *See* Cal Civ. Code §
1770(a)(9) ("Advertising goods or services with intent not to sell them as advertised"); §
1770(a)(16) ("Representing that the subject of the transaction has been supplied in accordance
with a previous representation when it has not"); and § 1770(a)(19)("Inserting an unconscionable
provision in the contract," such as its arbitration and class action waiver provision).

Dell, Inc.
March 22, 2007
Page 3

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith--and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based. And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $ ------"), unless substantial sales at that price were actually made.

16 C.F.R § 233.1

In addition, the FTC states with regard to "free" offers:

So that a "Free" offer will be special and meaningful, a single size of a product or a single kind of service should not be advertised with a "Free" offer in a trade area for more than 6 months in any 12-month period. At least 30 days should elapse before another such offer is promoted in the same trade area. No more than three such offers should be made in the same area in any 12-month period. In such period, the offeror's sale in that area of the product in the size promoted with a "Free" offer should not exceed 50 percent of the total volume of his sales of the product, in the same size, in the area.

16 C.F.R § 251.1(h).

Dell's conduct violates these California and federal laws and standards.

On December 15, 2006, plaintiff Chad Brazil purchased directly from Dell, via its Internet Web site, a Dell Inspiron E1505 Dual Core notebook computer, model no. DNDWEA3 (herein, the "Inspiron Notebook"), and associated peripheral Dell computer products.  Mr. Brazil purchased the Inspiron Notebook by accessing Dell's Web site, and specifically by accessing Web pages which described the Inspiron Notebook and which advertised false discounts and false regular prices for the Inspiron Notebook.  Dell falsely represented to Mr. Brazil at several points during the online purchase transaction that by paying the base sales price of $1,199 he would "Save $314 off this Dell Inspiron!"  Although Dell represented that the amount Mr. Brazil paid was a $314 savings from the regular sales price for the Inspiron Notebook, during the three months prior to Mr. Brazil's purchase, Dell always offered it for sale at an amount less than Mr. Brazil paid.  Dell's representation to Mr. Brazil that the purchase price it offered reflected a $314 "savings" from Dell's regular sales price was false and misleading because, in fact, the price Dell

Dell, Inc.
March 22, 2007
Page 4

advertised and Mr. Brazil paid was, as of the date of his purchase, the highest actual sales price for that computer that Dell ever advertised and offered.

Pursuant to section 1782 of the CLRA we hereby demand that within thirty (30) days of receiving this letter, Dell (1) agree to cease the deceptive practices described above and (2) agree to compensate all Dell customers that these practices have harmed.  If Dell fails to comply with this demand within thirty (30) days after its receipt of this letter, then pursuant to the CLRA we intend to seek from Dell all compensatory and punitive damages, restitution and any other appropriate equitable relief.

If you have any questions regarding this notice and demand, feel free to contact me at (415) 956-1000.

Very truly yours,

Michael W. Sobol

MWS:pel
cc:    Daniel M. Hattis

599514.1

# EXHIBIT N

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent<br> ☐ Addressee<br>B. Received by ( Printed Name)　C. Date of Delivery<br>3-28-07 |
| 1. Article Addressed to:<br><br>Michael Dell, CEO<br>Lawrence P. Tu, General Counsel<br>Dell, Inc.<br>One Dell Way<br>Round Rock, Texas, 78682-0001 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☑ Certified Mail　☐ Express Mail<br>☐ Registered　☑ Return Receipt for Merchandise<br>☐ Insured Mail　☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)　☐ Yes |
| 2. Article Number<br>(Transfer from service label)　7005 0390 0005 5824 8163 | |

PS Form 3811, February 2004　　Domestic Return Receipt　　102595-02-M-1540