1   Michael W. Sobol (State Bar No. 194857)
    Roger N. Heller (State Bar No. 215348)
2   Allison S. Elgart (State Bar No. 241901)
    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3   275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
4   Telephone:  (415) 956-1000
    Facsimile:   (415) 956-1008
5
    Rachel J. Geman (NY Bar No. RG 0998) (*Pro Hac Vice*)
6   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    780 Third Avenue, 48th Floor
7   New York, NY 10017-2024
    Telephone:  (212) 355-9500
8   Facsimile:   (212) 355-9592

9   Daniel M. Hattis (State Bar No. 232141)
    Angelo Salvatore Parise (State Bar No. 165690)
10  LAW OFFICES OF ANGELO SALVATORE PARISE          *E-FILED - 10/14/08*
    16870 West Bernardo Drive, Suite 400
11  San Diego, CA  92127
    Telephone:  (858) 674-6660
12  Facsimile:   (858) 674-6661

13  *Attorneys for Plaintiffs*

14                  UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16

17  CHAD BRAZIL and STEVEN SEICK,          Case No. C-07-01700 RMW
    individually and on behalf of all others
18  similarly situated,                    **[] ORDER REGARDING
                                           DISCOVERY**
19                  Plaintiffs,

20  v.

21  DELL INC. and Does 1-10,

22                  Defendant.

23

24

25

26

27

28

783868.1
                                        [] ORDER REGARDING DISCOVERY
                                        *Case No. C-07-01700 RMW*

1

## <u>ORDER</u>

2

3          On September 26, 2008, this matter came to be heard upon a Status Conference at

4     which counsel for all parties appeared.  After the Status Conference, the parties submitted a

5     Stipulation Regarding Discovery.  After consideration thereof, it is hereby ORDERED as follows:

6          1.          Pending the Court's ruling on Defendant Dell Inc.'s Motion for Order

7     Dismissing Plaintiffs' Second Amended Complaint ["SAC"] With Prejudice and Striking

8     Plaintiffs' Class Allegations ("Motion to Dismiss SAC"), discovery shall be limited to:

9          a.          relevant marketing documents and general marketing guidelines for

10    the product models Plaintiffs purchased, which shall expressly include documents concerning

11    Defendant's general marketing policies relevant to the price-discounting practices alleged in the

12    SAC, including without limitation, Defendant's references to list prices, mail-in rebates, and

13    offers of free products and services; and

14         b.          the deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) on

15    the subjects of:  (i) the definitions and meanings of the terminology, acronyms, and abbreviations

16    contained in the documents produced in the litigation, as they relate to Defendant's marketing of

17    its products and services at issue in the SAC; and (ii) the identity of documents comprising or

18    evidencing Defendant's general marketing policies or guidelines relevant to the price-discounting

19    practices alleged in the SAC, including without limitation, Defendant's references to list prices,

20    mail-in rebates, and offers of free products and services.

21         2.          Subsequent to the Court's Ruling on the Motion to Dismiss the SAC,

22    discovery shall proceed as follows:

23         a.          In the event the Court's ruling on the Motion to Dismiss the SAC

24    leaves Plaintiffs with one or more of putative class claims, or at such time as the Court rules that

25    Plaintiffs may go forward with one or more of their putative class claims, then discovery will be

26    opened at that time with respect to all such claim(s), subject to the parameters of Fed. R. Civ. P.

27    26.

28

783868.1                                  - 1 -                    [] ORDER REGARDING DISCOVERY
                                                                   Case No. C-07-01700 RMW

1      b.      If the Court strikes the class definition or takes any other action that

2   leaves Plaintiffs without a putative class claim, the parties shall meet and confer regarding the

3   proper scope of discovery and, to the extent they cannot reach an agreement, jointly request a

4   further case management conference seeking the Court's guidance with regard to the proper scope

5   of discovery.

6      3.      The parties shall continue to, in good faith, focus discovery prior to the

7   filing of the class certification motion on issues related to class certification.

8      IT IS SO ORDERED.

9

Dated:  October __10__, 2008

10                                        *Ronald M. Whyte*
                                          _____
11                                        Hon. Ronald M. Whyte
                                          United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

783868.1                          - 2 -          [] ORDER REGARDING DISCOVERY
                                                  Case No. C-07-01700 RMW