**E-FILED on** 11/14/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELL INC. and Does 1-10,<br><br>Defendants. | No. C-07-01700 RMW<br><br><br>ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS CLASS ACTION ALLEGATIONS<br><br>**[Re Docket No. 87]** |

Defendant Dell Inc. ("Dell") moves 1) to dismiss plaintiffs Chad Brazil ("Brazil") and Steven Seick's ("Seick") second amended complaint; and 2) to strike plaintiffs' class action allegations. For the reasons set forth below, the court denies both motions.

**I. BACKGROUND**

Brazil and Seick bring this suit against Dell, alleging breach of contract, a number of fraud-based claims, unjust enrichment, restitution, and a violation of the Texas Bus & Com. Code §§ 17.41, *et seq.*, for deceptive trade practices.

On June 15, 2006, Seick purchased directly from Dell through its online purchasing process a Dell Dimension B110 desktop computer ("Dimension Desktop") and some associated peripheral Dell products. Second Amended Class Action Complaint ("SAC") ¶ 63. Dell allegedly

misrepresented to Seick that the base price of the Dimension Desktop reflected a $50 savings from Dell's regular price for that computer. *Id.* ¶ 64. During the three months prior to Seick's purchase, however, Dell's average offered sales price for the Dimension Desktop model was allegedly even lower than the amount paid by Seick. Consequently, rather than having received any discount, Seick asserts that he paid $1.49 in excess of the true regular sales price for the Dimension Desktop. *Id.* ¶¶ 67-68. In addition, although Dell represented to Seick that the offer for the $50 savings would expire on June 22, 2006, Dell in fact continued to make the offer until October 12, 2006. *Id.* ¶ 69.

On December 15, 2006, also through Dell's website, Brazil purchased a Dell Inspiron E1505 notebook computer ("Inspiron Notebook") and some peripheral computer products. *Id.* ¶ 71. On similar grounds as Seick, Brazil alleges that rather than having received a $314 savings from the regular sales price of the Inspiron Notebook as Dell represented, he paid $157.66 more for the Inspiron Notebook than the average actual sales price for that model offered by Dell for the three months preceding his purchase. *Id.* ¶ 76.

On behalf of themselves and others similarly situated, Brazil and Seick also bring a class action claiming that, through the sales on its website, Dell deceives customers by advertising "false former prices, false price discounts, false rebate discounts, and false 'free' offers for its computer products." *Id.* ¶ 1. The "false discounts and false former prices" purportedly mislead purchasers because products are not sold at non-marked down or "regular" prices with sufficient regularity. Thus, it is false that the prices are "discounted." Similarly, the complaint alleges that when rebates are offered, the listed price has been marked up to include the cost of the rebate, or the post-rebate price is the standard selling price of the product. Finally, the complaint alleges that some offers of free bonus products are false because the price has been marked up to account for some or all of the cost of the free items. In general, plaintiffs claim that Dell's advertising practices are deceptive because the website implies that the offered terms are somehow special when in fact they are not. According to plaintiffs, a sale is not a sale if it happens every day.

Brazil and Seick filed their first amended complaint ("FAC") on May 04, 2007 and Dell moved to dismiss on September 14, 2007. Dell argued in its first motion to dismiss that the complaint was defective because 1) the law of Texas, not California, should apply to the dispute;

1   and 2) the complaint's class allegations failed to meet the requirements of Fed. R. Civ. P. 23. On
2   July 7, 2008, the court granted the motion to dismiss with leave to amend. In that order, the court
3   ruled that Texas law applied and that the class definition was non-ascertainable because it included
4   the phrase "falsely advertised," which would require a legal determination to populate the class.

5        Brazil and Seick filed their SAC on July 25, 2008, bringing a claim under Texas law and
6   amending their class definitions. Dell now moves again to dismiss, arguing that the FAC's class
7   action defects have not been cured and that plaintiffs individual claims cannot survive a motion to
8   dismiss.

## II. ANALYSIS

**A.  Motion to Strike Class Allegations**

     Dell first moves to strike the Brazil and Seick's class action allegations, arguing that they cannot satisfy the requirements of Fed. R. Civ. P. 23. In particular they contend that the complaint's class definitions are not ascertainable because, according to plaintiffs, class membership cannot be determined "unless and until Dell is found liable for false advertising *after* trial." Dell Inc.'s Mot. to Dismiss and Strike Class Action Allegations ("Dell's Mot. to Dismiss") 5 (emphasis in original).

     Plaintiffs' FAC class allegations defined a "Consumer Class" and "Business Class" as all persons or entities who are citizens of California who purchased from Dell computer products for personal or business use that "(1) Dell falsely advertised as discounted from Dell's regular sales price; (2) Dell falsely advertised as including "free" upgrades and/or "free" add-on products and/or services; and/or (3) Dell falsely advertised as being subject to a rebate discount from Dell's regular price." In its July 7, 2008 order striking those class allegations, the court found that, by defining the class in terms of those persons who purchased products that Dell falsely advertised, Dell would require the court to reach a legal determination before populating the class. Thus, the court found, the class could not presently be ascertained. Order Granting Def.'s Mot. to Dismiss the FAC 11.

     In the present motion to dismiss, Brazil and Seick argue that the SAC's class allegations are no less defective. The SAC defines the class as follows:

> All persons or entities who are citizens of the State of California who purchased a Dell-branded product and/or service from Dell that:

United States District Court
For the Northern District of California

> (1) Dell advertised as discounted from a regular, list, or reference sales price, where Dell did not offer for sale, or make substantial sales of, the product or service at the regular, list, or reference sales price for reasonable period of time preceding the purchase;
> (2) Dell advertised as including a "free" product or service, where: (a) Dell marked up the sales price of the product or service to compensate for, in whole or in part, the value or cost of the "free" product or service; (b) Dell advertised the "free" offer for six months or more during the 12 months preceding the purchase; (c) Dell advertised the "free" offer on more than three occasions in any one 12 month period; or (d) where less than 30 days have elapsed since Dell previously advertised the "free" offer; or
> (3) Dell advertised as subject to a "rebate" discount from a regular, list, or reference sales price, where Dell did not offer for sale, or make substantial sales of, the product or service at the regular, list, or reference sales price for a reasonable period of time preceding the purchase (other than when offered in conjunction with the "rebate" discount).
> Excluded from the class are entities with assets of $25 million or more and entities that are owned or controlled by a corporation or entity with assets of $25 million or more.

SAC ¶ 78. These revised class definitions do not rely on the problematic phrase "falsely advertised." But class membership is hardly easy to ascertain. The question for this court is whether the allegations should be stricken at the pleading stage.

Rule 23(c)(1) provides that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Though that determination is often undertaken after the issue of class certification has been fully briefed, class allegations can be stricken at the pleading stage as well. *Kamm v. Cal. City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Whether discovery (or further discovery) is necessary to refine and clarify class-certification issues is a case-specific determination, but dismissal of class actions at the pleading stage is nonetheless rare. *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp 609, 615 (N.D.Cal. 2007). Courts are likely hesitant to resolve class issues early because "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 160 (1982) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)). Discovery helps parties clarify the legal and factual predicates of the class action, and thus dismissal at the pleading stage is unusual. In re Wal-Mart, 505 F.Supp. at 615. See also 7AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1785.3 (3d 2005) (the practice employed in the majority of class

actions is to resolve class certification after an appropriate period of discovery). But when the necessary factual issues can be resolved without discovery, it is not required. *Kamm*, 509 F.2d at 210.

The SAC's revised class definitions eliminate the explicit reliance on a legal concept, but do not much clarify class membership. In fact, the increased detail seems directed only at factually specifying false advertising instead of directly relying on it. Moreover, the revised definition hardly eliminates the necessity of making a legal determination. The false-discount class, for example, includes purchasers of products "Dell advertised as discounted from a regular, list, or reference sales price, where Dell did not offer for sale, or make substantial sales of, the product or service at the regular, list, or reference sales price for reasonable period of time preceding the purchase." This definition elucidates more than the FAC, but still requires a court determination of what constitutes "substantial sales," and how long is a "reasonable time." Such a determination would necessarily, it seems, have to rely on the unstated purpose of the class definition. That is, the court would determine whether sales were substantial enough, and the period of time sufficient, that the discount claims were not false. Determining substantiality and reasonableness in this way is still a legal determination.

Furthermore, as Dell rightly points out, populating the proposed class definitions would be an arduous, fact-bound process. Dell's Mot. to Dismiss 6-8. But the question for this court, at this stage of litigation, is not whether Dell's class is presently certifiable. On that question, the court has some doubts. Rather, the court must here decide whether, without further factual development, the class definitions are manifestly non-ascertainable.

Plaintiffs contend that the breadth of Dell's deceptive practice is not limited to a subset of products or dates, but that "the heart of Dell's marketing plan is to intentionally deceive the public." Indeed, plaintiffs claim that they will prove, at trial, that "Dell has engaged, on a company-wide and product-wide basis, in false advertising." Whether plaintiffs will ultimately so prove remains to be seen. But if some of Dell's products are, as plaintiffs seem to suggest, never sold at "regular" prices, then the class definitions presently advanced could be significantly simplified. The court will not

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS CLASS ACTION ALLEGATIONS —No. C-07-01700 RMW
JAS     5

pre-judge whether that is possible before sufficient discovery has been taken. Therefore, the court will not now strike plaintiffs class action allegations as non-ascertainable.

Dell also argues that the SAC's class allegations face individualized reliance, causation, and injury issues that would have to be determined for each class member. As the class is presently composed, it appears that reliance, causation, and injury are indeed subject in significant part to individualized proof. As Dell points out, individual customers may have relied on, chosen to purchase because of, and been injured by Dell's alleged misrepresentations. On the other hand, some customers may not. To distinguish between these, individual evidence may be necessary. But each is also subject to some common proof. As the 11th Circuit wrote of reliance in *Klay v. Humana*, 382 F.3d 1241, 1259 (11th Cir. 2004), "while each plaintiff must prove reliance, he or she may do so through common evidence (that is, through legitimate inferences based on the nature of the alleged misrepresentations at issue)." Certification will ultimately depend on whether the common questions of law and fact predominate over individual ones. Fed. R. Civ. P. 23(b)(3). The court will not adjudicate that question before class certification is briefed. The court will not now strike the class allegations because individualized determinations inhere in some of plaintiffs' claims.

### B.     Motion to Dismiss Individual Claims

   1.    *Standing*

Dell argues that plaintiffs lack standing to bring any claims besides those arising out of their individual purchases. Seick and Brazil respectively purchased a Dell Dimension computer and an Inspiron notebook, both of which, they allege, were subject to false discounts. But the SAC brings claims for purchases spanning Dell's entire product line, and for alleged misrepresentations of rebates and included free products as well. Dell contends that these differences between Brazil and Seick's claims and the rest of the purported class deprive them of standing to bring suit.

Dell is correct that, in order to have standing, Brazil and Seick must show that they have suffered a concrete injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It is true that there is tension in the case law regarding whether intra-class differences implicate standing or the

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS CLASS ACTION ALLEGATIONS —No. C-07-01700 RMW
JAS                                                                     6

class certification requirements of Rule 23(a).[1]  Nonetheless, Brazil and Seick respond that this argument should properly be addressed in class certification, and the court agrees.  In a class action, standing is satisfied if at least one named plaintiff meets the requirements. *See Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir.2001).  Once standing is established, the requirements of Rule 23(a) "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotations omitted). Here there is no doubt that Brazil and Seick have standing arising out of their purchases. The cases cited by plaintiffs, *Falk v. General Motors Corp.*, 496 F.Supp.2d 1088 (N.D.Cal. 2007) and *Negrete v. Allianz Life Ins. Co. of North Amer.*, 238 F.R.D. 482 (C.D.Cal. 2006), represent cases where plaintiffs bring suits representing class members whose claims differ in certain ways from their own.  Brazil and Seick seek here to do the same.

    2.    *Breach of Contract Claim*

Brazil and Seick allege that Dell has breached the sales agreements covering their purchases by failing to provide promised discounts.  Dell moves to dismiss, arguing that plaintiffs have failed to plead breach of contract because they cite no specific breached provision of Dell's sales contract. This is not quite right, since the complaint includes numerous allegations of breached agreements. SAC ¶ 92-96.  Instead, Dell is understandably claiming that 1) the discount statements were not part of any agreement between the parties; and 2) the statements do not constitute breached promises. See Dell's Mot. to Dismiss 18-19.

As to the first claim, the court finds that the determination of whether the statements on the website and in the sale confirmation are part of the parties' agreement is inappropriate for a motion to dismiss.  The scope of the sale agreement, and the enforceability of the disclaimer of liability in

---

[1] See, e.g., *Gratz v. Bollinger*, 539 U.S. 244, 263 (2003) (noting tension in case law regarding whether standing under Article III or adequacy under Rule 23(a) properly bore on a particular plaintiff being subject to a different set of race-conscious admission criteria) (citing Burns, *Standing and Mootness in Class Actions: A Search for Consistency*, 22 U.C.D.L.Rev. 1239, 1240-1241 (1989); *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 149, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (Mexican-American plaintiff alleging that he was passed over for a promotion because of race was not an adequate representative to "maintain a class action on behalf of Mexican-American applicants" who were not hired by the same employer); *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (class representatives who had been transferred to lower levels of medical care lacked standing to challenge transfers to higher levels of care)).

the Terms and Conditions, have not been briefed here. And, in any event, the complaint satisfies the limited requirements of notice pleading for both inquiries.

Dell argues next that the statements do not constitute breached promises because plaintiffs paid an agreed price for and received the products they purchased. Dell's Mot. to Dismiss 19. Plaintiffs respond that this is not the case: "Plaintiffs paid for products that formerly cost more money, but what they paid for was not what they got: Dell breached the contracts by not giving Plaintiff Seick a product that was formerly priced at $349, and by not giving Brazil a product that was formerly priced at $1,511." Pls.' Opp. to Mot. to Dismiss 18 fn 13. Plaintiffs have thus alleged Dell breached a promise that was purportedly part of the contract. The exact import of that promise is not yet before the court. But preliminarily, the court is skeptical of the argument that the crossing out of an original price changes the nature of the purchased product from, for example, a computer, to a computer with a certain price-history. Nonetheless, the breach of contract claim in the SAC survives a motion to dismiss.

### 3. *Fraud Claims*

Dell first moves to dismiss all of plaintiffs fraud claims for a failure to plead damage. Dell argues that "[p]laintiffs have not alleged (and cannot allege) [1] that the specific, individually configured computers they purchased were worth less than what they paid for them or [2] that they were represented to have a false value." Plaintiffs have at least alleged the latter claim. SAC ¶ 1, 23, 31, 39, 43. But the former argument misunderstands the purported basis of plaintiffs action for fraud. Brazil and Seick contend not that the computers were worth less than what they paid, but that they would not have paid so much, had the representations about discount not been made. Plaintiffs have thus plead damages to the extent of that overpayment.

### 4. *Unjust Enrichment, Restitution, and Equitable Tolling*

Under Texas law, plaintiffs may apparently state a claim for unjust enrichment or restitution. *Mobil Producing Texas & New Mexico, Inc. v. Cantor*, 93 S.W.3d 916, 919-920 (Tex. App. 2002) (considering motion for summary judgment on unjust enrichment and restitution claims and conceding that such claims could be brought). Plaintiffs further can plead unjust enrichment claims in the alternative with their breach of contract claims. *Id.*

Plaintiffs' allege that Dell conceals its deceptive advertisements by constantly changing them, and thus that the statute of limitations should be subject to equitable tolling. That claim is sufficiently plead by the allegation so stating in the complaint and the attached exhibits to the complaint that suggest the nature of the allegedly concealing changes made by Dell.

### III. ORDER

1. Defendants' motion to dismiss plaintiffs' individual claims is denied.
2. Defendants' motion to strike class allegations is denied.

DATED:      11/13/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Allison Stacy Elgart | aelgart@lchb.com |
| Michael W. Sobol | msobol@lchb.com |
| Daniel Morley Kekoa Hattis | dhattis@pariselaw.com |
| Angelo Salvatore Parise | parise@pariselaw.com |

**Counsel for Defendants:**

| | |
|---|---|
| Kim Brightwell | kbrightwell@reevesbrightwell.com |
| Cory Michelle Mason | cmason@fbm.com |
| Sinead O'Carroll | socarroll@reevesbrightwell.com |
| Paul Schlaud | pschlaud@reevesbrightwell.com |
| C. Brandon Wisoff | bwisoff@fbm.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/14/08

JAS
**Chambers of Judge Whyte**