UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELL INC. and Does 1-10,<br><br>Defendant. | Case No. C-07-01700 RMW<br><br>**[ALTERNATIVE PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:       September 25, 2009<br>Time:      9:00 a.m.<br>Dept.:      6<br>Judge:     Hon. Ronald M. Whyte |

These matters come before the Court upon Plaintiffs' Motion for Class Certification. Upon consideration of the briefs, declarations, and accompanying papers filed by the parties, and after a hearing held on September 25, 2009, the Court orders and adjudges as set forth herein.

**I.      INTRODUCTION**

Plaintiffs Chad Brazil and Steven Seick ("Plaintiffs") have filed a motion for class certification of the claims presented in this case. Plaintiffs, who purchased specific Dell-branded products on or after March 23, 2003, charge that Dell uses false representations of a discount or other savings as part of a conscious, explicitly acknowledged, and pervasive marketing plan to foster in the minds of consumers perceptions of values and savings. Plaintiffs have brought claims under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.46 et seq.

("DTPA"), and common law claims for negligent misrepresentation, intentional misrepresentation/fraud, false promise/fraud, breach of contract, and unjust enrichment on behalf of a California class of similarly situated consumers.

The proposed class Plaintiffs seek to represent consists of:

> All persons or entities who are citizens of the State of California who on or after March 23, 2003, purchased via Dell's Web site Dell-branded products advertised with a represented discount or other savings as indicated and set forth on Schedule 1 attached hereto.[1].
>
> Excluded from the class are entities with assets of $25 million or more and entities that are owned or controlled by a corporation or entity with assets of $25 million or more.
>
> Further excluded from the class are: (1) Dell and its subsidiaries, affiliates, officers, and directors; (2) any entity in which Dell or any other excluded entity has a controlling interest; (3) Dell's legal representatives, predecessors, successors, assigns, and employees; and (4) the Judge and staff to whom this case is assigned, and any member of the Judge's immediate family.

## II.    LEGAL STANDARD

A proposed class must satisfy the four requisites of Rule 23(a) and at least one part of Rule 23(b). Fed. R. Civ. P. 23. In exercising its discretion as to whether to certify a class, this Court must "accept[] the allegations in the plaintiffs' complaint as true so long those allegations are sufficiently specific to permit an informed assessment as to whether the requirements of Rule 23 have been satisfied." *In re Napster Copyright Litig.*, 2005 U.S. Dist. LEXIS 11498, at *11 (N.D. Cal. May 31, 2005); *see also Blackie v. Barrack,* 524 F.2d 891, 901 n.17 (9th Cir. 1975). The Ninth Circuit "has adopted a liberal construction of Rule 23." *E.E.O.C. v. Gen. Tel. Co. of Northwest, Inc.*, 599 F.2d 322, 328-29 (9th Cir. 1979).

## III.   CLASS CERTIFICATION ISSUES

### A.     **Plaintiffs' Claims Satisfy the Threshold Requirements for Class Certification Under Rule 23(a).**

#### 1.      **Numerosity**

The Rule 23(a)(1) numerosity factor requires that the class be "so numerous that joinder

---

[1] The Schedule is attached to this [Proposed] Order as Schedule 1.

of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There are likely hundreds of thousands (or more) of consumers throughout California who have purchased the relevant enumerated Dell products since 2003. Joinder is virtually impossible as well as impracticable, so Plaintiffs satisfy Rule 23(a)(1).

### 2. **Commonality**

Rule 23(a)(2) requires that there be questions of law or fact common to the class. An entire common course of fraudulent conduct – such as Dell's pervasive and systematic false advertising scheme – easily satisfies the commonality requirement. Here, the relevant issues are common: all class members' claims arise under the same laws; all class members received representations of specific, explicit discounts and savings in conjunction with their online purchases; and all class members are injured by paying more for the products than they would have had Dell not engaged in false advertising, and by not receiving the benefits of their bargains. Commonality is thus satisfied.

### 3. **Typicality**

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical because they are based on the same theories as the class members' claims, arise out of Dell's common scheme, and there are no unique defenses specific to the Plaintiffs. Chad Brazil and Steven Seick, the representative Plaintiffs, purchased Dell computers online which Dell offered at purported discounts and savings. Like the rest of the class, Plaintiffs relied on Dell's false representations, and were harmed by them.

### 4. **Adequacy**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). First, Plaintiffs' and class members' interests are aligned and devoid of conflict. Second, Plaintiffs and their counsel have vigorously prosecuted this case and will continue to do so. Moreover, Plaintiffs have retained counsel with the requisite expertise and experience.

In addition to finding that counsel are sufficiently qualified to satisfy the adequacy

1  requirement of Rule 23(a), the Court hereby appoints counsel for the Plaintiffs as class counsel
2  for all Plaintiffs' claims pursuant to Rule 23(g).  Rule 23(g) requires that the Court consider the
3  work counsel has done in identifying or investigating potential claims in the action; counsel's
4  experience in handling class actions, other complex litigation, and the types of claims asserted in
5  the action; counsel's knowledge of the applicable law; and the resources that counsel will commit
6  to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).  Plaintiffs have submitted declarations from
7  the firms representing the putative class stating that they have the requisite experience,
8  knowledge, and resources to act as class counsel.  Accordingly, their motion to appoint counsel
9  for the Plaintiffs as class counsel for all Plaintiffs' claims pursuant to Rule 23(g) is granted.

### B. Plaintiffs' Claims Satisfy the Threshold Requirements for Class Certification Under Rule 23(b).

#### 1. Plaintiffs Satisfy the Requirements of Rule 23(b)(2).

Rule 23(b)(2) provides that a class action is maintainable if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the Class as a whole."  Fed. R. Civ. P. 23(b)(2). In the Ninth Circuit, (b)(2) is appropriate in cases where the requested injunctive relief is reasonably necessary and appropriate upon succeeding on the merits, and reasonable plaintiffs would bring the case even without the monetary remedies.  Here, Plaintiffs seek to enjoin Dell from continuing its false advertising (which this Court has discretion to require, pursuant to, *e.g.*, the Texas Deceptive Trade Practices Act ("DTPA"), § 17.50(b)(2)).  An injunction is necessary and appropriate because the alleged fraud is at the heart of Dell's marketing practices.  Therefore, 23(b)(2) certification is appropriate.

### C. Plaintiffs Satisfy the Requirements of Rule 23(b)(3)

Rule 23(b)(3) provides that a class action is maintainable if "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  Here, common questions of law and fact predominate over individual issues.  Common proof will establish the unlawfulness of Dell's

scheme and the falsity of Dell's representations, and the elements of Plaintiffs' Texas law claims are also amenable to common proof. Plaintiffs will also demonstrate the impact and damages as a result of Dell's practices upon all members of the class using common proof. A class action is the superior method here for the fair and efficient administration of this controversy.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' Motion for Class Certification of the proposed class and appoints Lieff, Cabraser, Heimann & Bernstein, LLP as lead class counsel and Daniel M. Hattis as class counsel.

Dated: _____   _____
                                The Honorable Ronald M. Whyte
                                United States District Court Judge

# SCHEDULE 1

| Store | Form | Model | Start Date | Last Date |
|---|---|---|---|---|
| H&HO | Desktop | Dimension B110 | November-05 | November-06 |
| H&HO | Desktop | Dimension C521 | September-06 | June-07 |
| H&HO | Desktop | Dimension E310 | November-05 | October-06 |
| H&HO | Desktop | Dimension E510 | November-05 | October-06 |
| H&HO | Desktop | Dimension E520 | September-06 | June-07 |
| H&HO | Desktop | Dimension E521 | September-06 | June-07 |
| H&HO | Desktop | Dimension E521n | September-06 | June-07 |
| H&HO | Desktop | Inspiron 518 | June-08 | April-09 |
| H&HO | Desktop | Inspiron 519 | June-08 | April-09 |
| H&HO | Desktop | Inspiron 530 | June-07 | Ongoing |
| H&HO | Desktop | Inspiron 530n | June-07 | Ongoing |
| H&HO | Desktop | Inspiron 530s | June-07 | Ongoing |
| H&HO | Desktop | Inspiron 530sn | June-07 | November-08 |
| H&HO | Desktop | Inspiron 531 | June-07 | Ongoing |
| H&HO | Desktop | Inspiron 531n | June-07 | April-09 |
| H&HO | Desktop | Inspiron 531s | June-07 | Ongoing |
| H&HO | Desktop | Inspiron 531sn | June-07 | April-09 |
| H&HO | Desktop | Inspiron 537 | April-09 | Ongoing |
| H&HO | Desktop | Inspiron 537s | April-09 | Ongoing |
| H&HO | Notebook | Inspiron 12 | October-08 | May-09 |
| H&HO | Notebook | Inspiron 13 | July-08 | Ongoing |
| H&HO | Notebook | Inspiron 14(1420) | May-07 | Ongoing |
| H&HO | Notebook | Inspiron 1420n | May-07 | November-07 |
| H&HO | Notebook | Inspiron 15(1525) | December-07 | April-09 |
| H&HO | Notebook | Inspiron 1501 | September-06 | March-08 |
| H&HO | Notebook | Inspiron 1520 | June-07 | July-08 |
| H&HO | Notebook | Inspiron 1521 | June-07 | May-09 |
| H&HO | Notebook | Inspiron 1525N | January-08 | March-09 |
| H&HO | Notebook | Inspiron 1526 | June-08 | March-09 |
| H&HO | Notebook | Inspiron 1720 | June-07 | April-09 |
| H&HO | Notebook | Inspiron 1721 | June-07 | April-09 |
| H&HO | Notebook | Inspiron 2200 | November-05 | December-05 |
| H&HO | Notebook | Inspiron 6000 | November-05 | March-06 |
| H&HO | Notebook | Inspiron 600m | November-05 | March-06 |
| H&HO | Notebook | Inspiron 700m | November-05 | March-06 |
| H&HO | Notebook | Inspiron 710m | February-06 | August-06 |
| H&HO | Notebook | Inspiron 9300 | November-05 | March-06 |
| H&HO | Notebook | Inspiron B120 | November-05 | May-06 |
| H&HO | Notebook | Inspiron B130 | December-05 | January-07 |
| H&HO | Notebook | Inspiron E1405 | March-06 | October-07 |
| H&HO | Notebook | Inspiron E1505 | March-06 | October-07 |
| H&HO | Notebook | Inspiron E1705 | March-06 | October-07 |
| H&HO | Notebook | Inspiron Mini 10 | January-09 | Ongoing |
| H&HO | Notebook | Inspiron Mini 12 | November-08 | Ongoing |
| H&HO | Notebook | Inspiron Mini 9 | July-08 | Ongoing |