**E-FILED on** 12/21/2010

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELL INC. and Does 1-10,<br><br>    Defendants. | No. C-07-01700 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br>**[Re Docket No. 260]** |

Defendant Dell Inc. ("Dell") moves for judgment on the pleadings. For the reasons set forth below, judgment on the pleadings is granted in favor of defendant on the claims for breach of contract and unjust enrichment. The court denies the motion as to plaintiffs' statutory and common law misrepresentation claims.

## I. BACKGROUND

On June 15, 2006, plaintiff Steven Seick purchased directly from defendant Dell Inc. ("Dell") through its online purchasing process a Dell Dimension B110 desktop computer ("Dimension Desktop") and some associated peripheral Dell products. Third Amended Complaint ("TAC") ¶ 71. Dell allegedly misrepresented to Seick that the base price of the Dimension Desktop reflected a $50 savings from Dell's regular price for that computer. *Id.* ¶ 72. During the three months prior to

Seick's purchase, however, Dell's average offered sales price for the Dimension Desktop model was allegedly even lower than the amount paid by Seick. Consequently, rather than having received any discount, Seick asserts that he paid $1.49 in excess of the true regular sales price for the Dimension Desktop. *Id.* ¶¶ 75-76. In addition, although Dell represented to Seick that the offer for the $50 savings would expire on June 22, 2006, plaintiffs allege that Dell continued to make the offer until October 12, 2006. *Id.* ¶ 77.

On December 15, 2006, also through Dell's website, plaintiff Chad Brazil purchased a Dell Inspiron E1505 notebook computer ("Inspiron Notebook") and some peripheral computer products. *Id.* ¶ 79. On similar grounds as Seick, Brazil alleges that rather than having received a $314 savings from the regular sales price of the Inspiron Notebook as Dell represented, he paid $157.66 more for the Inspiron Notebook than the average actual sales price for that model offered by Dell for the three months preceding his purchase. *Id.* ¶ 84.

On behalf of themselves and others similarly situated, Brazil and Seick claim that Dell deceives customers by creating the illusion of discounts and savings through false discounts from false former prices. Stated former prices are false when the products are not sold at non-discounted or "regular" prices with sufficient regularity, and false former prices mislead purchasers to believe that they are getting a bargain or discount when they are in fact paying the regular price. "If . . . the former price being advertised is not bona fide but fictitious–for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction–the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he expects." *Id.* ¶ 18 (*quoting* 16 C.F.R. § 233.1). Plaintiffs allege that the false discounts artificially inflate demand for Dell's products. *Id.* ¶ 1.

In their First Amended Complaint ("FAC"), plaintiffs alleged various common law claims, claims under California Bus. & Profs. Code §§ 17500 and 17200, *et seq.*, and claims under Cal. Civ. Code §§ 1750, *et seq.* Dell brought a motion to dismiss, arguing that the complaint was defective because: (1) the law of Texas, not California, should apply to the dispute; and (2) the complaint's class allegations failed to meet the requirements of Rule 23. On July 7, 2008, the court granted the motion to dismiss with leave to amend. In that order, the court ruled that Texas law applied and that

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS—No. C-07-01700 RMW
MEC      2

1 the class definition was non-ascertainable. After this ruling, plaintiffs filed a Second Amended
2 Complaint ("SAC"), amending their class definition and alleging claims under Texas law. Dell
3 moved again to dismiss and to strike the class action allegations. On November 14, 2008, the court
4 denied both motions and held that while it appeared that populating the proposed class definition
5 would be an arduous, fact-bound process, adjudication of whether the class was non-ascertainable
6 should occur after class certification was briefed. The court also found that plaintiffs had adequately
7 stated claims under Texas law.

8       On May 29, 2009, Plaintiffs moved to certify a class alleging claims under Texas law and
9 consisting of "All persons or entities who are citizens of the State of California who on or after
10 March 23, 2003, purchased via Dell's Web site Dell-branded products advertised with a represented
11 discount or other savings as indicated and set forth [in attached scheduled, with limited exclusions]."
12 On March 29, 2010, after considering class certification briefing, the court found that the application
13 of Texas law to this case would be contrary to a fundamental policy of California because the
14 remedy of a class action would, for all practical purposes, be eliminated. In light of California's
15 materially greater interest in consumer protection issues related to its own citizens, the court found
16 that California law governs plaintiffs' statutory and common law claims and deferred ruling on the
17 motion for class certification until after plaintiffs amended their complaint. After this ruling,
18 plaintiffs filed a Third Amended Complaint ("TAC") alleging claims under California's Unfair
19 Competition Law ("UCL"), Cal. Bus. & Profs. Code §§ 17500, *et seq.*; California's False
20 Advertising Law ("FAL"), Cal. Bus. & Profs. Code §§ 17200, *et seq.*; the Consumers Legal
21 Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; common law breach of contract; negligent
22 and intentional misrepresentation; common law fraud; and unjust enrichment.

23       Dell now moves for an order of judgment on the pleadings.

## II. ANALYSIS

25       A motion for judgment on the pleadings is evaluated under the same legal standard as a motion
26 to dismiss pursuant to Rule 12(b)(6), *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158,
27 1160 (N.D. Cal. 2007), i.e., taking all allegations in the pleadings as true, the court must determine
28

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS—No.
C-07-01700 RMW
MEC       3

1   whether the moving party is entitled to judgment as a matter of law, *Rose v. Chase Bank USA*, 513 F.3d
2   1032, 1036 (9th Cir. 2008).

### A.     Breach of Contract

To state a claim for breach of contract, a plaintiff must allege the existence of a valid contract, performance of the contract by the plaintiff, breach of the contract by defendant, and damages. *See First Comm. Mort. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). Dell argues that plaintiffs failed to allege that Dell breached any contract between the parties, and also fail to allege that they were damaged as the result of any breach. The court acknowledges that it found that the same allegations in plaintiffs' Second Amended Complaint were sufficient to survive a motion to dismiss. Nonetheless, upon further consideration, and in light of the reasoning reflected in the Seventh Circuit's decision in *Kim v. Carter's Inc.*, 598 F.3d 362, 366 (7th Cir. 2010), the court finds that Dell is entitled to judgment on the pleadings with respect to plaintiffs' claim for breach of contract.

In *Kim v. Carter's Inc.*, 598 F.3d 362, 366 (2010), the Seventh Circuit found that even though customers who purchased clothing marked "30% off" an artificially-inflated "suggested price" may have been manipulated, the defendant retailer had not breached the "straightforward, everyday sales contract" governing the transactions as described in the complaint. As in *Kim*, plaintiffs' allegations demonstrate that Dell fulfilled its obligations under the contract described in the complaint. Each plaintiff ordered a specific computer that was offered by Dell for a specified price. Each paid the specified price, and each received the computer he wanted. "By charging this agreed price in exchange for ownership of the [item], [defendant] gave the plaintiffs the benefit of their bargain." *Kim*, 598 F.3d at 364.

Plaintiffs argue that "Dell made specific promises about specific former actual–not suggested–prices side-by-side with specific current prices and absolutely intended those prices to be perceived as specific discounts off specific prices," and they note that the promise of a discount was reiterated in the written terms and conditions that accompanied Dell's sale. But "[c]ourts interpret contracts with the goal of effectuating the parties' intent, giving contract terms their plain and ordinary meaning." *Kim*, 598 F.3d at 364. As in *Kim*, it is unreasonable to assume that the contract between the Dell and plaintiffs should be interpreted to apply the advertised discount not to the stated former price but to the actual former price, whatever that price may be. While Dell may have made

misrepresentations regarding discounts in the course of advertising and marketing its products, Dell's contracts with plaintiffs cannot be interpreted to include a term to provide a specific discount from the actual former price.

Because plaintiffs do not allege the breach of a valid contract, it follows that they do not allege damages for breach of contract under California law. *See Lewis Jorge Construct. Mgt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968 (2005).

### B. Statutory and Common Law Misrepresentation Claims

Dell next argues that plaintiffs' common law fraud and misrepresentation claims fail as a matter of law because neither plaintiff alleges that the actual value of the computer he received was less than the price he paid for it. Plaintiffs must plead actual, pecuniary loss as a element of their cause of action for common law misrepresentation. See Cal. Bus & Prof. Code § 17204; *Lewis Jorge Constr. Mgmt. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968 (2004). Under the CLRA, plaintiffs are required to plead a "tangible increased cost or burden to the consumer." *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 640-43 & n.3 (2009).

Plaintiffs have alleged that Dell falsely represented that the value of the computers, and have also alleged that they would not have paid as much if the representations about discount not been made. Plaintiffs have alleged that they did not receive the benefit of their bargain; their UCL and FAL claims therefore survive Dell's motion. In this respect, the court does not reach the same conclusion at the Seventh Circuit in *Kim v. Carters*, which found that although the plaintiffs had sufficiently alleged a violation of Illinois' consumer protection laws, their claims nonetheless failed because they had not pled that they suffered actual damages when they received the products they wanted at the prices they agreed to pay. *Kim*, 598 F.3d at 365. In this case, plaintiffs have alleged the Dell's false discounting drives up demand, and by extension inflates price, for the computers plaintiffs purchased. It may be a challenge for plaintiffs to offer the requisite proof of injury at trial, but their allegations are sufficient to survive judgment on the pleadings.

Dell also argues that Cal. Bus. and Prof. Code § 17501 (California's false discount statute) precludes advertisements of former prices only if they were not "prevailing market prices." While the statute–which has yet to be construed by any court–may condone showing discounts from a reference

price as long as the reference price is the prevailing market price, the court finds that the statute does not legitimize or provide a "safe harbor" for clearly deceptive reference price advertising. Such an interpretation of the statute would vitiate the intent of this type of consumer protection law. The allegations in the complaint are sufficient.

Finally, Dell argues that plaintiffs have not adequately alleged that Dell offered false discounts. This argument, too, is not persuasive. Plaintiffs allege that the reference prices are not prices at which Dell has offered for sale, or made substantial sales of, the relevant products. TAC ¶ 24-25.

### C. Unjust Enrichment Claim

Dell argues that unjust enrichment cannot be brought where a legally enforceable contract between the parties exists. Plaintiffs' unjust enrichment claim asks for restitution as a remedy, and plaintiffs' briefing states that, regardless of label, plaintiffs seek restitution. This court holds that plaintiffs may seek restitution damages regardless of label. *See Mazur v. eBay Inc.*, 2008 WL 618988, at *14 (N.D. Cal. Mar. 4, 2008) (explaining, also, that inconsistent theories of recovery may be alleged in a complaint and that steps may be taken at trial to prevent duplicative recovery). Nonetheless, Dell is correct that under California law unjust enrichment does not constitute a separate cause of action. *Levine v. Blue Shield of Cal.*, 2010 WL 4369797, *13 (Cal. App. 4th Dist. Nov. 5, 2010).

### III. ORDER

For the foregoing reasons, the court grants Dell's motion for judgment on the pleadings with respect to plaintiff's breach of contract claim and to the extent that the Third Amended Complaint attempts to state a separate cause of action for unjust enrichment. Plaintiffs may seek restitution as a remedy in other causes of action. The claims for breach of contract and unjust enrichment are dismissed. The court denies Dell's motion for judgment on the pleadings with respect to the plaintiffs' common law and statutory misrepresentation claims.

DATED:   12/21/2010

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge