1

2

3

4                                               **E-FILED on**  12/21/2010

5

6

7              IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                     SAN JOSE DIVISION

10

11   CHAD BRAZIL and STEVEN SEICK,              No. C-07-01700 RMW
     individually and on behalf of all others
12   similarly situated,

13                 Plaintiffs,                  ORDER GRANTING IN PART AND
                                                DENYING IN PART PLAINTIFFS' MOTION
14            v.                                FOR CLASS CERTIFICATION

15   DELL INC. and Does 1-10,                   **[Re Docket No. 237]**

16                 Defendants.

17

18        Plaintiffs move to certify a class under Federal Rule of Civil Procedure 23.  For the reasons

19   set forth below, the motion is granted in part and denied in part.  Also before the court are defendant

20   Dell Inc.'s objections to plaintiffs' introduction of new evidence with their reply in support of class

21   certification.  The objections are overruled.  However, the court does not find the declarations filed

22   in reply critical to its ruling on the motion for class certification.

23                                   **I.  BACKGROUND**

24        On June 15, 2006, plaintiff Steven Seick purchased directly from defendant Dell Inc. ("Dell")

25   through its online purchasing process a Dell Dimension B110 desktop computer ("Dimension

26   Desktop") and some associated peripheral Dell products.  Third Amended Complaint ("TAC") ¶ 71.

27   Dell allegedly misrepresented to Seick that the base price of the Dimension Desktop reflected a $50

28

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION—No. C-07-01700
RMW
MEC

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  savings from Dell's regular price for that computer. *Id.* ¶ 72.  During the three months prior to

2  Seick's purchase, however, Dell's average offered sales price for the Dimension Desktop model was

3  allegedly even lower than the amount paid by Seick.  Consequently, rather than having received any

4  discount, Seick asserts that he paid $1.49 in excess of the true regular sales price for the Dimension

5  Desktop. *Id.* ¶¶ 75-76.  In addition, although Dell represented to Seick that the offer for the $50

6  savings would expire on June 22, 2006, Dell in fact continued to make the offer until October 12,

7  2006. *Id.* ¶ 77.

8       On December 15, 2006, also through Dell's website, plaintiff Chad Brazil purchased a Dell

9  Inspiron E1505 notebook computer ("Inspiron Notebook") and some peripheral computer products.

10 *Id.* ¶ 79.  On similar grounds as Seick, Brazil alleges that rather than having received a $314 savings

11 from the regular sales price of the Inspiron Notebook as Dell represented, he paid $157.66 more for

12 the Inspiron Notebook than the average actual sales price for that model offered by Dell for the three

13 months preceding his purchase. *Id.* ¶ 84.

14      On behalf of themselves and others similarly situated, Brazil and Seick bring a class action

15 claiming that Dell deceives customers by creating the illusion of discounts and savings through false

16 discounts from false former prices.  Former prices purportedly mislead purchasers when products

17 have not been sold at non-marked down or "regular" prices with sufficient regularity.

18      In their First Amended Complaint ("FAC"), plaintiffs alleged various common law claims,

19 claims under California Bus. & Profs. Code §§ 17500 and 17200, *et seq.*, and claims under Cal. Civ.

20 Code §§ 1750, *et seq.*  Dell brought a motion to dismiss, arguing that the complaint was defective

21 because: (1) the law of Texas, not California, should apply to the dispute; and (2) the complaint's

22 class allegations failed to meet the requirements of Fed. R. Civ. P. 23.  On July 7, 2008, the court

23 granted the motion to dismiss with leave to amend.  In that order, the court ruled that Texas law

24 applied and that the class definition was non-ascertainable because it included the phrase "falsely

25 advertised," which would require a legal determination to populate the class.  After this ruling,

26 plaintiffs filed a Second Amended Complaint ("SAC"), amending their class definition and alleging

27 claims under Texas law.  Dell moved again to dismiss and to strike the class action allegations.  On

28 November 14, 2008, the court denied both motions and held that adjudication of whether the class

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION—No. C-07-01700 RMW
MEC                                    2

**United States District Court**
For the Northern District of California

1   was non-ascertainable should occur after class certification was briefed.  The court noted that if

2   some of Dell's products were never sold at undiscounted prices, the class definition could be

3   substantially simplified.

4          Plaintiffs then moved to certify a class alleging claims under Texas law and consisting of

5   "All persons or entities who are citizens of the State of California who on or after March 23, 2003,

6   purchased via Dell's Web site Dell-branded products advertised with a represented discount or other

7   savings as indicated and set forth [in attached scheduled, with limited exclusions]."  On March 29,

8   2010, after considering the class certification briefing, the court reconsidered the application of

9   Texas law to this case and concluded that its application would be contrary to a fundamental policy

10  of California because the remedy of a class action would, for all practical purposes, be eliminated.

11  In light of California's materially greater interest in consumer protection issues related to its own

12  citizens, the court found that California law governs plaintiffs' statutory and common law claims and

13  deferred ruling on the motion for class certification until after plaintiffs amended their complaint.

14  After this ruling, plaintiffs filed a Third Amended Complaint ("TAC"), again amending their class

15  definition and alleging claims under California law.

16         Brazil and Seick now move for certification of a class alleging claims under California law.

17                                          **II.  ANALYSIS**

18         Class certification is a matter within the discretion of the district court, *Dukes v. Wal-Mart*

19  *Stores, Inc.*, 603 F.3d 571, 579 (9th Cir. 2010), although the determination must be supported by a

20  proper understanding of the applicable law, *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237

21  (9th Cir. 2001).  Moreover, the court must "perform a rigorous analysis to ensure that the

22  prerequisites of Rule 23 have been satisfied, and this analysis will often . . . require looking behind

23  the pleadings to issues overlapping with the merits of the underlying claims."  *Dukes*, 603 F.3d at

24  594.

25      **A.    Class Definition**

26         "As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party

27  seeking class certification must demonstrate that an identifiable and ascertainable class exists."

28  *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009).   "A class definition should be precise,

1  objective, and presently ascertainable." *Id.* (citing *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311,

2  319 (C.D.Cal.1998)).

3      Plaintiffs now offer the following proposed class definition: "All persons or entities who are

4  citizens of the State of California who on or after March 23, 2003, purchased via Dell's Web site

5  Dell-branded products advertised with a represented former sales price (i.e., a "Slash-Thru" price or

6  a "Starting Price") as indicated and set forth [in attached schedules, with limited exclusions]."

7  Plaintiffs' newly amended class definition thus includes all California citizens (with limited

8  exclusions) who purchased through Dell's website certain models of Dell computers within specified

9  date ranges.  Unlike earlier proposed class definitions, this class definition does not require a legal

10  determination in order to ascertain class membership.  Class membership is determined based on a

11  set of objective criteria, making the class easily identifiable and sufficiently ascertainable for

12  certification.

13      **B.      Rule 23(a) Prerequisites**

14      Federal Rule of Civil Procedure 23(a) lists four conjunctive criteria that must be met to certify

15  a class action: numerosity, commonality of issues, typicality of the representative plaintiffs' claims, and

16  adequacy of representation.  Fed. R. Civ. P. 23(a).  A class may only be certified if the court is

17  "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel.*

18  *Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982).  The party seeking certification bears the burden of

19  demonstrating the requirements of Rule 23(a) are satisfied.  *Hanon v. Dataproducts Corp.*, 976 F.2d

20  497, 508 (9th Cir. 1992).

21      In this case, there is no dispute regarding satisfaction of the numerosity or commonality

22  requirements.  The parties dispute whether the adequacy and typicality requirements have been met.

23      **1.      Adequacy**

24      Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly

25  and adequately protect the interests of the class."  In the Ninth Circuit, the factor requires "(1) that the

26  proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that

27  Plaintiffs are represented by qualified and competent counsel." *Dukes*, 603 F.3d at 614.  Dell does not

28  dispute the competence of plaintiffs' counsel, but does object to the adequacy of plaintiffs as class

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION—No. C-07-01700
RMW
MEC                                                   4

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    representatives to the extent that plaintiffs' deposition testimony "undermines" their alleged reliance.

2    The court finds that plaintiffs have presented evidence that at least preliminarily demonstrates they

3    relied on the alleged misrepresentations.  Seick testified that he probably would not have bought the

4    computer when he bought it if not for the allegedly false promotion, and Brazil testified that the sale

5    price was important to him.  Plaintiffs are adequate representatives within the meaning of the Rule.

6              **2.**       **Typicality**

7         Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of

8    the claims or defenses of the class."  "Under the rule's permissive standards, representative claims are

9    'typical' if they are reasonably co-extensive with those of absent class members; they need not be

10   substantially identical."  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998).  Nonetheless,

11   "a class representative must be part of the class and possess the same interest and suffer the same injury

12   as the class members."  *Amchen Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

13        Plaintiffs now seek to represent Dell customers who purchased through Dell's web site Dell-

14   branded products "advertised with a represented former sales price (i.e., a "Slash-Thru" price or a

15   "Starting Price").  Plaintiffs contend that in moving from "Slash-Thru" pricing to "Starting Price"

16   promotions in mid-2007, Dell "slightly modified, but did not materially change, its representations."

17   However, the "Starting Price" promotions appear to present significantly different factual and legal

18   issues.  In connection with the "Starting Price" promotions (discounts if additional products are

19   purchased), and unlike the "Slash-Thru" pricing model, Dell continuously offered the relevant products

20   at an undiscounted, à la carte price.  Thus, Dell's "Starting Price" promotions represented volume

21   discounts, not discounts from a represented former sales price.  Brazil and Seick's exposure to alleged

22   misrepresentations regarding the former sales price are not typical of the purchases made after Dell

23   changed to "Starting Price" promotions in mid-2007. Plaintiffs fail to satisfy the typicality requirement

24   with respect to these later purchases, and claims arising from such purchases cannot be certified as part

25   of the instant class.

26        The court previously ruled that plaintiffs satisfied Rule 23(a)'s typicality requirement with

27   respect to purchases made either through the Home & Home Office ("HHO") or Small & Medium

28   Business ("SMB") segments of Dell's website.  However, upon consideration of the record submitted

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION—No. C-07-01700
RMW
MEC                                                                                                      5

**United States District Court**
For the Northern District of California

1 here and with respect to the claims asserted in the Third Amended Complaint, the court now finds that

2 plaintiffs fail to satisfy the typicality requirement with respect to purchases made through Dell's SMB

3 segment. As Dell pointed out at oral argument, a purchaser of a large number of computers for a

4 business, or even the purchaser of a single $20,000 commercial server, is unlikely to have a substantially

5 similar purchasing experience as the purchaser of a single laptop for personal use. In particular, the

6 court finds that it would be difficult to make the same inference of reliance regarding the relevant offers

7 and alleged falsity in the context of Dell's SMB segment. Claims arising from purchases through Dell's

8 SMB segment cannot be certified as part of plaintiffs' class.

9        **C.     Rule 23(b)(3) Requirements**

10      In addition to fulfilling the four prerequisites of Rule 23(a), a class action must also meet the

11 disjunctive requirements of Rule 23(b) by satisfying the criteria set forth in at least one of the three types

12 of class actions. Fed. R. Civ. P. 23. Plaintiffs allege that this class action may be maintained under Rule

13 23(b)(3), which requires that "questions of law or fact common to class members predominate over any

14 questions affecting only individual members, and that a class action is superior to other available

15 methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs

16 clearly meet the superiority requirement, because the class action mechanism provides the only practical

17 means by which Dell purchasers can pursue these claims.

18      Predominance, on the other hand, "tests whether proposed classes are sufficiently cohesive to

19 warrant adjudication by representation," *Amchen Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997), a

20 standard "far more demanding" than the commonality requirement of Rule 23(a), *id.* at 623-24. The

21 Ninth Circuit recently explained that "Rule 23(b)(3) requires a district court to formulate some

22 prediction as to how specific issues will play out in order to determine whether common or individual

23 issues predominate in a given case." *Dukes* at 593 (internal quotation marks omitted).

24      This case undoubtedly presents various questions of law and fact that are common to the class.

25 As the court previously explained, however, the issue is whether these common questions of law or fact

26 predominate over the need for individualized inquiries. In order to prevail on their claims, plaintiffs

27 must prove falsity; to meet Rule 23(b)(3)'s predominance requirement, they must do so through common

28 evidence. Plaintiffs must also prove reliance in order to prevail on most of its claims, including

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION—No. C-07-01700 RMW
MEC                         6

**United States District Court**
For the Northern District of California

1  negligent misrepresentation, intentional misrepresentation/fraud, and various Unfair Competition

2  Law/False Advertising Law claims.  Because reliance plays such a central role in plaintiffs' case, to meet

3  Rule 23(b)(3)'s predominance requirement, plaintiffs must be able to prove reliance with common

4  evidence.

5  **a.     Plaintiffs' Common Evidence of Falsity**

6  This case turns on whether the represented former prices listed at the point of sale on Dell's

7  website in the form of "Slash-Thru" prices were false and misleading.[1]  Dell contends that determining

8  falsity requires an extensive, detailed inquiry into each and every offer at issue in this case.  The court

9  disagrees.  Unlike *Mahfood v. QVC, Inc.*, 2008 WL 5381088 (C.D. Cal. Sep. 22, 2008), which involved

10  discounts specifically represented as lower than market value, the claims in this case turn on discounts

11  allegedly from Dell's previously offered prices.  Whether these representations were false is susceptible

12  to common proof in the form of Dell's pricing histories, as well as through testimony from Dell's

13  employees about the pricing policies.

14  **b.     Plaintiffs' Common Evidence of Reliance**

15  In California, "a presumption, or at least an inference, of reliance arises wherever there is a

16  showing that a misrepresentation was material," *In re Tobacco II Cases*, 466 Cal. 4th 298,  397 (2009).

17  Materiality is an objective standard, *see U.S. v. Watkins*, 278 F.3d 961, 967-68 (9th Cir. 2002), and is

18  susceptible to common proof in this case.  There is no dispute that the alleged misrepresentations were

19  communicated to all class members, because the representations were made at the point of sale as part

20  of a standardized online purchasing process.

21  Plaintiffs point to common evidence sufficient to show that the representations were material to

22  plaintiffs.  Although Dell points to some testimony from plaintiffs that it says "fails to establish legally

23  sufficient reliance for even their individual claims," the court finds that testimony read in context

24  sufficiently indicated that the plaintiffs relied.  There is evidence that Dell considered the representations

25  material, and that external reference prices and semantic clues impact customers' perceptions of value

26

27  [1]  Because the court finds that plaintiffs are not typical with respect to the "Starting Price"
promotions, the court does not analyze whether Rule 23(b)(3)'s requirements are met with respect to
28  those promotions.

1  and purchase decisions.  Dell's marketing expert contends that while some purchasers may attach

2  importance to a discount off Dell's list price, others will base their decision on wholly unrelated factors.

3  But under California law, plaintiffs need not establish that each and every class member based his or

4  her decision on the represented discounts.  Plaintiffs' common evidence that the representations were

5  material satisfies California's reliance presumption and Rule 23(b)(3)'s predominance requirement.

6          **c.**      **Plaintiffs' Common Evidence of Breach of Contract and Damages**

7        The court has granted Dell's motion for judgment on the pleadings with respect to plaintiffs'

8  breach of contract claim.  Therefore, the court does not reach the question of whether sufficient common

9  evidence exists to support a class claim for breach of contract.

10          **d.**      **Plaintiffs' Common Evidence of Damages**

11        At class certification, plaintiffs must present a likely method for determining class damages,

12  though it is not necessary to show the methods will work with certainty.  *Chavez v. Blue Sky Natural*

13  *Bev. Co.*, 2010 U.S. Dist. LEXIS 60554, at *38 (N.D. Cal. Jun. 18, 2010).  In this case, there are

14  challenging questions surrounding both the fact and the amount of any damages.  However, the court

15  finds that plaintiffs satisfy the standard of plausibility.  Although the class members bought different

16  products at different prices, the proposed methods of calculating damages are common to the class as

17  a whole.

18

19  **III.  ORDER**

20        For the foregoing reasons, the court grants certification of a class of citizens of California

21  who on or after March 23, 2003, purchased via Dell's web site Dell-branded products advertised

22  with a represented former sales price.  The court declines to include in the class members who were

23  exposed only to Dell's "Starting Price" promotions, as opposed to the "Slash-Thru" pricing program.

24  The court also declines to include in the class purchasers of products through Dell's Small &

25  Medium Business segment.

26        Thus, the court certifies the following class: All persons or entities who are citizens of the

27  State of California who on or after March 23, 2003, purchased via the Home & Home Office

28

**United States District Court**
For the Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION—No. C-07-01700 RMW
MEC                            8

1  segment of Dell's Web site Dell-branded products advertised with a represented former sales price

2  (i.e., a "Slash-Thru" price).

3

DATED:       12/21/2010                              _Ronald M. Whyte_____

4                                                    RONALD M. WHYTE
                                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California