Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
Allison S. Elgart (State Bar No. 241901)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Rachel Geman (NY Bar No. RG 0998) (*Pro Hac Vice*)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

Daniel M. Hattis (State Bar No. 232141)
Angelo Salvatore Parise (State Bar No. 165690)
LAW OFFICES OF ANGELO SALVATORE PARISE
16870 West Bernardo Drive, Suite 400
San Diego, CA  92127
Telephone:  (858) 674-6660
Facsimile:   (858) 674-6661

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>DELL INC. and DOES 1-10,<br><br>           Defendants. | Case No. C-07-01700 RMW<br><br>**PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       July 1 , 2011<br>Time:      9:00 a.m.<br>Courtroom:  6<br>Judge:     Hon. Ronald M. Whyte |

1

## NOTICE OF MOTION

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        **PLEASE TAKE NOTICE** that on July 1, 2011, at 9:00 a.m., in the Courtroom of the

4   Honorable Ronald M. Whyte, United States District Judge for the Northern District of California,

5   San Jose Division, 280 South 1st Street, San Jose, California, Plaintiffs Chad Brazil and Steven

6   Seick ("Plaintiffs"), on behalf of themselves and all other similarly situated, will and hereby do

7   move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for entry of an Order

8   preliminarily approving a proposed Settlement Agreement and Release ("Settlement") entered

9   into between the parties and for other related relief.

10       By this unopposed motion, Plaintiffs respectfully move the Court for an Order:  (1)

11   certifying for settlement purposes the proposed Settlement Class, which is in substance the same

12   class of consumers that the Court already certified in its or Order Granting in part and Denying in

13   Part Plaintiffs' Motion for Class Certification (Docket No. 306); (2) continuing the appointment

14   of Lieff, Cabraser, Heimann & Bernstein LLP (Michael W. Sobol, Rachel Geman, Allison S.

15   Elgart, and Roger Heller) and the Law Offices of Angelo Salvatore Parise (Daniel M. Hattis) as

16   Class Counsel; (3) appointing Plaintiffs Chad Brazil and Steven Seick as Settlement Class

17   Representatives; (4) granting preliminary approval of the proposed Settlement;[1] (5) approving the

18   parties' proposed forms of notice and notice program, and directing that notice be disseminated

19   pursuant to such program; (6) approving the parties' proposed claim form and claims process; (7)

20   appointing Analytics, Inc. as the Independent Claims Administrator; and (8) setting a Fairness

21   Hearing and certain other dates in connection with the final approval of the Settlement.

22       This motion is based on the accompanying memorandum, the Settlement and all exhibits

23   thereto, the Declarations of Michael W. Sobol ("Sobol Decl.") and Daniel M. Hattis ("Hattis

24   Decl."), filed herewith, the Declarations of Jonathan Reid and Reggie Snowden, filed as Exhibits

25   B and C to Sobol Decl., the argument of counsel, and all papers and records on file in this matter.

26

---

27   [1] A copy of the Settlement is attached as Exhibit A to Declaration of Michael W. Sobol, filed
herewith.

28

PLTFS' NOTICE OF MOTION AND MOTION FOR
ORDER RE: PRELIM. APPROVAL OF SETTLEMENT
CASE NO. C-07-01700 RMW

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

I. INTRODUCTION ......................................................................... 1

II. BACKGROUND .......................................................................... 2

    A. Early Procedural History.................................................. 2

    B. Plaintiffs' Claims and Dell's Defenses. ......................... 2

    C. The Court's Class Certification Order ............................ 4

    D. Settlement Negotiations .................................................. 5

III. THE PROPOSED SETTLEMENT AND NOTICE PROGRAM..................... 5

    A. The Settlement Class...................................................... 5

    B. Monetary Relief to Class Members and Claims Process ............ 5

    C. Dell's Change in Practice.............................................. 6

    D. Settlement Notice and Notice Plan ................................ 6

        1. E-mail and Mailed Notice ..................................... 7

        2. Settlement Website and Long-Form Notice.............. 8

        3. Published Notice and Notice on Dell's Website ............. 8

    E. Opt-Out Procedure ........................................................ 8

    F. Opportunity to Object and/or Appear at Fairness Hearing ........ 9

    G. Payment of Attorneys' Fees and Expenses ................... 9

    H. Payment of Service Awards for Class Representatives ........... 10

IV. ARGUMENT ............................................................................ 10

    A. The Class Action Settlement Approval Process........................ 10

    B. Certification of the Settlement Class is Appropriate................ 10

    C. Preliminary Approval of the Settlement is Appropriate. .......... 11

        1. The Settlement is the Product of Arms-Length Negotiations Between the Parties After Hard-Fought Litigation and a Thorough Investigation by Plaintiffs ............................................. 12

        2. The Settlement is Fair, Reasonable, and Adequate Given the Alleged Harm to the Class and the Potential Risks of Ongoing Litigation. ................................................. 13

        3. The Recommendation of Experienced Counsel Favors Approval........................................................... 15

    D. The Proposed Forms of Notice and Notice Program are Appropriate and Should be Approved.......................................... 16

**TABLE OF CONTENTS**
**(continued)**

Page

E.   The Court Should Schedule a Fairness Hearing and Corresponding
Dates................................................................................................................ 18

V.   CONCLUSION ................................................................................................ 19

# TABLE OF AUTHORITIES

**Page**

## CASES

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. __, 2011 WL 1561956 (Apr. 27, 2011) .......................................... 4, 14

*Boyd v. Bechtel Corp.*,
   485 F.Supp. 610 (N.D. Cal. 1979) ............................................................. 15

*Browning v. Yahoo! Inc.*,
   2006 WL 3826714 (N.D. Cal. Dec. 27, 2006) .............................................. 16, 17

*Byrd v. Civil Serv. Comm'n*,
   459 U.S. 1217 (1983) .............................................................................. 11

*Chavez v. Netflix, Inc.*,
   162 Cal.App.4th 43 (2008) ....................................................................... 17

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) .................................................................. 11, 12

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) ................................................................................ 16

*Ellis v. Naval Air Rework Facility*,
   87 F.R.D. 15 (N.D. Cal. 1980) ................................................................ 12, 15

*Farinella v. Paypal, Inc.*,
   611 F.Supp.2d 250 (E.D.N.Y. 2009) .......................................................... 17

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .................................................................. 11

*In re Tableware Antitrust Litig.*,
   484 F.Supp.2d 1078 (N.D. Cal. 2007) ........................................................ 11

*Linney v. Cellular Alaska Partnership*,
   1997 WL 450064 (N.D. Cal. Jul. 18 1997) .................................................. 15

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982) ................................................................... 11

*Schemkes v. Presidential Limousine*,
   2011 WL 868182 (D. Nev. Mar. 10, 2011) .................................................. 17

*Torrisi v. Tucson Elec. Power Co.*
   8 F.3d 1370 (9th Cir. 1993) ..................................................................... 16

*Young v. Polo Retail, LLC*,
   2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) ............................................... 11

## STATUTES

Cal. Bus. & Prof. Code
   §§ 17200 *et seq.* .................................................................................... 3

**TABLE OF AUTHORITIES**
(continued)

Page

Cal. Bus. & Prof. Code
  §§ 17500 *et seq.* ........................................................................................................ 3
Cal. Civ. Code
  § 1750 *et seq.* ............................................................................................................. 3

**RULES**

Federal Rules of Civil Procedure

  Rule 12(b) .................................................................................................................. 13

  Rule 12(c) .................................................................................................................. 13

  Rule 23 .......................................................................................................... 8, 10, 15

  Rule 23(a) ............................................................................................................. 4, 11

  Rule 23(b)(3) ........................................................................................................ 4, 11

  Rule 23(c)(2)(B) ......................................................................................................... 15

  Rule 23(e)(2) .............................................................................................................. 11

  Rule 23(f) ..................................................................................................................... 4

  Rule 30(b)(6) ............................................................................................................. 13

**TREATISES**

4 *Newberg on Class Actions*, (4th ed. 2002)

  § 11.22 *et seq.* ......................................................................................................... 10

  § 11.25 ................................................................................................................ 11, 13

  § 11.41 ....................................................................................................................... 12

Manual for Complex Litigation, Fourth (Fed. Jud. Center 2004)
  §§ 21.63 *et seq.* ....................................................................................................... 10

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.**    <u>**INTRODUCTION**</u>

3

Plaintiffs respectfully submit for the Court's preliminary approval a Settlement reached

4

between Plaintiffs and Defendant Dell Inc. ("Dell") resolving this matter.  Pursuant to the

5

Settlement, Class Members who submit a valid claim form will receive a $50 cash benefit from

6

Dell, with no class-wide cap or ceiling on the overall claims that will be paid.

7

The Settlement is the product of arms-length negotiations between the parties and their

8

experienced and informed counsel, was reached with the assistance of an experienced and well-

9

respected mediator, Randall Wulff, and is absolutely fair, reasonable, and adequate given the

10

remaining class claims, the alleged harm, the parties' respective litigation risks, and the fact that

11

Plaintiffs' efforts in this litigation have already resulted in important changes to the way Dell

12

advertises its products.  The Settlement falls well within the "range of reasonableness" applicable

13

at the preliminary approval stage.  Moreover, the parties' proposed forms of notice and notice

14

program are appropriately tailored to give Class Members the best notice practicable under the

15

circumstances of the pendency of this action, the terms of the Settlement, Class Counsel's fee

16

application, and Class Members' rights to opt out of the Settlement Class and object to the

17

Settlement and/or Class Counsel's fee application.

18

The Court should, therefore, issue an Order:  (1) certifying for settlement purposes the

19

proposed Settlement Class, which is in substance the same class of consumers that the Court

20

already certified in its or Order Granting in part and Denying in Part Plaintiffs' Motion for Class

21

Certification (Docket No. 306); (2) continuing the appointment of Lieff, Cabraser, Heimann &

22

Bernstein LLP (Michael W. Sobol, Rachel Geman, Allison S. Elgart, and Roger Heller) and the

23

Law Offices of Angelo Salvatore Parise (Daniel M. Hattis) as Class Counsel; (3) appointing

24

Plaintiffs Chad Brazil and Steven Seick as Settlement Class Representatives; (4) granting

25

preliminary approval of the proposed Settlement; (5) approving the parties' proposed forms of

26

notice and notice program, and directing that notice be disseminated pursuant to such program;

27

(6) approving the parties' proposed claim form and claims process; (7) appointing Analytics, Inc.

28

as the Independent Claims Administrator; and (8) setting a Fairness Hearing and certain other

1    dates in connection with the final approval of the Settlement.

2    **II.    BACKGROUND**

3         **A.    Early Procedural History**

4         Plaintiffs filed this class action in March 2007, on behalf of California consumers who

5    purchased Dell-branded products from Dell's website pursuant to representations of discounts

6    from reference prices, rebates, and "free" upgrades which Plaintiffs allege were false.  Plaintiffs

7    initially brought class claims under California statutory and common law.  Dell moved to compel

8    arbitration of Plaintiffs' claims, but the Court denied Dell's motion.  Docket No. 42.  Dell then

9    moved to dismiss Plaintiffs' claims.  The Court granted Dell's motion, enforcing Dell's

10   contractual choice-of-law provision to hold that Texas law, and not California law, governed

11   Plaintiffs' claims.  Docket No. 74.  Thereafter, Plaintiffs' filed their Second Amended Complaint,

12   alleging claims under Texas law.  Dell again moved to dismiss Plaintiffs' claims, but the Court

13   denied Dell's motion.  Docket No. 109.

14        Plaintiffs then moved for class certification of their claims under Texas law, arguing, in

15   the alternative, that if the Court could not certify their claims under Texas law, then the Court

16   should reverse its earlier ruling and find that California law governs their claims after all.  The

17   Court denied class certification with respect to claims based on alleged false rebates and false

18   "free" upgrades.  Docket 212 at 5.  As to Plaintiffs' claims regarding alleged false reference

19   prices, the Court agreed with Plaintiffs' alternative argument and held that California law should

20   govern Plaintiffs' claims, deferred ruling on class certification, and granted Plaintiffs leave to re-

21   file their claims, and seek class certification, under California law.  *Id*. at 5-11.  Plaintiffs

22   thereafter filed their operative Third Amended Complaint, Docket No. 225, and moved for class

23   certification of the claims alleged therein.

24        **B.    Plaintiffs' Claims and Dell's Defenses.**

25        Plaintiffs' certified claims concern Dell's use of "slash-through" reference prices in its

26   online sale of computers.  Plaintiffs and the members of the Class are California consumers who

27   purchased certain Dell computers from the Home & Home Office segment of Dell's website

28   between approximately 2005 and 2007.  For each computer that Plaintiffs and the Class members

---

921345.3                              - 2 -                  PLTFS' NOTICE OF MOTION AND MOTION FOR
                                                            ORDER RE: PRELIM. APPROVAL OF SETTLEMENT
                                                            CASE NO. C-07-01700 RMW

1   purchased, Dell represented to them, at the point of sale, the actual sales price for the computer,

2   alongside a higher price with a "slash" line through it and a representation of savings in an

3   amount equal to the difference between the sales price and the represented "slash-through" price.

4   Plaintiffs claim that these "slash-through" prices were intended by Dell to represent, and were

5   perceived by reasonable consumers as, former or regular selling prices for such computers, that

6   these reference prices (and corresponding representations of savings) were false in that Dell

7   rarely, if ever, sold the computers at such reference prices, and that Plaintiffs and the Class were

8   harmed by Dell's conduct by, *inter alia*, paying more for their computers than they would have

9   paid absent Dell's false representations.

10        In their operative Third Amended Complaint, Plaintiffs alleged class claims for breach of

11   contract, negligent misrepresentation, intentional misrepresentation, false promise/fraud, unjust

12   enrichment; and violations of Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL") and 17500 *et*

13   *seq.* (the "FAL") and Cal. Civ. Code § 1750 *et seq.* ("CLRA").  On Dell's motion for judgment

14   on the pleadings, the Court dismissed Plaintiffs' breach of contract and unjust enrichment claims,

15   but sustained each of Plaintiffs' fraud-based claims.  Docket No. 305.

16        Dell has raised, and/or has indicated that it intends to raise, several defenses to Plaintiffs'

17   claims in this case.  Among other things, Dell asserts that its "slash-through" prices were not

18   false, and that its methods for establishing such reference prices (*e.g.*, by selling its computers

19   with mail-in-rebate discounts) were sufficient to make the "slash-through" prices legitimate.  Dell

20   also asserts that some customers were not influenced by its reference prices but instead focused

21   primarily on the actual selling prices, that Plaintiffs and Class members received computers of

22   equal or greater value than what they paid and that Dell's selling prices are competitive with its

23   competitors' prices for comparable computers, and that Plaintiffs and the Class cannot

24   demonstrate that they were harmed.  Additionally, there is a possibility that Dell could attempt to

25   seek reconsideration of the Court's denial of Dell's motion to compel arbitration of Plaintiffs'

26   claims, based on the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S.

27

28

1    __, 2011 WL 1561956 (Apr. 27, 2011).[2]

2        **C.    The Court's Class Certification Order**

3        On December 21, 2011, the Court issued an Order granting in part and denying in part

4    Plaintiffs' second motion for class certification.  Docket No. 306.  The Court certified the

5    following Class "[a]ll persons or entities who are citizens of the State of California who on or

6    after March 23, 2003, purchased via the Home & Home Office segment of Dell's Web site Dell-

7    branded products advertised with a represented former sales price (*i.e.*, a "Slash-Thru" price)."

8    The Court excluded from the class definition sales made through Dell's Small & Medium

9    Business segment as well as sales made to consumers exposed only to Dell's "starting price"

10   advertising.  *Id*. at 8-9.

11       The Court held that, with respect to the claims of the certified Class, all requirements of

12   Fed. R. Civ. P. 23(a)—*i.e.*, numerosity, commonality, typicality, and adequacy—were satisfied.

13   *Id*. at 4-6.  Moreover, the Court held that the Fed. R. Civ. P. 23(b)(3) was satisfied as well.  The

14   Court found that "Plaintiffs clearly meet the superiority requirement, because the class action

15   mechanism provides the only practical means by which Dell purchasers can pursue these claims,"

16   and found that the common questions of law and fact were predominant.  *Id*. at 6-8.  The Court

17   rejected Dell's arguments regarding the difficulty of proving the falsity of the "slash-through"

18   prices and materiality/reliance on a class-wide basis.  *Id*. at 6-8.  Considering the question of

19   Class damages, the Court stated that "[i]n this case, there are challenging questions surrounding

20   both the fact and the amount of any damages," but found that Plaintiffs presented a plausible

21   method for calculating each customer's harm.  *Id*. at 8.

22       After the Court issued its class certification Order, Dell filed a petition with the U.S. Court

23   of Appeals, pursuant to Federal Rule of Civil Procedure 23(f), seeking permission to immediately

24   appeal the Court's Order.  Dell's Rule 23(f) petition was denied.

25

26

27   [2] After the Supreme Court granted *certiorari* in *Concepcion*, Dell's counsel sent a letter to
     Plaintiffs' counsel indicating that Dell was reserving its right to re-raise the arbitration issue.

28

D.   **Settlement Negotiations**

Following the Court's class certification Order, and after preliminary communications regarding settlement, the parties agreed to engage in mediation with mediator Randall Wulff of Wulff, Quinby & Sochynsky.  A full-day mediation was held on March 29, 2011.  During the course of the mediation, the parties engaged in arms-length negotiations between counsel and, with the assistance of Mediator Wulff, ultimately reached an agreement in principle to resolve this litigation.  For the past two months, the parties have been working to negotiate and finalize the terms of the Settlement, the proposed forms and methods of notice, and the other related documents.  Sobol Decl., ¶ 8.

III.   **THE PROPOSED SETTLEMENT AND NOTICE PROGRAM**

A.   **The Settlement Class**

The Settlement Class is defined as:  "all individuals and entities in California who purchased a Dell-branded product [identified in the Settlement and Notices] advertised with an instant-off discount from Dell's Home & Home Office segment during the time frame listed for that product."  (Settlement, § II.7.)  The Settlement Class is in substance the same class that the Court previously certified in the litigation context.  *See* Docket No. 306 at 8-9.[3]

Individuals and entities who purchased a class product during the class period without an instant-off discount (*i.e.*, those who paid full list price, were eligible or received a mail-in rebate, or received advertised free or upgraded hardware included in a purchase price without an instant-off) are not part of the Settlement Class.

B.   **Monetary Relief to Class Members and Claims Process**

The monetary relief provided for in the Settlement is straightforward.  Dell will pay $50,

---

[3] The listed computer models and time periods used for the Settlement Class definition (*see* Settlement, § II.7) are based on the Home and Home Office portion (Schedule 1) of the list that Plaintiffs proposed to be included in the Class in connection with their second motion for class certification.  *See* Docket No. 237 at 2; 237-1 at Ex. A.  All computer models and time periods from the Small & Medium Business portion of  Plaintiffs' proposed Class list (Schedule 2, filed at Docket No. 237-1 at Ex. A), and from the period in which Dell was using "starting price" reference prices rather than "slash-through" reference prices, are excluded from the Settlement Class.

in the form of a check, to each Class Member who submits a timely and valid claim.  Upon preliminary approval of the Settlement, notice will be disseminated through multiple means, pursuant to the proposed notice program summarized below, and Class Members will have 105 days from preliminary approval to submit claims for payment.  The claim form will be substantially in the form attached as Exhibit A to the Settlement.  Claim forms may be submitted either by mail or electronically through the settlement website described below.  There is no class-wide cap or ceiling on the overall claims that will be paid to Class Members.  (Settlement, §§ III, V, Ex. A.)

The claim form requires the Class Member to confirm that he/she purchased a Dell-branded product during the Class Period pursuant to an instant-off discount. Indeed, this level of detail is not available in Dell's records to allow notice only to those entitled to recover.  To create the class list, Dell pulled all online Home & Home Office sales with California billing addresses for the products and time frames in the Settlement Class definition and, to the extent it could, filtered out sales eligible for a  mail-in rebate.  Snowden Decl. (attached as Exhibit B to Sobol Decl.) at ¶ 5.  However, Dell was not able to filter out sales made at list price or with free or upgraded hardware.  *Id.*  Thus, the list of those receiving notice will necessarily be overbroad.

**C.**     **Dell's Change in Practice**

While Dell denies that it engaged in any deceptive advertising or violated any law, it acknowledges, as part of the Settlement, that it changed its methodology for consumer online advertising in response to issues raised by Plaintiffs in this action.  (Settlement, §§ III.3.)

**D.**     **Settlement Notice and Notice Plan**

The Settlement includes detailed proposed forms of notice as well as a carefully-tailored and appropriate notice program to ensure the best notice practicable under the circumstances of the pendency of this action, the key terms of the Settlement, Class Counsel's fee application, and Class Members' rights to opt-out of the Settlement Class and object to the Settlement and/or Class Counsel's fee application.  (Settlement, § V, Exs. C-F.)  As set forth below, the notice

1  program will be administered by the parties and an Independent Claims Administrator ("ICA"),[4]

2  and will consist of several parts.

3  ### 1.     E-mail and Mailed Notice

4  Summary notice will be sent to Class Members via e-mail or U.S. Mail.  To that end, Dell,

5  as discussed above, using its purchase records, will prepare a Settlement Class list containing

6  contact information for California customers who purchased the covered products during the

7  relevant time periods.  The Settlement Class list will be provided to the ICA no later than 10 days

8  after preliminary approval.  (Settlement, § V.1.a.)

9  Within 30 days after preliminary approval, the ICA will distribute summary notice,

10  substantially in the forms attached as Exhibits D and E to the Settlement, to all persons on the

11  Settlement Class list via e-mail or U.S. Mail.  For those Class Members for whom e-mail

12  addresses are available, the summary notice will be sent via e-mail.  For all other Class Members

13  on the Settlement Class list, summary notice will be sent, in the form of a postcard, via first class

14  U.S. Mail to the Class Members' billing addresses.  Where summary notice is sent to a Class

15  Member via e-mail and such email is returned undeliverable for any reason, the ICA will send the

16  mailed summary notice to such Class Member's billing address.  For all mailed notices that are

17  returned undeliverable with forwarding information (*i.e.*, with a new address for the recipient),

18  the ICA will re-mail the summary notice to the Class Member's new address indicated.  For all

19  mailed notices that are returned undeliverable without forwarding information, the ICA will re-

20  mail the summary notice to the Class Member's shipping address, if different from their billing

21  address.  For all mailed notices, mailing addresses will be updated through the National Change

22  of Address database before mailing.  (Settlement, § V.1.c.)

23  The proposed e-mail and mailed notice forms contain substantially the same

24  information—including information regarding the nature of the case, the basic terms of the

25  Settlement and claims process, Class Counsel's fee application, Class Members' rights to opt-out

26

27  ---
[4] The parties request that the Court appoint Analytics, Inc. as the ICA.  *See* Reid Declaration (listing relevant background and experience), attached as Exhibit C to Sobol Decl.

28

1   of the Settlement Class and object to the Settlement and/or Class Counsel's fee application, the

2   deadline for submitting opt-out requests and objections, the date and location of the Fairness

3   Hearing, and the internet address of the settlement website, where the long-form notice and

4   further information about the case and Settlement are available and where Class Members can

5   electronically submit claims for settlement payments.  In addition, the e-mail notice will contain a

6   hyperlink to the settlement website.  (Settlement, § V.1.b & c; Exs. D, E.)

7   **2.      Settlement Website and Long-Form Notice**

8   Within 30 days of preliminary approval, the ICA will create a settlement website

9   containing downloadable copies of the preliminary approval Order, the Settlement, the long-form

10  notice substantially in the form attached as Exhibit C to the Settlement,[5] the claim form and,

11  when it is filed, Class Counsel's fee application.  The settlement website will also contain

12  appropriate links through which Class Members can electronically submit claims for settlement

13  payments.  (Settlement, § V.1.b., Ex. C.)

14  **3.      Published Notice and Notice on Dell's Website**

15  In addition, promptly after preliminary approval, notice substantially in the form attached

16  as Exhibit F to the Settlement will be published in weekday editions of the Los Angeles Times,

17  Sacramento Bee, and San Francisco Chronicle.  (Settlement, § V.1.d; Ex. F.)

18  Moreover, within 30 days after preliminary approval, and lasting until the end of the

19  claims period, Dell will post notice of the Settlement on the Legal Notices page of its website.

20  (Settlement, § V.1.e.)

21  **E.      Opt-Out Procedure**

22  Any person within the Settlement Class definition may request to be excluded from the

23  Settlement Class by sending a written request for exclusion, clearly stating their desire to be

24  excluded from the Settlement Class, to the ICA by the deadline proscribed by the notice.[6]  Any

25  _____

26  [5] The proposed long-form notice contains all information required by Fed. R. Civ. P. 23. (Settlement, Ex. C.)

27  [6] The parties propose that the deadline to submit opt-out requests be 75 days after preliminary approval.

28

1   person within the Settlement Class definition who does not timely and validly request to be

2   excluded from the Settlement Class will be bound by a Judgment approving the Settlement.  Any

3   potential Class Member who has opted out of the Settlement Class and wishes to revoke his or her

4   request for exclusion may do so by mailing a letter, prior to the opt-out deadline proscribed by the

5   notice, stating clearly their desire to revoke their previous request for exclusion.  During the opt-

6   out period, the ICA will provide Class Counsel and counsel for Dell with copies of all completed

7   requests for exclusion on a weekly basis.  (Settlement, § V.1.g.)

8          **F.     Opportunity to Object and/or Appear at Fairness Hearing**

9          Any Class Member (*i.e.*, any person falling within the definition of the Settlement Class

10  who does not timely and validly opt out of the Settlement Class) may object to the Settlement,

11  Class Counsel's fee application, and/or the request for service awards for the class

12  representatives.  To be considered, an objection must be sent to the Clerk of Court and counsel for

13  both Dell and Plaintiffs at the addresses indicated in the notice, must be postmarked by the

14  deadline proscribed by the notice,[7] and must include the following information:  the Class

15  Member's full name and current address and telephone number; all of the Class Member's

16  objections, the reasons therefore, and any supporting papers and evidence; and the Class

17  Member's signature.  Class Members who submit timely objections may also appear at the

18  Fairness Hearing, but are not required to do so.  Any Class Member who wishes to appear at the

19  Fairness Hearing must specify in their written objection their intent to appear.  (Settlement, § V.2)

20         **G.     Payment of Attorneys' Fees and Expenses**

21         Class Counsel will request an award of reasonable attorneys' fees and costs in an amount

22  up to $7 million.[8]  Dell agrees that it will not oppose such request.  Any payment of Class

23  Counsel's attorneys' fees and costs shall be made by Dell and shall be separate from and in

24  addition to amounts paid to Class Members pursuant to the claims process.  Class Counsel will

25  ──────────────
    [7] The parties propose that the deadline to submit objections be 75 days after preliminary approval.

26  [8] As will be fully discussed in Class Counsel's fee application, this amount is commensurate with
    Class Counsel's commitments of time and resources in this litigation, and represents an

27  appropriate award in light of, *inter alia*, such commitments, the result achieved, and the risks
    assumed by Class Counsel in pursuing this litigation.

28

1    file their fee application no later than 20 days before the deadline for Class Members to submit

2    objections.  (Settlement, §§ V.2, VII.)

3        **H.    Payment of Service Awards for Class Representatives**

4        Class Counsel will petition the Court for service awards for both class representatives, in

5    an amount up to $5,000 for each class representative, to compensate them for their time and effort

6    spent in connection with prosecuting this action.  Dell agrees that it will not oppose such request.

7    Any service awards granted by the Court shall be made by Dell and shall be separate from and in

8    addition to amounts paid to Class Members pursuant to the claims process.  (Settlement, § VI.)

9    **IV.    ARGUMENT**

10       **A.    The Class Action Settlement Approval Process**

11       Judicial proceedings under Federal Rule of Civil Procedure 23 have led to a defined three-

12   step procedure for approval of class action settlements:

13           (1)    Certification of a settlement class and preliminary approval
             of the proposed settlement after submission to the Court of a written
14           motion for preliminary approval.

15           (2)    Dissemination of notice of the proposed settlement to the
             affected class members.
16

17           (3)    A formal fairness hearing, or final settlement approval
             hearing, at which class members may be heard regarding the
18           settlement, and at which evidence and argument concerning the
             fairness, adequacy, and reasonableness of the settlement are
             presented.
19

20   *See* Manual for Complex Litigation, Fourth (Fed. Jud. Center 2004), §§ 21.63 *et seq.*  This

21   procedure safeguards class members' procedural due process rights and enables the Court to

22   fulfill its role as guardian of class interests.  *See* 4 *Newberg on Class Actions*, § 11.22 *et seq.* (4th

     ed. 2002) ("*Newberg*").
23

24       With this motion, Plaintiffs respectfully request that the Court take the first step in the

25   settlement approval process by granting preliminary approval of the proposed Settlement and

     issue the related relief requested above.
26

27       **B.    Certification of the Settlement Class is Appropriate**

28       The proposed Settlement Class is in substance the same as the litigation class the Court

921345.3                              - 10 -

1   has already certified in this case.  *See* Docket No. 306.  For the same reasons the Court certified

2   the litigation Class—*i.e.*, all Rule 23(a) requirements and Rule 23(b)(3) are satisfied—

3   certification of the Settlement Class here is appropriate.  In fact, the case for certification for

4   settlement purposes is even clearer, as the Court need not consider the manageability of a

5   potential trial since the Settlement, if approved, would obviate the need for a trial.  *See Hanlon v.*

6   *Chrysler Corp.*, 150 F.3d 1011, 1021-23 (9th Cir. 1998).

7          **C.      Preliminary Approval of the Settlement is Appropriate.**

8          The law favors the compromise and settlement of class action suits.  *See, e.g., Byrd v.*

9   *Civil Serv. Comm'n*, 459 U.S. 1217 (1983); *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566,

10   576 (9th Cir. 2004); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992);

11   *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

12          "[T]he decision to approve or reject a settlement is committed to the sound discretion of

13   the trial judge because he is exposed to the litigants and their strategies, positions, and proof."

14   *Hanlon*, 150 F.3d at 1026.  In exercising such discretion, the Court should give "proper deference

15   to the private consensual decision of the parties…[T]he court's intrusion upon what is otherwise a

16   private consensual agreement negotiated between the parties to a lawsuit must be limited to the

17   extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or

18   overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a

19   whole, is fair, reasonable and adequate to all concerned."  *Hanlon*, 150 F.3d at 1027; *see also*

20   Fed. R. Civ. P. 23(e)(2).

21          At the preliminary approval stage, a court need only find that the proposed settlement is

22   within the "range of reasonableness," such that dissemination of notice to the class and the

23   scheduling of a fairness hearing are worthwhile and appropriate.  4 *Newberg* § 11.25; *see also In*

24   *re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079-80 (N.D. Cal. 2007); *Young v. Polo*

25   *Retail, LLC,* 2006 WL 3050861, at * 5 (N.D. Cal. Oct. 25, 2006).

26          The proposed Settlement here readily satisfies the standard for preliminary approval

27   because:  (a) it is the product of  serious, arms-length negotiations between the parties, reached

28   after substantial and hard-fought litigation and thorough investigation and extensive discovery by

1   Plaintiffs; (b) it provides substantial relief to the Settlement Class, and is fair, reasonable, and

2   adequate given the remaining Class claims, the alleged harm, and the parties' respective litigation

3   risks; and (c) it was negotiated by, and is recommended by, experienced Class Counsel, and was

4   reached with the help of an experienced, well-respected mediator.

**1.   The Settlement is the Product of Arms-Length Negotiations Between the Parties After Hard-Fought Litigation and a Thorough Investigation by Plaintiffs**

7   "Before approving a class action settlement, the district court must reach a reasoned

8   judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion

9   among, the negotiating parties." *City of Seattle*, 955 F.2d at 1290.  Where a settlement is the

10   product of arms-length negotiations conducted by capable and experienced counsel, the court

11   begins its analysis with a presumption that the settlement is fair and reasonable.  *See* 4 *Newberg*

12   § 11.41; *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980).

13   The Settlement that Plaintiffs submit for the Court's consideration is the product of arms-

14   length negotiations between the parties.  The parties engaged in a full-day mediation before an

15   experienced mediator, Randall Wulff, and were able to reach an agreement in principle on the key

16   terms of the proposed Settlement.  *See* Sobol Decl., ¶ 8.  For the past two months, the parties have

17   been working to negotiate and finalize the terms of the Settlement, the proposed forms and

18   methods of notice, and the other related documents.  *Id*.  The parties were represented throughout

19   these negotiations by counsel experienced in the prosecution, defense, and settlement of complex

20   class actions, and were guided by the Court's prior rulings in this case.

21   Moreover, the Settlement is informed by Plaintiffs' thorough investigation and extensive

22   discovery efforts, and comes after extensive, hard-fought litigation by the parties during the over

23   four years this case has been pending.  Prior to filing their initial complaint, and continuing

24   throughout the litigation, Plaintiffs closely investigated and tracked the price and savings

25   representations on Dell's website, capturing and storing screenshots and relevant data for the

26   computer models purchased by Plaintiffs and the Class.  *See* Docket No. 114 (Declaration of

27   Daniel M. Hattis), ¶¶ 6-7.

28   The parties have also engaged in extensive formal discovery.  Both sides have propounded

1    and responded to numerous interrogatories and written discovery requests.  Dell has produced,

2    and Plaintiffs reviewed, well over 1 million pages of memoranda, correspondence and other

3    documents, as well as extensive customer sales data.  Plaintiffs have produced considerable

4    documents and data as well.  Plaintiffs have deposed numerous Dell witnesses, including eight

5    Rule 30(b)(6) Dell corporate designees.  Dell has likewise deposed both class representatives.

6    Moreover, both parties engaged multiple expert witnesses, each of whom submitted extensive

7    formal expert reports and/or responsive reports and had their depositions taken.  Additionally,

8    Plaintiffs subpoenaed documents from third-party consultant Bain & Company, Inc., which

9    produced nearly 100,000 pages of documents.  Sobol Decl., ¶ 6.

10          Further, as the Court is aware, this case has been heavily litigated.  The parties have

11   litigated multiple dispositive and other important motions raising complex legal and factual

12   issues, including Dell's motion to compel arbitration, two separate Rule 12(b) motions to dismiss

13   and/or strike class allegations, Dell's Rule 12(c) motion for judgment on the pleadings, and two

14   motions for class certification.  In addition, the parties have litigated discovery disputes and

15   engaged in extensive meet and confer to informally resolve several discovery matters.  Sobol

16   Decl., ¶ 7.

17          **2.      The Settlement is Fair, Reasonable, and Adequate Given the Alleged
                      Harm to the Class and the Potential Risks of Ongoing Litigation.**

18

19          The proposed Settlement here provides important monetary relief for the Settlement Class.

20   Specifically, the Settlement allows all Class Members to submit claims for their purchases at

21   issue, and provides that Dell will pay *all* valid claims that are submitted, in the amount of $50 for

22   each claim.[9]  There is no class-wide cap or ceiling on the overall claims that will be paid pursuant

23   to the Settlement, and thus no Class Member who submits a valid claim will be denied recovery.

24

25   _____

26   [9] In deciding whether to approve a class action settlement, one of the factors that courts consider
     is whether there is potential collusion among the parties and/or counsel or other inequality with
     respect to way the settlement treats class members vis-à-vis each other.  *See* 4 *Newberg* § 11.25.

27   As Dell will pay all Class Members the same amount of money for each valid claim submitted,
     any hint of collusion or inequality is completely absent here.

28

1    (Settlement, § III.)[10]

2          The claim form is simple and straightforward  (Settlement, Ex. A.).  Moreover, for the

3    convenience of Class Members, claims may be submitted by mail or electronically via a hyperlink

4    on the settlement website.  (Settlement, § III, Ex. A.)[11]  Further, the Settlement separately

5    provides for the payment of attorneys' fees and expenses directly by Dell, subject to Court

6    approval.  Thus, the payment of attorneys' fees and costs will not affect the recovery for Class

7    Members.  (Settlement, § VII.)

8          The monetary relief provided for in the Settlement is fair, reasonable and adequate,

9    particularly given the potential risks of further litigation for the Settlement Class.  Both liability

10   and damages are disputed in these actions, and Plaintiffs would face a number of difficult

11   challenges if this case were to proceed to trial.  Among other defenses, Dell has asserted, and/or

12   has indicated that it will assert, that:  (a) its "slash-through" prices were not false, and that its

13   methods for "establishing" such reference prices (*e.g.*, by selling the products with mail-in-rebate

14   discounts) were sufficient to make the "slash-through" prices legitimate; (b) some customers were

15   not influenced by its reference prices but instead focused primarily on the actual selling prices;

16   (c) Plaintiffs and Class Members received computers of equal or greater value than what they

17   paid, and Dell's selling prices are competitive with its competitors' prices for comparable

18   computers; and (d) Plaintiffs and the Class cannot demonstrate that they were harmed..

19         Additionally, there is a possibility that Dell could attempt to seek reconsideration of the

20   Court's denial of Dell's motion to compel arbitration of Plaintiffs' claims, based on the Supreme

21   Court's decision in *Concepcion*.  While Plaintiffs strongly disagree that Dell could succeed with

22   these defenses, they are indicative of the risks and hurdles Plaintiffs and the Settlement Class

23   would face should this case proceed to trial.  The proposed Settlement allows Class Members to

---

[10] A claims process is appropriate, and in fact necessary, here since Dell cannot identify each Class Member through its internal records. *See* Snowden Decl. (attached as Exhibit B to the Sobol Decl.), at ¶ 5.

[11] The ability to submit claim forms electronically is particularly appropriate and beneficial to Class Members here, given that the Settlement Class consists exclusively of customers who purchased the products at issue online via Dell's website.

1   avoid the risk of unfavorable rulings on these and other issues, while still providing them

2   considerable relief.

3       The Settlement also provides the Settlement Class with another significant benefit that

4   they could not likely receive if they proceeded to trial—prompt relief.  Proceeding to trial could

5   add years to the resolution of this case, given the legal and factual issues raised and likelihood of

6   appeals, including with respect to issues already decided by this Court, such as class certification.

7       Moreover, in addition to the important monetary relief provided for in the Settlement, this

8   litigation has already resulted in important changes to the way Dell does business.  Specifically,

9   as set forth in the Settlement, while Dell denies that it engaged in any deceptive advertising or

10  violated any law, Dell acknowledges that it changed its methodology for consumer online

11  advertising in response to issues raised by Plaintiffs in this action.  (Settlement, § I.F.)  These

12  changes will benefit Class Members and other Dell customers going forward.

13      **3.      The Recommendation of Experienced Counsel Favors Approval.**

14      The judgment of experienced counsel regarding the Settlement should be given significant

15  weight.  *See Linney v. Cellular Alaska Partnership*, 1997 WL 450064, at 5 (N.D. Cal. Jul. 18

16  1997); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980); *Boyd v. Bechtel*

17  *Corp.*, 485 F.Supp. 610, 622 (N.D. Cal. 1979) ("The recommendations of plaintiffs' counsel

18  should be given a presumption of reasonableness.").  Here, counsel for both parties endorse the

19  Settlement as fair, adequate, and reasonable.  *See* Sobol Decl., ¶ 9; Hattis Decl., ¶ 6.

20      Class Counsel here have extensive experience litigating and settling consumer class

21  actions and other complex matters.[12]  They have conducted an extensive investigation into the

22  factual and legal issues raised in this action.  The fact that qualified and well-informed counsel

23  endorse the Settlement as being fair, reasonable, and adequate weighs heavily in favor of the

24  Court approving the Settlement.  Moreover, the key terms of the Settlement were recommended

25  by a capable mediator with considerable experience mediating class actions.

26

27  _____

    [12] *See* Sobol Decl., ¶¶ 2-4; Hattis Decl., ¶¶ 3-4, Ex. A.

28

D.    **The Proposed Forms of Notice and Notice Program are Appropriate and Should be Approved.**

The proposed forms of notice and notice program here fully comply with due process and Fed.R.Civ.P. 23.  Rule 23(c)(2)(B) requires:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must concisely and clearly state in plain, easily understood language:  the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

In the context of a class settlement, the notice must also include a general description of the proposed settlement.  *See Churchill Village*, 361 F.3d at 575; *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).  Notice sent to each class member "who can be identified through reasonable effort" constitutes reasonable notice.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

The proposed forms of notice here include the required information, including a description of the key terms of the Settlement.[13]  *See* Settlement, Exs. C-F.  Moreover, the proposed multi-part notice program—which includes mailed/e-mailed notice, a settlement website with long-form notice and access to the other key documents, published notice, and notice on Dell's website—is appropriately tailored to ensure the best notice practicable under the circumstances.  *See generally* Reid Decl (attached as Exhibit C to Sobol Decl.).  Specifically, Dell will provide a list of the names and contact information for Class Members to the ICA, which will mail or e-mail the summary notice to each listed Class Member.  Those Class Members for whom e-mail addresses are available will receive summary notice via email; for other Class Members, summary notice will be mailed.  Courts in this District and elsewhere have repeatedly recognized that e-mail notice is particularly appropriate for populations such as the Settlement Class here,

---

[13] In addition, the complete Settlement and all exhibits thereto will be available on the settlement website.  (Settlement, § V.1.b.)

- 16 -

which consists exclusively of customers who purchased the Dell-branded products at issue online via Dell's website.  *See, e.g., Browning v. Yahoo! Inc.*, 2006 WL 3826714, * 8 (N.D. Cal.  Dec. 27, 2006) (the proposed notice program "employs email techniques that the Court finds to be particularly suitable in this case, where Settlement Class Members' allegations arise from their visits to Defendants' Internet websites, demonstrating that the Settlement Class Members are familiar and comfortable with email and the Internet."); *Farinella v. Paypal, Inc.*, 611 F.Supp.2d 250, 256 (E.D.N.Y. 2009) ("the Court is satisfied that potential class members in this case are uniquely suited for email notification because…their interactions with the defendants have exclusively or predominantly been via email and over the internet "); *Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 48-49, 58 (2008) ("The class members conducted business with defendant over the Internet, and can be assumed to know how to navigate between the [e-mailed] summary notice and the Web site.  Using the capability of the Internet in that fashion was a sensible and efficient way of providing notice."); *see also Schemkes v. Presidential Limousine*, 2011 WL 868182, *4-5 (D. Nev. Mar. 10, 2011) (finding e-mail notice appropriate because e-mail addresses typically retained even when a class member changes physical address).

Appropriate additional steps will be taken to ensure the best distribution of the summary notice practicable, including mailing summary notice to those Class Members for whom e-mail notice is returned undeliverable,[14] running all mailing addresses through the National Change of Address database to help ensure that the Class Members' address information is as current as possible, and appropriate measures to address instances where mailed notices are returned undeliverable.  (Settlement, § V.1.)  Moreover, notice of the Settlement will be published in multiple prominent California newspapers and will appear on Dell's website as well.  (Settlement, § V.1.d & e.)

The ICA will also establish a settlement website, where Class Members can access a full version of the Settlement, the long-form notice (*see* Settlement, Ex. C), and the preliminary

---

[14] *See Browning*, 2006 WL 3826714 at * 8 (approving notice program where notice sent via e-mail and, where e-mails returned undeliverable, via mail).

approval order, and can submit claims for settlement payments electronically. (Settlement, § V.1.b.) All forms of notice—including the long-form notice, email and mailed summary notices, and published notice—will direct Class Members who are interested in receiving more information about the litigation, the Settlement, and/or their rights regarding the Settlement, to the settlement website. (Settlement, Exs. C-F.)

### E. The Court Should Schedule a Fairness Hearing and Corresponding Dates.

The last step in the approval process is a Fairness Hearing where the Court may hear all evidence and argument necessary to evaluate whether to grant final approval of the Settlement. Consistent with the Settlement, Plaintiffs respectfully request that the Court set the following schedule in connection with the Fairness Hearing and final approval of the Settlement:

| | |
|---|---|
| Deadline for potential Class Members to mail requests to be excluded from the Settlement Class | 75 days after the Court grants preliminary approval of the Settlement. |
| Deadline for Class Members to submit objections to the proposed Settlement, Class Counsel's fee application, and/or the request for service awards for the class representatives | 75 days after the Court grants preliminary approval of the Settlement. |
| Fairness Hearing | 100 days after the Court grants preliminary approval of the Settlement |

| Deadline for Class Members to mail or electronically submit claims for settlement payments | 105 days after the Court grants preliminary approval of the Settlement |
|---|---|
| Deadline for Class Counsel to file their fee application. | 20 days before the Close of the Objection Deadline |

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order:  (1) certifying for settlement purposes the proposed Settlement Class, which is in substance the same class of consumers that the Court already certified in its or Order Granting in part and Denying in Part Plaintiffs' Motion for Class Certification (Docket No. 306); (2) continuing the appointment of Lieff, Cabraser, Heimann & Bernstein LLP (Michael W. Sobol, Rachel Geman, Allison S. Elgart, and Roger Heller) and the Law Offices of Angelo Salvatore Parise (Daniel M. Hattis) as Class Counsel; (3) appointing Plaintiffs Chad Brazil and Steven Seick as Settlement Class Representatives; (4) granting preliminary approval of the proposed Settlement; (5) approving the parties' proposed forms of notice and notice program, and directing that notice be disseminated pursuant to such program; (6) approving the parties' proposed claim form and claims process; (7) appointing Analytics, Inc. as the Independent Claims Administrator; and (8) setting a Fairness Hearing and certain other dates in connection with the final approval of the Settlement.

1

2   Dated: May 27, 2011                Respectfully submitted,

3                                       By:  /s/  Michael W. Sobol
4                                              Michael W. Sobol

5                                       Michael W. Sobol (State Bar No. 194857)
                                        Allison S. Elgart (State Bar No. 241901)
6                                       Roger N. Heller (State Bar No. 215348)
7                                       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                        275 Battery Street, 29th Floor
8                                       San Francisco, CA  94111-3339
                                        Telephone:  (415) 956-1000
9                                       Facsimile:  (415) 956-1008

10                                      Rachel Geman (admitted *pro hac vice*)
11                                      LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                        250 Hudson St, 8th Floor
12                                      New York, NY  10013-1413
                                        Telephone:  (212) 355-9500
13                                      Facsimile:  (212) 355-9592

14                                      Daniel M. Hattis (State Bar No. 232141)
15                                      Angelo Salvatore Parise (State Bar No. 165690)
                                        LAW OFFICES OF ANGELO SALVATORE PARISE
16                                      16870 West Bernardo Drive, Suite 400
                                        San Diego, CA  92127
17                                      Telephone:  (858) 674-6660
                                        Facsimile:  (858) 674-6661
18

19                                      *Class Counsel*

20

21

22

23

24

25

26

27

28

PLTFS' NOTICE OF MOTION AND MOTION FOR
ORDER RE: PRELIM. APPROVAL OF SETTLEMENT
CASE NO. C-07-01700 RMW