Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
Allison S. Elgart (State Bar No. 241901)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman (NY Bar No. RG 0998) (Pro Hac Vice)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Daniel M. Hattis (State Bar No. 232141)
Angelo Salvatore Parise (State Bar No. 165690)
LAW OFFICES OF ANGELO SALVATORE PARISE
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 674-6660
Facsimile: (858) 674-6661

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELL INC. and Does 1-10,<br><br>Defendant. | Case No. C-07-01700 RMW<br><br>**DECLARATION OF MICHAEL W. SOBOL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND FOR RELATED RELIEF**<br><br>Date: July 1, 2011<br>Time: 9:00 a.m.<br>Courtroom: 6<br>Judge: Hon. Ronald M. Whyte |

I, Michael W. Sobol, declare and state:

1. I am a member in good standing of the California State Bar, a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), and counsel for plaintiffs and the class in this action. I submit this declaration in support of Plaintiffs' Motion for Order

Granting Preliminary Approval of Proposed Class Action Settlement and for Related Relief. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2. I am a 1989 graduate of Boston University School of Law. I practiced law in Massachusetts from 1989 to 1997. From 1995 through 1997, I was a Lecturer in Law at Boston University School of Law. In 1997, I left my position as partner in the Boston firm of Shafner, Gilleran & Mortensen, P.C. to move to San Francisco where I joined LCHB. Since joining LCHB in 1997, I have almost exclusively represented plaintiffs in consumer protection class actions. I have been a partner with LCHB since 1999. I am in my ninth year as chair of LCHB's consumer practice group, and as such am involved in and oversee a wide range of consumer protection litigation. I have served as plaintiffs' class counsel in numerous nationwide and statewide consumer class action cases.

3. LCHB is one of the oldest, largest, most respected, and most successful law firms in the country representing plaintiffs in class actions. LCHB has been repeatedly recognized over the years as one of the top plaintiffs' law firms in the country by both The National Law Journal and The American Lawyer. *See, e.g., The Plaintiffs' Hot List*, National Law Journal (Oct. 4, 2010) (LCHB has received this same award each year from 2003 through 2010); J. Triedman, *A New Lieff*, The American Lawyer (Dec. 2006), at 13 ("one of the nation's premier plaintiffs' firms"); A. Frankel, *Sweet Sixteen*, Litigation 2004, Supplement to The American Lawyer & Corporate Counsel (Dec. 2004), at 8-10.

4. A true and correct copy of LCHB's firm resume was previously submitted as Exhibit 1 to my declaration filed on May 29, 2009 in support of Plaintiffs' Motion for Class Certification and Designation as Lead Counsel (Docket No. 122-1). LCHB's firm resume describes some of the firm's experience in consumer class actions and other class actions and complex litigation, and gives biographical information about the attorneys at the firm. As set forth therein, LCHB represents plaintiffs in consumer, securities, employment, antitrust, civil rights, and mass tort cases. LCHB has extensive experience in the prosecution of consumer protection class action cases. LCHB has served as class counsel in hundreds of class actions

1  nationwide, resulting in hundreds of judgments and settlements which have recovered billions of
2  dollars for its clients.

3      5.    A true and correct copy of the parties' proposed Settlement Agreement and
4  Release ("Settlement") is attached hereto as **Exhibit A**.

5      6.    LCHB has dedicated considerable time and resources to investigating,
6  litigating, and negotiating a resolution of this action, together with our co-counsel, Daniel M.
7  Hattis of the Law Office of Angelo Salvatore Parise.  Our negotiation of the proposed Settlement
8  was informed by our thorough investigation and extensive discovery efforts, and comes after
9  extensive, hard-fought litigation by the parties during the over four years this case has been
10 pending.  Prior to filing their initial complaint, and continuing throughout the litigation, Plaintiffs
11 closely investigated and tracked the price and savings representations on Dell's website, capturing
12 and storing screenshots and relevant data for the computer models purchased by Plaintiffs and the
13 Class.  *See* Docket No. 114 (Declaration of Daniel M. Hattis), ¶¶ 6-7.  The parties have also
14 engaged in extensive formal discovery.  Both sides have propounded and responded to numerous
15 interrogatories and written discovery requests.  Dell has produced, and Plaintiffs reviewed, well
16 over 1 million pages of memoranda, correspondence and other documents, as well as extensive
17 customer sales data.  Plaintiffs have produced considerable documents and data as well.  Plaintiffs
18 have deposed numerous Dell witnesses, including eight Rule 30(b)(6) Dell corporate designees.
19 Dell has likewise deposed both class representatives.  Moreover, both parties engaged multiple
20 expert witnesses, each of whom submitted extensive formal expert reports and/or responsive
21 reports and had their depositions taken.  Additionally, Plaintiffs subpoenaed documents from
22 third-party consultant Bain & Company, Inc., which produced nearly 100,000 pages of
23 documents.

24     7.    Further, as the Court is aware, this case has been heavily litigated.  The
25 parties have litigated multiple dispositive and other important motions raising complex legal and
26 factual issues, including Dell's motion to compel arbitration, two separate Rule 12(b) motions to
27 dismiss and/or strike class allegations, Dell's Rule 12(c) motion for judgment on the pleadings,
28

1   and two motions for class certification.  In addition, the parties have litigated discovery disputes
2   and engaged in extensive meet and confer to informally resolve several discovery matters.

3           8.        Following the Court's December 21, 2010 class certification Order, and
4   after preliminary communications regarding settlement, the parties agreed to engage in mediation
5   with mediator Randall Wulff of Wulff, Quinby & Sochynsky.  A full-day mediation was held on
6   March 29, 2011.  During the course of the mediation, the parties engaged in arms-length
7   negotiations between counsel and, with the assistance of Mediator Wulff, ultimately reached an
8   agreement in principle to resolve this litigation.  For the past several weeks, the parties have been
9   working to negotiate and finalize the terms of the Settlement, the proposed forms and methods of
10  notice, and the other related documents.

11          9.        Based on my experience and my knowledge of this litigation, including
12  the Court's previous orders in this case, the nature of the class claims and harm alleged, and the
13  parties' respective litigation risks, it is my opinion that the class settlement achieved in this case is
14  fair, reasonable, and adequate and should be approved.

15          10.        Attached hereto as **Exhibit B** is a true and correct copy of the Declaration
16  of Reggie Snowden, Dell, Inc., submitted in connection with this motion.

17          11.        Attached hereto as **Exhibit C** is a true and correct copy of the Declaration
18  of Jonathan Reid, Analytics, Incorporated, submitted in connection with this motion.

19

20          I declare under penalty of perjury that the foregoing is true and correct.  Executed
21  this 27th day of May, 2011, San Francisco, California.

22

23
                              /s/ Michael W. Sobol
24                                Michael W. Sobol

25

26  922669. 1

27

28

- 4 -   DECLARATION OF MICHAEL W. SOBOL
CASE NO. C-07-01700 RMW