***E-FILED - 7/15/11***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DELL INC. and Does 1-10,<br><br>    Defendant. | Case No. C-07-01700 RMW<br><br>**[] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING A SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING** |

    Upon review and consideration of the Settlement Agreement and Release, and the attachments thereto, which have been filed with the Court, IT IS HEREBY ORDERED and ADJUDGED as follows:

    1.    The Court has carefully reviewed the Settlement Agreement and Release ("Settlement") as well as the files, records, and proceedings to date in this matter. The definitions in the Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement.

2. The parties have agreed to settle the above-referenced class action upon the terms and conditions set forth in the Settlement, which has been filed with this Court. The Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Plaintiffs, by and through their counsel, have investigated the facts and law related to the matters alleged in their Complaint, including extensive pre-trial discovery, motion practice, class certification, and an evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was reached as a result of arms-length negotiations between Class Counsel and Counsel for Dell, Inc. ("Dell"), including a full-day mediation session with a respected mediator, Mr. Randall Wulff. The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are recoverable at trial, without the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal.

3. The Settlement Class is in substance the same class of consumers that the Court certified in its Order Granting In Part and Denying In Part Plaintiffs' Motion for Class Certification (Docket No. 306) and consists of:

> "All individuals and entities in California who purchased a Dell-branded product identified below and advertised with an instant-off discount online from Dell's Home & Home Office segment during the time frame listed for that product:

| Form | Model | Start Date | End Date |
|---|---|---|---|
| Desktop | Dimension B110 | November 1, 2005 | November 30, 2006 |
| Desktop | Dimension C521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E310 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E510 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E520 | September 1, 2006 | May 3, 2007 |
| Desktop | Dimension E521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E521n | September 1, 2006 | June 25, 2007 |
| Desktop | Precision 670 | November 1, 2005 | June 30, 2006 |
| Desktop | Precision 690 | April 1, 2007 | January 31, 2008 |
| Notebook | Inspiron 14(1420) | May 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1420n | May 1, 2007 | June 26, 2007 |
| Notebook | Inspiron 1501 | September 1, 2006 | June 25, 2007 |
| Notebook | Inspiron 1520 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1521 | June 1, 2007 | June 25, 2007 |

| | | | |
|---|---|---|---|
| Notebook | Inspiron 1720 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1721 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 2200 | October 1, 2005 | January 31, 2006 |
| Notebook | Inspiron 6000 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 600m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 700m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 710m | February 1, 2006 | August 31, 2006 |
| Notebook | Inspiron 9300 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron B120 | November 1, 2005 | May 31, 2006 |
| Notebook | Inspiron B130 | December 1, 2005 | January 31, 2007 |
| Notebook | Inspiron E1405 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1505 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1705 | March 1, 2006 | June 28, 2007 |

4. Individuals and entities who purchased an above-listed product on a listed date without an instant-off discount (e.g. those who paid the full list price, were eligible for or received a mail-in-rebate, or received advertised free hardware or upgraded hardware included in a purchase price without an instant off) are not part of the Settlement Class. Excluded from the Settlement Class are: (1) Dell, any entity in which Dell has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) retailers, wholesalers, and other individuals or entities that purchased listed Dell products for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the judge's immediate family; and (5) persons who timely and validly opt to exclude themselves from the Settlement Class.

5. The Court finds that the prerequisites for a class action under Rules 23(a) and(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the same reasons previously set forth in the Order Granting In Part and Denying In Part Plaintiffs' Motion for Class Certification (Docket No. 306).

6. The Court continues the appointment of Lieff Cabraser Heimann & Bernstein, LLP (lawyers Michael W. Sobol, Rachel Geman, Allison S. Elgart, and Roger Heller) and the Law Offices of Angelo Salvatore Parise (Daniel M. Hattis) as Class Counsel to effectuate the Settlement. For purposes of these Settlement approval proceedings, the Court finds that these

1  firms are competent and capable of exercising their responsibilities as Class Counsel.  The Court

2  designates the Plaintiffs as representatives of the Settlement Class.

3        7.      The Fairness Hearing shall be held before this Court one-hundred (100)

4  days from now, to determine whether the Settlement is fair, reasonable, and adequate and should

5  receive final approval.  The Court will rule on Class Counsel's application for an award of

6  attorneys' fees and costs and service awards for the Representative Plaintiffs at that time.  The

7  Court's determination of whether to approve the Settlement is separate from its award of

8  attorneys' fees and service awards.  The Fairness Hearing maybe postponed, adjourned, or

9  continued by Order of the Court without further notice to the Settlement Class.  After the Fairness

10  Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement that

11  will adjudicate the rights of the Settlement Class Members with respect to the claims being

12  settled.

13        8.      Pending the Fairness Hearing, other than proceedings necessary to carry

14  out or enforce the terms and conditions of the Settlement, this matter is stayed.

15        9.      The Court approves, as to form and content, the Notices attached to the

16  Settlement as Exhibits C-F and the Claim Form attached as Exhibit A.  Not later than thirty (30)

17  days after the entry of this Order, the ICA will commence notice to the Settlement Class as

18  directed in the Settlement.  Class members shall receive individualized notice through email

19  and/or U.S. Mail, as described in the Settlement, and additional notice will be provided through

20  publication notice and Dell's website and the case-specific website.

21        10.      The Court finds that the Notices are reasonable, that they constitute due,

22  adequate and sufficient notice to all persons entitled to receive notice, and they meet the

23  requirements of due process in Rule 23 of the Federal Rules of Civil Procedure.  The Court finds

24  that the matter of dissemination of the Notice complies with Fed. R. Civ. P. Rule 23(e) as it is a

25  reasonable manner of providing notice to those Settlement Class members who would be bound

26  by the Settlement.  The Court also finds that the Notice complies with Rule 23(c)(2) as it is also

27  the best practicable notice under the circumstances, provides individual notice to all Class

28  Members who can be identified through a reasonable effort, and is reasonably calculated, under

all the circumstances, to apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement, and the right to object to the Settlement or opt out.

11. Settlement Class members will have one hundred five (105) days after the entry of this Preliminary Approval Order to file claims. Settlement Class members will have seventy-five (75) days after entry of the Preliminary Approval Order to object to or opt out of the Class. The process for filing claims, objecting, and opting out of the Settlement Class is set forth in the Settlement Agreement.

12. Class Counsel shall file their fee application on or before 20 days prior to the close of the objections period.

13. The dates of performance contained herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

14. If the Settlement does not receive Final Approval, then the Settlement shall become null and void. The Settlement Class members shall be restored to their respective positions before the entry of this Preliminary Approval Order.

15. Analytics, Incorporated is hereby appointed as the ICA for this Settlement and shall perform all the duties of the Independent Claims Administrator as set forth in the Settlement.

16. Class Counsel and Counsel for Dell are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, non-material changes to the form or content of the Notice(s) and other exhibits that they jointly agree are reasonable and/or are necessary.

IT IS SO ORDERED this 15 day of July, 2011

*Ronald M. Whyte*

The Honorable Ronald M. Whyte
United States District Court Judge

**The Fairness Hearing is set for October 28, 2011 at 9:00 a.m.**