# EXHIBIT C

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement") is made and entered into by and between (1) Chad Brazil and Steven Seick ("Plaintiffs" and/or "Class Representatives"), individually and as Class Representatives of the "Settlement Class," as defined below; and (2) Dell Inc. ("Dell").  The Plaintiffs and Dell are collectively referred to herein as the "Parties."

## I.   RECITALS

This Agreement is made for the following purpose and with reference to the following facts:

A.    On or about March 23, 2007, Plaintiffs filed a class action complaint against Dell on behalf of  California consumer and business classes.  The action was filed in the United States District Court for the Northern District of California (the "Court"), thereby commencing the civil action entitled *Chad Brazil, et al. v. Dell Inc.*, No. 5:07-cv-01700-RMW (the "Action"). Plaintiffs alleged that Dell falsely advertised its discounts for its computers and other products and services.  Based on these allegations Plaintiffs asserted claims for breach of contract, negligent and intentional misrepresentation, unjust enrichment, and violations of the California Consumers Legal Remedies Act and Business and Professions Code.

B.    Dell moved to compel individual arbitration, and in August 2007, the Court denied that motion.

C.    Dell then moved to dismiss Plaintiffs' first amended complaint and to strike Plaintiffs' class allegations, arguing in part that Texas law should govern Plaintiffs' claims and that Plaintiffs had not adequately defined the class.  The Court granted Dell's motion in July 2008, and Plaintiffs thereafter filed a second amended complaint, bringing their claims under

921123.1

Texas law and revising their class definition. Dell again moved to dismiss Plaintiffs' complaint and strike their class allegations. This time, the Court denied Dell's motion.

D. Plaintiffs moved for class certification in May 2009. In March 2010, the Court reconsidered its earlier choice of law ruling, finding that California law governed Plaintiffs' claims, deferring ruling on the class certification motion until Plaintiffs had repled under California law. Plaintiffs then filed a third amended complaint re-asserting their claims under California law and further revising the class definition.

E. In July 2010, Plaintiffs again moved for class certification. Dell opposed that motion and filed a motion for judgment on the pleadings. In December 2010, the Court granted, in part, and denied, in part, the motion for judgment on the pleadings. The Court upheld Plaintiffs' statutory consumer protection and false advertising claims and their common-law tort claims, and dismissed Plaintiffs' breach of contract and unjust enrichment claims. With respect to the class certification motion, the Court certified a class of "[a]ll persons or entities who are citizens of the State of California who on or after March 23, 2003, purchased via the Home & Home Office segment of Dell's Web site Dell-branded products advertised with a represented former sales price (i.e., a "Slash-Thru" price)." The Court excluded from the class definition sales made through Dell's Small & Medium Business segment as well as sales made to consumers exposed only to Dell's "starting price" advertising.

F. Dell denies all wrongdoing or liability of any kind associated with the claims alleged in any and all complaints filed by Plaintiffs and further contends that, for any purpose other than settlement, this Action is not appropriate for class treatment. Dell contends, that among other things, it has complied at all times with all applicable laws. Dell further contends

that the claims alleged in any and all complaints are subject to binding arbitration between the individual purchasers and Dell.

      G.      Plaintiffs believe that the Action they filed is meritorious and that class certification of their claims was appropriate. Plaintiffs also believe that their breach of contract and unjust enrichment claims were proper and should not have been dismissed and that Small & Medium Business customers and claims regarding mail-in-rebates, free upgrades, and Dell's "starting price" advertising should have been included in the certified class. Plaintiffs further believe that the Court correctly held that the applicable arbitration clause is not enforceable, and that this decision would be affirmed on appeal. However, Class Counsel and Plaintiffs have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interest of the Settlement Class after considering the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex and time-consuming litigation, and the likelihood of the success on the merits of the Action.

      H.      Over the four years of this litigation, the Parties have engaged in sufficient research, investigation, expert consultation, and discovery to reach this Agreement. Investigation has included Plaintiffs' investigation and tracking of Dell's Web site. Discovery has included written responses to interrogatories and requests for production, as well as the production of voluminous documents and information, by both Dell and Plaintiffs. Plaintiffs have deposed eight Dell employees as 30(b)(6) representatives, in their individual capacities, or both, and two of Dell's experts. Dell has deposed both Class Representatives and two of Plaintiffs' experts. The parties have also engaged in substantial motion practice, including litigating one motion to compel arbitration, two motions to dismiss, one motion for judgment on

the pleadings, two class certification motions, one petition to appeal the favorable class certification decision, and discovery-related motions.

I.      Following some preliminary communications regarding settlement, the Parties agreed to mediate Plaintiffs' claims with Randall Wulff.  The mediation was held on March 29, 2011.  During the course of this mediation, the Parties engaged in arm's-length negotiations between counsel and, with the assistance of Mr. Wulff, ultimately reached an agreement in principle regarding the merits.  Once an agreement in principle regarding the merits was reached, the Parties, again with the assistance of Mr. Wulff, reached an agreement in principle regarding attorneys' fees and costs.

J.      The Parties desire to settle the Action in its entirety with respect to all claims that Class Members alleged or could have alleged in the Action.  The Parties intend this Agreement to bind Dell and the Plaintiffs and all members of the Settlement Class who do not timely opt out of the Settlement Class.

K.      It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of any and all Class Member claims against Dell that Class Members alleged or could  have alleged in the Action with respect to the products and time periods specified in the Settlement Class definition.

NOW THEREFORE, in consideration of the terms, conditions and covenants herein, the undersigned agree as follows:

## II.    <u>DEFINITIONS</u>

In addition to any definitions set forth above or elsewhere in this Agreement, the following terms, as used in the Agreement, shall have the meaning set forth below:

1.      "Class Counsel" means**:**

**Lieff Cabraser Heimann & Bernstein**

Michael W. Sobol
Roger N. Heller
Allison S. Elgart
275 Battery St., 29th Floor
San Francisco, CA 94111-3343
(415) 956-1000
(415) 956-1008 (fax)

Rachel Geman
250 Hudson Street, 8th Floor
New York, NY 10013-1413
(212) 355-9500
(212) 355-9592 (fax)

**Law Offices of Angelo Salvatore Parise**

Daniel M. Hattis
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
(858) 674-6660
(858) 674-6661 (fax)

2.      "Class Member" means each member of the Settlement Class.

3.      "Dell" means Dell Inc., a Delaware Corporation with its principal place of business in Round Rock, Texas.

4.      "Effective Date" means the effective date of this Agreement, which shall be the first day after which all of the following events and conditions of this Agreement have been met or have occurred:

      a.      Plaintiffs, Dell, and their counsel have executed this Agreement;

      b.      Class Counsel and counsel for Dell have fully executed the Stipulated Undertaking;

      c.      The Court has entered the Final Order and Judgment approving the Agreement; and

d.      The Judgment has become final in that the time for appeal or writ has expired or, if an appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Judgment is set aside, materially modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become "final."

5.      "Fairness Hearing" means the final hearing, held after the Preliminary Approval Order is issued and the Settlement Class has been given notice and an opportunity to object to or exclude themselves from the Settlement, in which the Court will consider whether this Settlement should be approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e); whether the proposed Final Order and Judgment should be entered; and whether Class Counsel's application for attorneys' fees, expenses, and costs and Class Representative stipends should be approved.

6.      "Parties" means Plaintiffs, the Settlement Class, and Dell.

7.      "Settlement Class" means "Settlement Class" means all individuals and entities in California who purchased a Dell-branded product identified below and advertised with an instant-off discount online from Dell's Home & Home Office segment during the time frame listed for that product:

| Form | Model | Start Date | End Date |
|------|-------|-----------|----------|
| Desktop | Dimension B110 | November 1, 2005 | November 30, 2006 |
| Desktop | Dimension C521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E310 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E510 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E520 | September 1, 2006 | May 3, 2007 |
| Desktop | Dimension E521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E521n | September 1, 2006 | June 25, 2007 |
| Desktop | Precision 670 | November 1, 2005 | June 30, 2006 |
| Desktop | Precision 690 | April 1, 2007 | January 31, 2008 |
| Notebook | Inspiron 14(1420) | May 1, 2007 | June 25, 2007 |

| Notebook | Inspiron 1420n | May 1, 2007 | June 26, 2007 |
| Notebook | Inspiron 1501 | September 1, 2006 | June 25, 2007 |
| Notebook | Inspiron 1520 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1521 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1720 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1721 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 2200 | October 1, 2005 | January 31, 2006 |
| Notebook | Inspiron 6000 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 600m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 700m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 710m | February 1, 2006 | August 31, 2006 |
| Notebook | Inspiron 9300 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron B120 | November 1, 2005 | May 31, 2006 |
| Notebook | Inspiron B130 | December 1, 2005 | January 31, 2007 |
| Notebook | Inspiron E1405 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1505 | March 1, 2006 | June 28. 2007 |
| Notebook | Inspiron E1705 | March 1, 2006 | June 28, 2007 |

Individuals and entities who purchased an above-listed product on a listed date without an instant-off discount (e.g. those who paid the full list price, were eligible for or received a mail-in-rebate, or received advertised free hardware or upgraded hardware included in a purchase price without an instant-off discount) are not part of the Settlement Class.  Excluded from the Settlement Class are:  (1) Dell, any entity in which Dell has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) retailers, wholesalers, and other individuals or entities that purchased listed Dell products for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the judge's immediate family; and (5) persons who timely and validly opt to exclude themselves from the Settlement Class.

## I.  CONSIDERATION OF SETTLEMENT; CLAIMS PROCESS

1.  Subject to Court approval, Dell will retain, and the Parties will jointly oversee, a professional, independent class action claims administrator ("ICA").  Dell will bear the costs of claims administration.

2.  Class Members who submit a valid claim form in accordance with paragraphs 5-6 below will receive a $50 cash settlement benefit in the form of a check.  The Parties acknowledge and agree that no cash settlement benefit is due a Class Member who fails to submit a valid claim form.  The cash settlement benefit will be solely a claims-made process, payable by Dell through the ICA.

3.  While Dell denies that it engaged in any deceptive advertising or violated any law, it acknowledges that it changed its methodology for consumer online advertising in response to issues raised by Plaintiffs in this Action.

4.  Claim forms will be made available to Class Members by the ICA.  The claim form shall be substantively identical to the form attached hereto as Exhibit A.  Dell shall have discretion to make non-material revisions to the claim form with the consent of Class Counsel.

5.  A Class Member must submit a valid claim form to receive the cash portion of the settlement benefit.  A valid claim form must be submitted within one hundred five (105) days after entry of the Preliminary Approval Order ("Claim Deadline").  The ICA will receive claim forms on behalf of Dell.  Claim forms may be submitted to the ICA by U.S. Mail.  Additionally, the ICA shall establish a website, in accordance with paragraph 1.b of Section V below, for accepting online claims using standard claims administration procedures that ensure security and validation for submitted claims.  A claim form postmarked or electronically submitted after the Claim Deadline is not a valid claim form.

6.     To submit a valid claim form, Class Members must confirm the following statement:  "I confirm that I purchased a Dell-branded product during the class period pursuant to an instant-off discount."

7.     Dell, through the ICA, shall have the right to verify the accuracy of information submitted during the claims process to ensure that the individual or entity submitting the claim is a Class Member and has submitted a valid claim.   Class Members who submit a deficient claim form will be notified and given thirty (30) days to correct the deficiency.

8.     The ICA shall mail the cash settlement benefit to Class Members who submit valid claim forms no later than ninety (90) days after the Effective Date, but not before the Effective Date.  The cash settlement benefits will be mailed to the address provided in the valid claim form.

9.     All checks issued for the cash settlement benefit shall be void if not negotiated within ninety (90) calendar days of their date of issue and shall contain a legend specifying this period.  Checks that are not returned or negotiated within ninety (90) calendar days of their date of issue shall not be reissued.

10.     Dell's obligations with respect to the distribution of the cash settlement benefit, if any, shall be performed reasonably and in good faith.  So long as Dell does so, Dell shall not be liable for erroneous or inaccurate actions, and the release embodied in Section VIII of this Agreement and any judgment shall be effective as to the Plaintiffs, Class Counsel, and every Class Member notwithstanding any such error and regardless of whether such error is corrected thereafter.

11.     The Court shall retain jurisdiction of any dispute regarding the distribution of the cash settlement benefit.

## II.  COURT APPROVAL

### A.  Preliminary Approval

1.  Upon full execution of this Agreement, the Plaintiffs shall move the Court for an order substantially in the form of Exhibit B hereto ("Preliminary Approval Order").  Such Preliminary Approval Order shall:

    a.  Preliminarily approve the Settlement as fair, adequate and reasonable pursuant to Fed. R. Civ. P. 23(e), and in the best interest of the Settlement Class;

    b.  Approve the forms and methods of notice to the Settlement Class set forth herein;

    c.  Approve the claim form and the process for determining each Class Member's eligibility for receiving a cash benefit;

    d.  Set deadlines consistent with this Agreement for the emailing, mailing, and publication of notice, filing objections, submitting opt-out requests, and filing papers in connection with the Fairness Hearing; and

    e.  Set a date for the Fairness Hearing.

2.  If the Court does not enter a Preliminary Approval Order, this Agreement shall terminate and be of no force or effect, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.

### B.  Final Approval

1.  This Agreement is subject to and conditioned upon the entry by the Court, following the Fairness Hearing, of a Final Order and Judgment granting final approval of the Agreement ("Final Order and Judgment").  Such Final Order and Judgment shall:

    a.  Determine that this Agreement is fair, adequate and reasonable, and in the best interests of the Settlement Class;

b.      Dismiss with prejudice the Third Amended Complaint;

c.      Bar and enjoin all Class Members from asserting any of the Released Claims (as defined below);

d.      Release the Dell Releasees (as defined below) from the Released Claims which any Class Member has, had, or may have in the future; and

e.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Dell and all Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties.

## III.     NOTICE TO THE CLASS, OPT-OUT AND OBJECTION RIGHTS, AND TIMING OF FEE PETITION

1.      The Parties agree to and will request approval by the Court of the following forms and methods of notice to the Settlement Class:

a.      Dell, jointly with Class Counsel, shall prepare the Settlement Class list based on Dell's data of those purchasers of the covered products during the relevant dates pursuant to an instant-off discount who had a billing address in California.  In preparing the Settlement Class list, Dell shall use reasonable, good faith efforts to identify persons within the Settlement Class by the address or email address provided at the time of sale, but shall have no obligation to look beyond information obtainable from its reasonably searchable computer media.  Class Counsel shall approve the search parameters used to prepare the Settlement Class list. Dell will transmit the Settlement Class list to the ICA no later than ten (10) days after entry of the Preliminary Approval Order.

b.      The ICA shall create a settlement website and toll-free phone number which shall be operative no later than thirty (30) days after entry of the Preliminary Approval Order.  The ICA's settlement website shall contain downloadable copies of the Preliminary

Approval Order, Settlement Agreement, long form notice, claim form, and, when filed, Class

Counsel's application for an award of attorneys' fees and expenses, and shall contain appropriate

links through which Class Members can submit online claims for benefits. The long form notice

will be substantially in the form of Exhibit C hereto. Dell shall have discretion to make non-

material revisions to the long form notice with the consent of Class Counsel.

        c.      No later than thirty (30) days after entry of the Preliminary Approval

Order, the ICA shall provide summary email and U.S. Mail notice to persons on the Settlement

Class list as further outlined in this paragraph. For Class Members on the Settlement Class list

for whom an email address is available and to the extent practicable, summary notice will be

provided by email instead of by first class mail. Only one email will be sent to each Class

Member for whom an email address is available. The email shall contain a hyperlink to the ICA

settlement website as well as the text of the summary notice. For all other Class Members on

the Settlement Class list, the ICA shall provide summary notice by first class mail postcard to the

Class Member's California billing address. For Class Members whose email notices are returned

for any reason, such as undeliverable, bad email addresses, or "mailbox full", the ICA shall

provide these Class Members with summary notice by first class mail postcard to the Class

Member's California billing address. For mailed summary notices that are returned for bad

addresses, the ICA shall remail those summary notices for which a new address is provided by

the U.S. Postal Service to the address provided. If the U.S. Postal Service does not provide a

new address, the ICA shall remail the summary notice to the Class Member's California shipping

address, if different from the California billing address. All addresses will be updated through

the National Address Change Database before mailing. The email and postcard summary notice

shall contain substantially all of the information in Exhibits D and E hereto. Dell shall have

discretion to make non-material revisions to the summary notices with the consent of Class Counsel.

d.      Summary publication notice substantially in the form of Exhibit F hereto, and no larger than one eighth of a page, shall be published once each in a weekday edition in the following regional newspapers in California no later than thirty (30) days after entry of the Preliminary Approval Order, except if publication dates require a brief extension of no more than ten days:  Los Angeles Times, Sacramento Bee, and San Francisco Chronicle. Dell shall have discretion to make non-material revisions to the summary publication notice with the consent of Class Counsel.

e.      For a period commencing no later than thirty (30) days after entry of the Preliminary Approval Order and ending on the last day for Class Members to file a claim, Dell will post summary notice of the settlement and this Agreement on the Legal Notices page of its website.

f.      The Parties will recommend that the Court allow for a period of one hundred (100) days between entry of the Preliminary Approval Order and the Fairness Hearing.

g.      All Class Members shall have the right to opt out of the class at any time during the opt-out period.  The opt-out period shall run for seventy-five (75) days after entry of the Preliminary Approval Order.  Any Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or judgments entered in these Actions; (ii) shall not be entitled to relief under, or be affected by, this Agreement; (iii) shall not gain any rights by virtue of this Agreement; and (iv) shall not be entitled to object to any aspect of this Agreement.  Any Class Member who wishes to opt out of the Settlement Class may do so by mailing a letter postmarked no later than seventy-five (75) days after entry of the Preliminary Approval Order to

the ICA that clearly states the Class Member's desire to opt out. Any Class Member who has opted out and wishes to revoke his or her request for exclusion may do so by mailing a letter stating clearly the desire to revoke the previous request for exclusion to the ICA postmarked before the opt out deadline. The ICA shall provide Class Counsel and counsel for Dell with copies of all completed opt-outs on a weekly basis during the opt-out period.

2.      Class Members may serve written objections to the Settlement, or to Class Counsels' application for attorneys' fees, expenses and costs. To be considered, any such objection must be mailed to the Clerk and at least one of the counsel for Plaintiffs and one of the counsel for Dell at the addresses provided in the notice not later than seventy-five (75) days after entry of the Preliminary Approval Order. The objection must include (i) the Class Member's full name and current address and telephone number; (ii) all of the Class Member's objections, the reasons therefore, and any and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; and (iii) the Class Member's signature. Class Members submitting objections who wish to appear at the Fairness Hearing and present their objections to the Court orally must include a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the notice. Only Class Members who specify in their objections that they intend to appear at the Fairness Hearing will have the right to present their objections orally at the Fairness Hearing. Persons who do not submit timely written objections will not be permitted to present their objections at the Fairness Hearing. Class Counsel will file any application for an award of attorneys' fees, expenses and costs no later than 20 days before the close of the objections period. Once it is filed, any application for an award of attorneys' fees, expenses and costs will be made available to Class Members via the ICA's website.

## IV.   CLASS REPRESENTATIVE SERVICE AWARDS

1.      Class Counsel shall petition the Court for, and Dell shall not oppose, a Class Representative service award in an amount up to $5,000 for each of the Class Representatives in the Action, in recognition of their efforts on behalf of the Class.  The Court's award of any Class Representative service award shall be separate from its determination of whether to approve the Settlement.  In the event the Court approves the Settlement, but declines to award a Class Representative service award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and all Class Members.

2.      To the extent awarded by the Court, Dell shall pay the Class Representative service awards, through Class Counsel, within twenty (20) days of the Court's entry of the Final Approval Order and Judgment and any order awarding Class Representative service awards, notwithstanding any appeal, upon execution of a Stipulated Undertaking, attached as Exhibit G hereto ("Stipulated Undertaking"), requiring repayment of such service awards by Class Counsel should the Final Approval Order and Judgment or the award of Class Representative service awards be reversed or materially modified on appeal.  Dell shall have no liability to the Class Representatives arising from any claim regarding payment of any award of the Class Representative service awards, so long as Dell complies with its obligations under this Agreement.

3.      Payment by Dell of the Class Representative service awards is separate from, and in addition to, the other relief afforded to the Class Members in this Agreement.

## V.   ATTORNEYS' FEES, EXPENSES AND COSTS

1.      Subject to entry of the Final Approval Order and Judgment, Dell will not oppose a request for attorneys' fees, expenses and costs in an amount up to $7 million.  Class Counsel

agrees not to seek, and Dell shall not be obligated to pay, any fees, expenses and costs in excess of $7 million.

2.      The payment by Dell of any Class Counsels' fees, expenses and costs is separate from and in addition to the other relief afforded the Class Members in this Agreement.  The Court's award of any Class Counsels' fees, expenses and costs shall be separate from its determination of whether to approve the Settlement.  In the event the Court approves the Settlement, but declines to award Class Counsels' fees, expenses and costs in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and the Class Members.

3.      Class Counsel shall be entitled to payment of the fees, expenses and costs awarded by the Court, up to a maximum of $7 million, within twenty (20) days of the Court's entry of the Final Approval Order and Judgment and any order granting attorneys' fees, expenses and costs, notwithstanding any appeal, upon execution of the Stipulated Undertaking requiring repayment of fees, expenses and costs by Class Counsel should the Final Approval Order and Judgment be reversed or materially modified or the award of attorneys' fees, expenses and costs be reversed or reduced on appeal.  Dell shall have no liability to Class Counsel arising from any claim regarding the division of any award of attorneys' fees, expenses and costs between and among Class Counsel.

4.      The Court shall retain jurisdiction of any dispute regarding any award of attorneys' fees and expenses.

## VI.   **RELEASE**

1.      In moving for entry of the proposed Final Order and Judgment, Class Counsel shall execute, file and serve a request for dismissal with prejudice of the Third Amended Complaint.

2.      Upon the Effective Date, Plaintiffs and Class Members hereby unconditionally release and forever discharge Dell, including, but not limited to, all present and former parent companies, subsidiaries, affiliate companies, shareholders, officers, directors, employees, partners, agents, servants, representatives, attorneys, insurers, successors, predecessors, assigns, original design and equipment manufacturers, component part suppliers, authorized service providers, retailers, resellers, or distributors ("Dell Releasees") from any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses or losses of any kind whatsoever, including any known or unknown claims, which Plaintiffs or Class Members have or may claim to have against Dell based upon, arising out of, or in any way relating to any act, failure to act, omission, misrepresentation, fact, event, transaction, or occurrence from the beginning of time until the Effective Date of this Settlement Agreement that were raised or could have been raised in this Action ("Released Claims") with respect to the products and time periods specified in the Settlement Class definition. For example, nothing in the Release shall release claims that may exist in connection with Dell's advertising relating to the Small & Medium Business Portion of its Website or purchases made without an instant-off discount (e.g. purchases at full list price, eligible for a mail-in-rebate, or with free hardware or upgraded hardware included in a purchase price without an instant off).

3.      With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Further, Plaintiffs shall expressly waive, and each Class Member shall be deemed to have expressly waived, and by operation of the Order and Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.  Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including without limitation conduct that is negligent, intentional, with or without malice, and a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and each Class Member shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

VII.    **NO ADMISSION OF LIABILITY**

1.      The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever to any other party.

2.      Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Agreement, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Agreement, in any proceeding in any court, administrative agency or other tribunal.

3.      This Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce this Agreement.

4.      To the extent permitted by law, the Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

## VIII.  MISCELLANEOUS PROVISIONS

1.      Maximum Monetary Obligation.  The Parties agree that Dell's maximum monetary obligation under this Agreement shall not exceed the aggregate value of the total valid claim forms timely submitted to the ICA, plus any approved attorneys' fees, expenses, and costs up to $7 million, any approved incentive awards for the Class Representatives up to $5,000, and costs of notice and administration.  No settlement fund has been or was intended to be created by this Agreement.

2.      Extensions of Time.  Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

3.      Cooperation of Parties.  The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such

documents, and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any efforts that become necessary, by order of the Court or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as is practicable after execution of this Agreement, Class Counsel shall take all necessary steps to assure the Court's final approval of this Agreement.

4. <u>Notices.</u> All notices to Class Counsel provided for herein shall be sent by email to Michael W. Sobol, telephone (415) 956-1000, email: <u>msobol@lchb.com</u>. All Notices to Dell provided for herein shall be sent by email to Sinead O'Carroll, Reeves & Brightwell LLP, 221 W. 6th Street, Suite 1000, Austin, TX 78701, telephone (512) 334-4509, email: <u>socarroll@reevesbrightwell.com</u>. The Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Class Notice.

5. <u>Public Comment.</u> The Parties and their counsel agree that neither the Parties nor their counsel will issue any press release or initiate communications with the press or other media. The Parties may respond freely to any media inquiries they receive. Class Counsel are free to post information about the settlement on their Web sites and to include a link to the settlement Web site.

6. <u>Destruction of Discovery Received from Dell and Dell Advertising.</u> Class Counsel agrees to destroy, and certify to Dell that it has destroyed, any and all copies, electronic or otherwise, of all discovery received from Dell and Dell's advertising made in advance of or during this litigation within 30 days of final approval of this Settlement. However, Plaintiffs will maintain copies of any materials filed in Court prior to the execution of this Agreement. To the

extent the materials filed in Court contain documents or information designated "Confidential," those materials will remain subject to the Parties' stipulated protective order.

7.   <u>Voiding the Agreement.</u>  If  three percent or more of potential Class Members opt out of the Settlement, Dell may at its option elect to withdraw from the Settlement and void this Agreement.

8.   <u>No Prior Assignments.</u>  Plaintiffs represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

9.   <u>Parties' Authority.</u>  The respective signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the respective Parties hereto to the terms and conditions hereof.

10.   <u>Class Counsel Signatories.</u>  It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Agreement. The notice provided for in paragraph 1 of Section V above will advise all Class Members of the binding nature of the release and shall have the same force and effect as if this Agreement were executed by each Class Member.

11.   <u>Binding on Assigns.</u>  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

12.   <u>Execution Voluntary.</u>  This Agreement is executed voluntarily by each of the Parties without any duress or undue influences on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the

provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing.  Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement.  Accordingly, in any construction to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties.

13.  <u>Counterparts.</u>  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

14.  <u>Integration.</u>  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any party hereto, except as provided for herein.

15.  <u>Modification.</u>  This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto.

16.  <u>Governing Law.</u>  The Agreement shall be construed in accordance with, and be governed by, the law of the State of California, without regard to the principles thereof regarding choice of law.

17.  <u>Captions and Interpretations.</u>  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.  Each term of this Agreement is contractual and not merely a recital.

18.   <u>Gender and Plurals.</u>  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others wherever the context so indicates.

19.   <u>Retention of Jurisdiction.</u>  The Court shall retain jurisdiction to resolve any future disputes arising out of the terms and conditions of this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly-authorized counsel of record, all as of the day set forth below.

Dated: _____5-25-11_____                          _____
                                                                              Chad Brazil

Dated: _____                          _____
                                                                              Steven Seick

Dated: _____                          LIEFF CABRASER HEIMANN &
                                                                    BERNSTEIN

                                                                _____
                                                                              Michael Sobol

                                                                *Class Counsel*

Dated: _____                          LAW OFFICES OF ANGELO
                                                                SALVATORE PARISE

                                                                _____
                                                                              Daniel M. Hattis

                                                                *Class Counsel*

18.    <u>Gender and Plurals.</u> As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others wherever the context so indicates.

19.    <u>Retention of Jurisdiction.</u> The Court shall retain jurisdiction to resolve any future disputes arising out of the terms and conditions of this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly-authorized counsel of record, all as of the day set forth below.

Dated: _____

Dated: _May 25, 2011_

Dated: _____

Dated: _____

_____
Chad Brazil

_____
Steven Seick

LIEFF CABRASER HEIMANN & BERNSTEIN

_____
Michael Sobol

*Class Counsel*

LAW OFFICES OF ANGELO SALVATORE PARISE

_____
Daniel M. Hattis

*Class Counsel*

18.     Gender and Plurals.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others wherever the context so indicates.

19.     Retention of Jurisdiction.  The Court shall retain jurisdiction to resolve any future disputes arising out of the terms and conditions of this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly-authorized counsel of record, all as of the day set forth below.

Dated: _____          _____
                                                                        Chad Brazil


Dated: _____          _____
                                                                        Steven Seick


Dated: __5·27·11__                       LIEFF CABRASER HEIMANN &
                                         BERNSTEIN
                                         _____
                                                                      Michael Sobol

*Class Counsel*


Dated: _____          LAW OFFICES OF ANGELO
                                         SALVATORE PARISE


                                         _____
                                                                      Daniel M. Hattis

*Class Counsel*


921123.1                         -23-

18.  <u>Gender and Plurals.</u>  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others wherever the context so indicates.

19.  <u>Retention of Jurisdiction.</u>  The Court shall retain jurisdiction to resolve any future disputes arising out of the terms and conditions of this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly-authorized counsel of record, all as of the day set forth below.

Dated: _____          _____
                                                                  Chad Brazil

Dated: _____          _____
                                                                  Steven Seick

Dated: _____          LIEFF CABRASER HEIMANN &
                                                          BERNSTEIN

                                                          _____
                                                                  Michael Sobol

                                                          *Class Counsel*

Dated: __5/27/11__          LAW OFFICES OF ANGELO
                                                 SALVATORE PARISE

                                                          _____
                                                                  Daniel M. Hattis

                                                          *Class Counsel*

Dated:  5/26/11

DELL INC.

_Mary Pape_

Mary Pape

*Litigation Counsel*

Dated: _____

FARELLA BRAUN + MARTEL LLP

_____
Douglas R. Young

*Counsel for Dell Inc.*

Dated: _____

REEVES & BRIGHTWELL LLP

_____
Kim Brightwell

*Counsel for Dell Inc.*

Dated: _____          DELL INC.

                                         _____
                                                    Mary Pape

                                         *Litigation Counsel*

Dated: *May 25, 2011*                    FARELLA BRAUN + MARTEL LLP

                                         _____
                                                    Douglas R. Young

                                         *Counsel for Dell Inc.*

Dated: _____          REEVES & BRIGHTWELL LLP

                                         _____
                                                    Kim Brightwell

                                         *Counsel for Dell Inc.*

Dated: _____          DELL INC.

                                         _____
                                                    Mary Pape

                                         *Litigation Counsel*

Dated: _____          FARELLA BRAUN + MARTEL LLP

                                         _____
                                                 Douglas R. Young

                                         *Counsel for Dell Inc.*

Dated:  *May 26, 2011*                   REEVES & BRIGHTWELL LLP

                                         _____
                                                 Kim Brightwell

                                         *Counsel for Dell Inc.*

# EXHIBIT A

# BENEFIT CLAIM FORM

**You must complete this form for us to determine if you are eligible to receive the $50 Cash Benefit, including an address where the money should be mailed.**

**If you received notice by email or postcard about this class action settlement, complete Parts I and II and sign this form--you do NOT need to complete Part III of this form.**

**If you did NOT receive notice by email or postcard about this class action settlement, you must complete Parts I and II, provide as much information as you have for Part III, and sign this form.**

**If you have any questions regarding this form, please contact the Claims Administrator at _____.**

## PART I

**Name:** _____

**Current Address (where check should be sent).  YOU MUST INCLUDE YOUR CURRENT MAILING ADDRESS.**

**Street:** _____

**City:** _____

**State:** _____  **Zip:** _____

**Notice PIN # (if available):** _____
The Notice PIN # is found in the email notice or on the postcard notice.

## PART II

**Only individuals and entities who purchased a Dell-branded product during the class period advertised with an instant-off discount are eligible to receive a $50 Cash Benefit.**

**Individuals who paid the full list price, were eligible for or received a mail-in-rebate, or received advertised free hardware or upgraded hardware included in a purchase price without an instant-off discount are NOT eligible to receive the $50 Cash Benefit.**

☐ I confirm that I purchased a Dell-branded product during the class period pursuant to an instant-off discount.

## PART III
**(Only complete if you did not receive email or postcard notice about the settlement.  You must also complete Parts I and II.  Please provide as much information as possible so we can determine if you are a class member and therefore eligible to receive the $50 Cash Benefit.)**

921804.1

**Computer Service Tag #:** _____

The service tag number is located on the outside of your Dell desktop computer or on the bottom of your Dell notebook computer.

**Name at time of purchase (if different from current name):** _____

**Address at time of purchase:**

**Street:** _____

**City:** _____

**State:** _____        **Zip:** _____

**Date of purchase:** _____

**Invoice # (from invoice):** _____

**Customer # (from invoice):** _____

**Computer model purchased:** _____

**SIGNATURE** _____ **DATE** _____

RECEIPT OF THIS CLAIM FORM **WILL NOT** BE CONFIRMED.  IF YOU WOULD LIKE DELIVERY CONFIRMATION, PLEASE USE USPS CERTIFIED MAIL, RETURN RECEIPT OR SOME OTHER METHOD OF TRACKING DELIVERY.

# EXHIBIT B

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK, individually and on behalf of all others similarly situated, | Case No. C-07-01700 RMW |
| Plaintiffs, | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING A SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING** |
| v. | |
| DELL INC. and Does 1-10, | |
| Defendant. | |

19

20          Upon review and consideration of the Settlement Agreement and Release, and the

21  attachments thereto, which have been filed with the Court, IT IS HEREBY ORDERED and

22  ADJUDGED as follows:

23                  1.       The Court has carefully reviewed the Settlement Agreement and Release

24  ("Settlement") as well as the files, records, and proceedings to date in this matter.  The definitions

25  in the Settlement are hereby incorporated as though fully set forth in this Order, and capitalized

26  terms shall have the meanings attributed to them in the Settlement.

27

28

2.      The parties have agreed to settle the above-referenced class action upon the terms and conditions set forth in the Settlement, which has been filed with this Court.  The Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate.  The Plaintiffs, by and through their counsel, have investigated the facts and law related to the matters alleged in their Complaint, including extensive pre-trial discovery, motion practice, class certification, and an evaluation of the risks associated with continued litigation, trial, and/or appeal.  The settlement was reached as a result of arms-length negotiations between Class Counsel and Counsel for Dell, Inc. ("Dell"), including a full-day mediation session with a respected mediator, Mr. Randall Wulff.  The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are recoverable at trial, without the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal.

3.      The Settlement Class is in substance the same class of consumers that the Court certified in its Order Granting In Part and Denying In Part Plaintiffs' Motion for Class Certification (Docket No. 306) and consists of:

> "All individuals and entities in California who purchased a Dell-branded product identified below and advertised with an instant-off discount online from Dell's Home & Home Office segment during the time frame listed for that product:

| Form | Model | Start Date | End Date |
|------|-------|-----------|----------|
| Desktop | Dimension B110 | November 1, 2005 | November 30, 2006 |
| Desktop | Dimension C521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E310 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E510 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E520 | September 1, 2006 | May 3, 2007 |
| Desktop | Dimension E521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E521n | September 1, 2006 | June 25, 2007 |
| Desktop | Precision 670 | November 1, 2005 | June 30, 2006 |
| Desktop | Precision 690 | April 1, 2007 | January 31, 2008 |
| Notebook | Inspiron 14(1420) | May 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1420n | May 1, 2007 | June 26, 2007 |
| Notebook | Inspiron 1501 | September 1, 2006 | June 25, 2007 |
| Notebook | Inspiron 1520 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1521 | June 1, 2007 | June 25, 2007 |

| Notebook | Inspiron 1720 | June 1, 2007 | June 25, 2007 |
|---|---|---|---|
| Notebook | Inspiron 1721 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 2200 | October 1, 2005 | January 31, 2006 |
| Notebook | Inspiron 6000 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 600m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 700m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 710m | February 1, 2006 | August 31, 2006 |
| Notebook | Inspiron 9300 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron B120 | November 1, 2005 | May 31, 2006 |
| Notebook | Inspiron B130 | December 1, 2005 | January 31, 2007 |
| Notebook | Inspiron E1405 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1505 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1705 | March 1, 2006 | June 28, 2007 |

4.     Individuals and entities who purchased an above-listed product on a listed date without an instant-off discount (e.g. those who paid the full list price, were eligible for or received a mail-in-rebate, or received advertised free hardware or upgraded hardware included in a purchase price without an instant off) are not part of the Settlement Class. Excluded from the Settlement Class are: (1) Dell, any entity in which Dell has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) retailers, wholesalers, and other individuals or entities that purchased listed Dell products for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the judge's immediate family; and (5) persons who timely and validly opt to exclude themselves from the Settlement Class.

5.     The Court finds that the prerequisites for a class action under Rules 23(a) and(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the same reasons previously set forth in the Order Granting In Part and Denying In Part Plaintiffs' Motion for Class Certification (Docket No. 306).

6.     The Court continues the appointment of Lieff Cabraser Heimann & Bernstein, LLP (lawyers Michael W. Sobol, Rachel Geman, Allison S. Elgart, and Roger Heller) and the Law Offices of Angelo Salvatore Parise (Daniel M. Hattis) as Class Counsel to effectuate the Settlement. For purposes of these Settlement approval proceedings, the Court finds that these

firms are competent and capable of exercising their responsibilities as Class Counsel. The Court designates the Plaintiffs as representatives of the Settlement Class.

7.     The Fairness Hearing shall be held before this Court one-hundred (100) days from now, to determine whether the Settlement is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of attorneys' fees and costs and service awards for the Representative Plaintiffs at that time. The Court's determination of whether to approve the Settlement is separate from its award of attorneys' fees and service awards. The Fairness Hearing maybe postponed, adjourned, or continued by Order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

8.     Pending the Fairness Hearing, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement, this matter is stayed.

9.     The Court approves, as to form and content, the Notices attached to the Settlement as Exhibits C-F and the Claim Form attached as Exhibit A. Not later than thirty (30) days after the entry of this Order, the ICA will commence notice to the Settlement Class as directed in the Settlement. Class members shall receive individualized notice through email and/or U.S. Mail, as described in the Settlement, and additional notice will be provided through publication notice and Dell's website and the case-specific website.

10.     The Court finds that the Notices are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to receive notice, and they meet the requirements of due process in Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the matter of dissemination of the Notice complies with Fed. R. Civ. P. Rule 23(e) as it is a reasonable manner of providing notice to those Settlement Class members who would be bound by the Settlement. The Court also finds that the Notice complies with Rule 23(c)(2) as it is also the best practicable notice under the circumstances, provides individual notice to all Class Members who can be identified through a reasonable effort, and is reasonably calculated, under

all the circumstances, to apprise the members of the Settlement Class of the pendency of this

action, the terms of the Settlement, and the right to object to the Settlement or opt out.

11.     Settlement Class members will have one hundred five (105) days after the

entry of this Preliminary Approval Order to file claims.  Settlement Class members will have

seventy-five (75) days after entry of the Preliminary Approval Order to object to or opt out of the

Class.  The process for filing claims, objecting, and opting out of the Settlement Class is set forth

in the Settlement Agreement.

12.     Class Counsel shall file their fee application on or before 20 days prior to

the close of the objections period.

13.     The dates of performance contained herein may be extended by Order of

the Court, for good cause shown, without further notice to the Settlement Class.

14.     If the Settlement does not receive Final Approval, then the Settlement shall

become null and void.   The Settlement Class members shall be restored to their respective

positions before the entry of this Preliminary Approval Order.

15.     Analytics, Incorporated is hereby appointed as the ICA for this Settlement

and shall perform all the duties of the Independent Claims Administrator as set forth in the

Settlement.

16.     Class Counsel and Counsel for Dell are hereby authorized to use all

reasonable procedures in connection with approval and administration of the Settlement that are

not materially inconsistent with this Order or the Settlement, including making, without further

approval of the Court, non-material changes to the form or content of the Notice(s) and other

exhibits that they jointly agree are reasonable and/or are necessary.

IT IS SO ORDERED this ___ day of May, 2011

_____
The Honorable Ronald M. Whyte
United States District Court Judge

# EXHIBIT C

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
QUESTIONS? CALL 1-XXX-XXX-XXXX OR VISIT WWW.XXXXCOM.

# A settlement has been reached in a class action about the advertising of certain Dell-branded products sold through Dell's Home & Home Office website.

- *A court authorized this* notice. *This is not a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit and you may be a member of the settlement class. If the settlement is approved, Class Members who submit a valid claim form will be entitled to a Cash Benefit of $50 in the form of a check.

- The settlement class consists of all individuals and entities in California who purchased a Dell-branded product identified below and advertised with an instant-off discount online from Dell's Home & Home Office segment during the time frame listed for that product:

| Form | Model | Start Date | End Date |
|------|-------|-----------|----------|
| Desktop | Dimension B110 | November 1, 2005 | November 30, 2006 |
| Desktop | Dimension C521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E310 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E510 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E520 | September 1, 2006 | May 3, 2007 |
| Desktop | Dimension E521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E521n | September 1, 2006 | June 25, 2007 |
| Desktop | Precision 670 | November 1, 2005 | June 30, 2006 |
| Desktop | Precision 690 | April 1, 2007 | January 31, 2008 |
| Notebook | Inspiron 14(1420) | May 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1420n | May 1, 2007 | June 26, 2007 |
| Notebook | Inspiron 1501 | September 1, 2006 | June 25, 2007 |
| Notebook | Inspiron 1520 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1521 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1720 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1721 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 2200 | October 1, 2005 | January 31, 2006 |
| Notebook | Inspiron 6000 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 600m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 700m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 710m | February 1, 2006 | August 31, 2006 |
| Notebook | Inspiron 9300 | November 1, 2005 | March 31, 2006 |

| Notebook | Inspiron B120  | November 1, 2005 | May 31, 2006     |
| -------- | -------------- | ---------------- | ---------------- |
| Notebook | Inspiron B130  | December 1, 2005 | January 31, 2007 |
| Notebook | Inspiron E1405 | March 1, 2006    | June 28, 2007    |
| Notebook | Inspiron E1505 | March 1, 2006    | June 28, 2007    |
| Notebook | Inspiron E1705 | March 1, 2006    | June 28, 2007    |

- Not included in the settlement class are individuals and entities who purchased an above-listed product on a listed date without an instant-off discount (e.g. those who paid the full list price, were eligible for or received a mail-in-rebate, or received advertised free hardware or upgraded hardware included in the purchase price without an instant-off discount).

- Your legal rights are affected whether you act or not. Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

### What are Your Options?

| | |
| --- | --- |
| DO NOTHING | Get no $50 Cash Benefit. Release your claims against Dell. |
| SUBMIT A CLAIM FORM | To be eligible for the $50 Cash Benefit, you must submit a valid claim form by XXXX[105 days after entry of Preliminary Approval Order]. |
| OPT OUT | Exclude yourself from the settlement. Get no relief, but retain your rights against Dell. |
| OBJECT | Remain in the class and write to the Court about why you don't like the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |

- These legal rights and options—and the deadlines to exercise them—are explained in this notice.
- A Court still has to decide whether to approve the Settlement. If the Settlement is approved and becomes "final," payments will be provided to class members who make valid claims.

QUESTIONS? CALL 1-XXX-XXX-XXXX OR VISIT WWW.XXXX.COM.

## What This Notice Contains

Basic Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE __
1. Why did the Court issue this notice?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a Settlement?

The Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE __
5. What does the Settlement provide?
6. Can Dell withdraw from the Settlement?
7. How much would my payment be?
8. Can I opt out of the Settlement?

Who is in the Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE __
9.   How do I know if I am part of the Settlement?
10. Are there exceptions to being included?
11. Are businesses included?
12. I'm still not sure I'm included.

How To Get a Payment—Submitting a Claim Form . . . . . . . . . . PAGE __
13. How can I get a payment?
14. When would I get my payment?

The Lawyers Representing You . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE __
15. Do I have a lawyer in this case?

Objecting to the Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE __
16. How do I tell the Court that I don't like the Settlement?

The Court's Fairness Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE __
17. When and where will the Court decide whether to approve the Settlement?
18. What else will be decided after the hearing?
19. Do I have to come to the hearing?
20. May I speak at the hearing?

If You Do Nothing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE __
21. What happens if I do nothing at all?

Getting More Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE __
22. Are there more details about the Settlement?
23. How do I get more information?

Key Dates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page __

Questions? Call 1-XXX-XXX-XXXX or visit www. XXXX.com.

# BASIC INFORMATION

**1. Why did the Court issue this notice?**

The Court issued this notice because you have a right to know about a proposed Settlement in the class action lawsuit regarding purchases of certain Dell-branded products advertised with instant-off discounts online through Dell's Home & Home Office segment during certain time periods.  You also have a right to know about all of your options before the Court decides whether to approve the Settlement. The Settlement calls for payments to be made to Class Members who show through valid claim forms that they are eligible.  To determine if you are a class member, please refer to the "Settlement Class" definition in question 9, below.

Judge Ronald M. Whyte of the Federal District Court for the Northern District of California is in charge of this case, called Brazil, et al. v. Dell Inc., et al., Case Number 5:07-cv-01700-RMW. The people who sued on behalf of themselves and a class of Dell computer purchasers (here, Chad Brazil and Steven Seick) are called the Plaintiffs or Class Representatives and the company they sued, Dell Inc., is the Defendant.

**2. What is this lawsuit about?**

The Plaintiffs said that Dell acted deceptively in its Home & Home Office segment's online advertising of the prices for certain Dell-branded products during certain time frames.  Plaintiffs allege that Dell advertised false instant-off discounts from represented former prices.

Dell denies wrongdoing or liability of any kind associated with the claims brought by the Plaintiffs, and has agreed to settle the case for the sole purpose of avoiding the uncertainties, expenses, and time of further litigation.

**4. Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, both sides agreed to a Settlement. That way, they avoid the risk and expense of a trial, and the people affected will get compensation sooner than they could have if the case went to trial. The Class Representatives and their attorneys think the Settlement is best for all Class Members.

# THE SETTLEMENT

**5. What does the Settlement provide?**

Under the Settlement, Dell will provide a $50 Cash Benefit to each class member who submits a valid claim form.  Class members may go to www.XXXX.com and follow the instructions there to submit a claim form online.  Or, they may request a claim form from the Independent Claims Administrator at the telephone number or address in question 12, below.  Claim forms must be submitted online or mailed to the Independent Claims Administrator and postmarked by XXXX[105 days after entry of Preliminary Approval Order].  Further instructions are found in question 13, below.

While Dell denies that it engaged in any deceptive advertising or violated any law, it acknowledges as part of the Settlement that it changed its methodology for consumer online advertising in response to issues raised by Plaintiffs.

Pursuant to the settlement, Dell has selected XXXX as the Independent Claims Administrator ("ICA") to handle claims. The ICA and Class Counsel will be available to handle Class Member questions concerning the settlement and the claims process.  Dell will pay the ICA's notice and administration costs separately from monies paid to Class Members.

As part of the settlement, the parties have also agreed that, subject to the Court's final approval, the Plaintiffs shall be entitled to seek service awards of $5,000 each in recognition of the amount of time and effort they expended in acting as Class Representatives. The parties also agreed that, subject to the Court's final approval, Class Counsel shall be entitled to seek an award of attorneys' fees and costs of up to $7,000,000. The payment of service awards and attorneys' fees and costs is also separate from the payment to Class Members. Dell agreed not to oppose service awards up to $5,000 and attorneys' fees and costs up to $7,000,000.

**6. Can Dell withdraw from the Settlement?**
Yes. The settlement allows Dell to withdraw from the Settlement up until the time that the Settlement is approved by the Court and any appeals are complete if three percent or more of potential Class Members opt-out of the settlement.

The complete terms of the settlement are included in the Settlement Agreement, which is available at www.XXXX.com.

**7. How much would my payment be?**
Class Members who submit valid claim forms will receive a $50 Cash Benefit (i.e. a check).

**8. Can I opt out of the Settlement?**
Yes. If you are a Class Member, you may exclude yourself from this case by sending a letter to the Independent Claims Administrator at the following address, postmarked by XXXX[75 days after entry of Preliminary Approval Order]:

ATTN: Brazil Settlement
[Name of ICA]
[Address]

Your letter must include the following:
      (a) Your full name and address;
      (b) A statement that you are a class member;
      (c) Your signature; and
      (d) A clear statement that you wish to be excluded from the Class.

If a Class Member's exclusion, or opt-out, request does not comply with these requirements, the Class Member will be bound by the terms of the Settlement Agreement.

If you exclude yourself from the Class, you will not be eligible to participate in any aspect of the Settlement.

## WHO IS IN THE SETTLEMENT

To see if you can get benefits from this Settlement, you first have to determine if you are a Class Member.

**9. How do I know if I am part of the Settlement?**
The Court has decided that everyone who fits this description is a Class Member:

All individuals and entities in California who purchased a Dell-branded product identified below and advertised with an instant-off discount online from Dell's Home & Home Office segment during the time frame listed for that product:

| Form | Model | Start Date | End Date |
|------|-------|-----------|----------|
| Desktop | Dimension B110 | November 1, 2005 | November 30, 2006 |
| Desktop | Dimension C521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E310 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E510 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E520 | September 1, 2006 | May 3, 2007 |
| Desktop | Dimension E521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E521n | September 1, 2006 | June 25, 2007 |
| Desktop | Precision 670 | November 1, 2005 | June 30, 2006 |
| Desktop | Precision 690 | April 1, 2007 | January 31, 2008 |
| Notebook | Inspiron 14(1420) | May 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1420n | May 1, 2007 | June 26, 2007 |
| Notebook | Inspiron 1501 | September 1, 2006 | June 25, 2007 |
| Notebook | Inspiron 1520 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1521 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1720 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1721 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 2200 | October 1, 2005 | January 31, 2006 |
| Notebook | Inspiron 6000 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 600m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 700m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 710m | February 1, 2006 | August 31, 2006 |
| Notebook | Inspiron 9300 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron B120 | November 1, 2005 | May 31, 2006 |
| Notebook | Inspiron B130 | December 1, 2005 | January 31, 2007 |
| Notebook | Inspiron E1405 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1505 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1705 | March 1, 2006 | June 28, 2007 |

Individuals and entities who purchased an above-listed product on a listed date without an instant-off discount (e.g. those who paid the full list price, were eligible for or received a mail-in-rebate, or received advertised free hardware or upgraded hardware included in the purchase price without an instant-off discount) are not part of the Settlement Class.

**10. Are there exceptions to being included?**
Yes. Excluded from the Class are:  (1) Dell, any entity in which Dell has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) retailers, wholesalers, and other individuals or entities that purchased listed Dell products for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the judge's immediate family; and (5) persons who timely and validly opt to exclude themselves from the Settlement Class.

**11. Are businesses included?**

Yes.  However, retailers, wholesalers, and other individuals or entities may *not* receive a settlement benefit related to any computer that they purchased for resale.

**12. I'm still not sure I'm included.**

If you are not sure whether you are included, you can get help by calling toll free 1-800-XXX-XXX-XXXX, visiting www.XXXX.com, or writing with questions to Independent Claims Administrator, [Name of ICA], [Address].

# HOW TO GET A PAYMENT

**13. How can I get a payment?**

To receive the $50 Cash Benefit, you must submit a valid claim form.  You may submit a claim form online at www.XXXX.com or request a claim form from the ICA at the telephone number or address in question 12 above.

To be valid, a claim form must be submitted online or mailed to the Independent Claims Administrator and be postmarked by XXXX[105 days after entry of Preliminary Approval Order], and must properly identify the customer as a Class Member, provide his/her current mailing address, and confirm that the Class Member purchased a Dell-branded product during the class period pursuant to an instant-off discount.

Claim forms will not be accepted if submitted online or postmarked after XXXX[105 days after entry of Preliminary Approval Order].

**14. When would I get my payment?**

You will be paid shortly after (and if) the court approves the Settlement and there is a Final Order and Judgment in the lawsuit.  The Court will hold a hearing on XXXX[date] to decide whether to approve the Settlement. (See "The Court's Fairness Hearing" on page 8.)  If there is an appeal, you will not be paid until after any appeal is favorably resolved.

# CLASS COUNSEL

**15. Do I have a lawyer in this case?**

The Court appointed Chad Brazil and Steven Seick as Class Representatives.  The Court appointed the following law firms and/or organizations to represent you as Class Counsel: Lieff Cabraser Heimann & Bernstein and the Law Offices of Angelo Salvatore Parise.  Their contact information is below:

**ATTORNEYS**

*Counsel for the Class:*
LIEFF CABRASER HEIMANN & BERNSTEIN
Michael W. Sobol
275 Battery St., 29th Floor
San Francisco, CA  94111-3343
(415) 956-1000
msobol@lchb.com

LAW OFFICES OF ANGELO SALVATORE PARISE
Daniel M. Hattis

16870 West Bernardo Dr., Suite 400
San Diego, CA 92127
(858) 674-6660
dhattis@pariselaw.com

You do not have to pay Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense to "appear" for you in Court.

# OBJECTING TO THE SETTLEMENT

If you are a Class Member and have not excluded yourself from the Class, you can tell the Court that you don't agree with the Settlement and/or Class Counsel's application for an award of attorneys' fees and costs and/or service awards to the Representative Plaintiffs.  The Court's determination of the whether to approve the Settlement is separate from its award of attorneys' fees and service awards.

**16. How do I tell the Court that I don't like the Settlement?**

To object, you must send your objection to the Court and the attorneys for both sides.  Be sure to include the full name of the case and the case number (Brazil, et al. v. Dell Inc., et al., Case Number 5:07-cv-01700-RMW), your name, address, telephone number, signature, information reasonably identifying yourself as a class member, and the reasons why you object to the Settlement. Send a copy of your objection to all three of the addresses listed below.  Your objection must be postmarked no later than XXXX[75 days after entry of Preliminary Approval Order].

**COURT**

Clerk of the Court
United States District Court for the Northern District of California, San Jose Division
Robert F. Peckham Federal Building
280 South 1st Street
San Jose, CA 95113

**ATTORNEYS**

*Counsel for the Class:*
LIEFF CABRASER HEIMANN & BERNSTEIN
Michael W. Sobol
275 Battery St., 29th Floor
San Francisco, CA  94111-3343
(415) 956-1000
msobol@lchb.com

*Counsel for Dell:*
REEVES & BRIGHTWELL LLP
Sinead O'Carroll
221 W. 6th Street, Suite 1000
Austin, TX 78701
(512) 334-4500
socarroll@reevesbrightwell.com

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.  You may also appear at the hearing through an attorney of your own choosing, whom you hire at your own expense.

**17. When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a Fairness Hearing at XXXX a.m. on XXXX[date] at the Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will make its decisions. We do not know how long this will take.

**18. What else will be decided after the hearing?**

At the Fairness Hearing, Class Counsel will ask the Court to approve payment of their fees and costs described above.  The Court will also consider the request for service awards to the Class Representatives.

If the Court approves the Settlement, Dell and related entities will be released from any legal claims brought by Class Members related to the claims in this case, with the exception of personal injury or wrongful death claims.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer questions that the Court may have, but you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. You may also pay your own lawyer to attend, but it's not necessary.

**20. May I speak at the hearing?**

If you object to the Settlement and you have not excluded yourself from the Class, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include a "Notice of Intention to Appear" with your written Objection sent to the addresses listed above in question 17. The Notice of Intention to Appear should be on a separate sheet of paper with the full name of the case and the case number (Brazil, et al. v. Dell Inc., et al., Case Number 5:07-cv-01700-RMW), your name, address, telephone number, and signature. You may send your Notice of Intention to Appear in the same envelope as your Objection to the Settlement.

# IF YOU DO NOTHING

**21. What happens if I do nothing at all?**

If you do nothing, you will not get a payment from this Settlement. To be eligible to receive a cash benefit, you need to submit a valid claim form by XXXX[105 days after entry of Preliminary Approval Order].   If you do not exclude yourself from the Class as outlined in question 8 above, you cannot sue Dell or related entities with claims that relate to those in this case.

# GETTING MORE INFORMATION

**22. Are there more details about the Settlement?**

Yes. This notice summarizes the proposed Settlement. More details are in a longer Settlement Agreement that you can get at www.XXXX.com, by calling 1-XXX-XXX-XXXX, or by writing to: Brazil Settlement, [ICA], [Address].

**23. How do I get more information?**

If you have questions, visit www.XXXX.com, call toll free 1-XXX-XXX-XXXX, or write to Brazil Settlement, [ICA], [Address].

**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT.**

## <u>Key Dates</u>

| | |
|---|---|
| Deadline to send a letter clearly stating that you wish to be excluded from the Class | Must be postmarked or received by XXXX[75 days after entry of Preliminary Approval Order] |
| Deadline to send a letter stating that you object to this proposed Settlement | Must be postmarked or received by XXXX[75 days after entry of Preliminary Approval Order] |
| Court's Fairness Hearing | XXXX[date] |
| Deadline to send in a claim form | Must be postmarked or submitted on-line by XXXX[105 days after entry of Preliminary Approval Order] |

# EXHIBIT D

# NOTICE OF PENDENCY OF
# CLASS ACTION AND PROPOSED SETTLEMENT

CHAD BRAZIL and STEVEN SEICK, on      Case No. 5:07-01700-RMW
behalf of themselves and all others similarly
situated,

       Plaintiffs,

       vs.

DELL INC., and DOES 1 Through 10,
       Defendants

**Notice PIN#:** _____

THIS SUMMARY NOTICE ADVISES YOU OF A PROPOSED CLASS ACTION
SETTLEMENT WITH DELL INC.
**THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.**
PLEASE READ IT CAREFULLY.

Dell's records indicate that you may be a settlement class member in <u>Brazil, et al. v. Dell Inc., et al.</u>, United States District Court, Northern District of California, Case No. 5:07-cv-01700-RMW due to your purchase of a certain Dell-branded product during the class period. If your purchase was made pursuant to an advertised instant-off discount and you submit a valid claim form by XXXX [105 days after entry of Preliminary Approval Order], you will receive a $50 Cash Benefit if the settlement is approved. To determine if you are a class member, please refer to the "Settlement Class" definition in the notice described below.

You may submit a claim form online by clicking on this link and following the instructions there: <u>www.XXXX.com</u>, or you may request a claim form from the Independent Claims Administrator at the telephone number or address below and submit it by mail. **The PIN# above will assist in making your claim.**

The proposed settlement resolves claims that Dell advertised false instant-off discounts from represented former prices. While Dell denies wrongdoing or liability of any kind associated with the claims brought by Plaintiffs, Dell has agreed to settle the case for the sole purpose of avoiding the uncertainties, expenses, and time of further litigation.

To exclude yourself from this settlement, or to object to the settlement, you must follow the instructions in the notice described below. The deadline to opt out of the settlement class or submit any objections is XXXX [75 days after entry of Preliminary Approval Order]. If you opt out of the class, you may NOT file a claim, and you will not receive any compensation under the settlement. If you do not opt out of the class, you will be bound by the settlement and will release any and all claims that you may have against the Dell for the conduct at issue in this

lawsuit.  The Court will hold a final fairness hearing to decide whether to approve the proposed settlement on XXXX [date], at XXXX a.m., at the United States District Court, located at 280 South 1st Street, San Jose, CA  95113.  See further details on the settlement website by clicking this link: www.XXXX.com.

This notice is authorized by the United States District Court, Northern District of California and is only a summary of the settlement.  The full Notice of Pendency of Class Action and Proposed Settlement, which provides additional information regarding the claims asserted in this case, this settlement, the Settlement Class definition, the relief available to and rights of Class Member, and Class Counsel's application for an award of attorneys' fees, expenses and costs in the amount of $7 million, and service awards in the amount of $5,000 for each Representative Plaintiff, is available at www.XXXX.com or from the Independent Claims Administrator at XXXX or toll free at 1-XXX-XXX-XXXX.

**This email was sent from an email address that does not accept replies.**

The United States District Court for the Northern District of California has ordered that this email notice be sent.  If you wish to UNSUBSCRIBE from future email messages from the Independent Claims Administrator with regard to this settlement, please reply to: XXXX [unsubscribe email address] from the email address to which this notice was sent.

# EXHIBIT E

**NOTICE OF PENDENCY OF
CLASS ACTION AND PROPOSED SETTLEMENT**

CHAD BRAZIL and STEVEN SEICK, on           Case No. 5:07-01700-RMW
behalf of themselves and all others similarly
situated,

      Plaintiffs,

      vs.

DELL INC., and DOES 1 Through 10,
      Defendants

**Notice PIN#:** _____

THIS SUMMARY NOTICE ADVISES YOU OF A PROPOSED CLASS ACTION
SETTLEMENT WITH DELL INC.
**THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.**
PLEASE READ IT CAREFULLY.

Dell's records indicate that you may be a settlement class member in <u>Brazil, et al. v. Dell Inc., et al.</u>, United States District Court, Northern District of California, Case No. 5:07-cv-01700-RMW due to your purchase of a certain Dell-branded product during the class period. If your purchase was made pursuant to an advertised instant-off discount and you submit a valid claim form by XXXX [105 days after entry of Preliminary Approval Order], you will receive a $50 Cash Benefit if the settlement is approved.  To determine if you are a class member, please refer to the "Settlement Class" definition in the notice described below.

You may submit a claim form online by clicking on this link and following the instructions there:  www.XXXX.com, or you may request a claim form from the Independent Claims Administrator at the telephone number or address below and submit it by mail.  **The PIN# on the reverse side of this postcard will assist in making your claim.**

The proposed settlement resolves claims that Dell advertised false instant-off discounts from represented former prices.   While Dell denies wrongdoing or liability of any kind associated with the claims brought by Plaintiffs, Dell has agreed to settle the case for the sole purpose of avoiding the uncertainties, expenses, and time of further litigation.

To exclude yourself from this settlement, or to object to the settlement, you must follow the instructions in the notice described below.  The deadline to opt out of the settlement class or submit any objections is XXXX [75 days after entry of Preliminary Approval Order].  If you opt out of the class, you may NOT file a claim, and you will not receive any compensation under the settlement.  If you do not opt out of the class, you will be bound by the settlement and will release any and all claims that you may have against the Dell for the conduct at issue in this

lawsuit.  The Court will hold a final fairness hearing to decide whether to approve the proposed settlement on XXXX [date], at XXXX a.m., at the United States District Court, located at 280 South 1st Street, San Jose, CA  95113.  See further details on the settlement website by clicking this link: www.XXXX.com.

      This notice is authorized by the United States District Court, Northern District of California and is only a summary of the settlement.  The full Notice of Pendency of Class Action and Proposed Settlement, which provides additional information regarding the claims asserted in this case, this settlement, the Settlement Class definition, the relief available to and rights of Class Member, and Class Counsel's application for an award of attorneys' fees, expenses and costs in the amount of $7 million, and service awards in the amount of $5,000 for each Representative Plaintiff, is available at www.XXXX.com or from the Independent Claims Administrator at XXXX or toll free at 1-XXX-XXX-XXXX.

# EXHIBIT F

**[NOTICE TO BE PUBLISHED AT 1/8th PAGE SIZE]**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

CHAD BRAZIL and STEVEN SEICK, on behalf of            Case No. 5:07-01700-RMW
themselves and all others similarly situated,
          Plaintiffs,

          vs.

DELL INC., and DOES 1 Through 10,
          Defendants

<u>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED**</u>
<u>**SETTLEMENT**</u>

1.   A settlement has been proposed in this class action lawsuit that could affect your legal rights. Read this publication carefully.

2.   If you are an individual or entity in California who purchased certain Dell-branded products advertised with instant-off discounts online through Dell's Home & Home Office segment during certain time periods, then you may be a Class Member, and the proposed settlement will affect your legal rights.  To determine if you are a Class Member, please refer to the "Settlement Class" definition in the notice described below and found at: [web address].

3.   If the settlement is approved, Class Members who submit a valid claim form will be entitled to a Cash Benefit of $50 in the form of a check.  You must submit a valid claim form by XXXX [105 days after entry of Preliminary Approval Order] to seek payment.  You may submit a claim form online at www.XXXX.com, or you may request a claim form from the Independent Claims Administrator at: _____.[ADD address and TEL NUMBER] and mail it in.

4.   The proposed settlement resolves claims that Dell advertised false instant-off discounts from represented former prices.  While Dell denies any wrongdoing or liability of any kind associated with the claims brought by Plaintiffs, Dell has agreed to settle the case for the sole purpose of avoiding the uncertainties, expenses, and time of further litigation.

5.   To exclude yourself from this settlement or object to the settlement, you must follow the instructions in the notice described below.  The deadline to opt out of the settlement class or submit any objections is XXXX [75 days after entry of Preliminary Approval Order].  If you opt out of the class, you may NOT file a claim, and you will not receive any compensation under the settlement.  If you do not opt out of the class, you will be bound by the settlement and will release any and all claims that you may have against Dell for the conduct at issue in this lawsuit.  The Court will hold a final fairness hearing to decide whether to approve the proposed settlement on XXXX [date], at XXXX a.m., at the United States District Court, located at 280 South 1st Street, San Jose, CA 95113.

6.   This is only a summary of the settlement.  The full Notice of Pendency of Class Action and Proposed Settlement, which provides additional information regarding the claims asserted in this case, this settlement, the Settlement Class definition, the relief available to and rights of Class Members, and Class Counsel's application for an award of attorneys' fees, expenses and costs in the amount of $7 million, and services awards in the amount of $5,000 for each Representative Plaintiff, is available at [web address] or from the Independent Claims Administrator at the address and phone number above.

# EXHIBIT G

1   Michael W. Sobol (State Bar No. 194857)
    Roger N. Heller (State Bar No. 215348)
2   Allison S. Elgart (State Bar No. 241901)
    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
3   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
4   Telephone:  (415) 956-1000
    Facsimile:   (415) 956-1008
5
    Rachel Geman (NY Bar No. RG 0998) (*Pro Hac Vice*)
6   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
7   New York, NY 10013-1413
    Telephone:  (212) 355-9500
8   Facsimile:   (212) 355-9592
9   Daniel M. Hattis (State Bar No. 232141)
    Angelo Salvatore Parise (State Bar No. 165690)
10  LAW OFFICES OF ANGELO SALVATORE PARISE
    16870 West Bernardo Drive, Suite 400
11  San Diego, CA  92127
    Telephone:  (858) 674-6660
12  Facsimile:   (858) 674-6661

13  *Attorneys for Plaintiffs*

14                  UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17
    CHAD BRAZIL and STEVEN SEICK,          Case No. C-07-01700 RMW
18  individually and on behalf of all others
    similarly situated,                    **STIPULATION UNDERTAKING RE:**
19                                          **ATTORNEYS' FEES AND COSTS**
                       Plaintiffs,
20
    v.
21
    DELL INC. and Does 1-10,
22
                       Defendant.
23

24

25          Plaintiffs Chad Brazil and Steven Seick and Defendant Dell Inc. ("the Parties"), by and

26  through their undersigned counsel stipulate and agree as follows:

27          WHEREAS, Class Counsel (as defined in the underlying Settlement Agreement) and their

28  respective law firms desire to give an undertaking for repayment of their award of attorney fees

921211.2                          - 1 -                    STIPULATION UNDERTAKING RE:
                                                           ATTORNEYS' FEES AND COSTS
                                                           CASE NO. C-07-01700 RMW

1   and costs ("Undertaking"), as is required by the Settlement Agreement, NOW, THEREFORE,

2   each of the undersigned Class Counsel, on behalf of themselves as individuals and as agents for

3   their respective law firms, hereby submit themselves and their respective law firms to the

4   jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

5      Capitalized terms used herein without definition have the meanings given to them in the

6   Settlement Agreement.

7      The obligations of Class Counsel and their respective law firms are joint and several.

8      Dell Inc. (hereinafter "Dell") will pay Class Counsel the full amount of the attorney fees

9   and costs provided in the Settlement Agreement within twenty (20) days of the Final Order and

10  Judgment.

11     In the event that the Final Order and Judgment is reversed on appeal, Class Counsel shall,

12  within ten (10) business days after the order reversing the Final Order and Judgment becomes

13  final, repay to Dell the full amount of the attorney fees and costs paid by Dell to Class Counsel

14  and the service awards paid to named plaintiffs, including any accrued interest.

15     In the event that the Final Order and Judgment is modified on appeal, in whole or in part,

16  but not reversed, Class Counsel shall, within five (5) business days after the order modifying the

17  Final Order and Judgment becomes final, meet and confer with Dell about whether and how

18  much of the attorney fees and costs paid by Dell to Class Counsel and the service awards paid to

19  named plaintiffs, including any accrued interest, must be repayed.  If the parties agree on an

20  amount, Class Counsel are required to repay to Dell such amount within (10) business days. If the

21  parties do not agree, they will first bring the matter for mediation to Randall Wulff, if he is

22  reasonably available, or to another agreed upon mediator if he is not, and, failing a resolution,

23  submit the issue to the Court for decision.

24     In the event the Final Order and Judgment is not reversed on appeal, in whole or in part,

25  but the attorney fees and costs awarded by the Court are vacated or modified on appeal, Class

26  Counsel shall, within ten (10) business days after the order vacating or modifying the award of

27  attorney fees and costs becomes final, repay to Dell the attorney fees and costs paid by Dell to

28  Class counsel in the amount vacated or modified, including any accrued interest.

- 2 -

1    This Undertaking and all obligations set forth herein shall expire upon finality of the Final

2    Order and Judgment, including the deadline of taking any appeal or writ of certiorari and the

3    resolution of any appeal or writ of certiorari taken.

4    In the event Class Counsel fails to repay to Dell any of attorneys' fees and costs and/or

5    service awards that are owed to it pursuant to this Stipulated Undertaking, the Court shall, upon

6    application of Dell and notice to Class Counsel, summarily issue orders, including but not limited

7    to judgments and attachment orders against each Class Counsel, and may make appropriate

8    findings for sanctions for contempt of court.

9    The undersigned stipulate, warrant and represent that they have both actual and apparent

10   authority to enter into this stipulation, agreement and undertaking on behalf of their respective

11   law firms or organizations.

12   This Undertaking may be executed in one or more counterparts, each of which shall be

13   deemed an original but all of which together shall constitute one and the same instrument.

14   Signatures by facsimile shall be as effective as original signatures.

15   The undersigned declare under penalty of perjury under the laws of the State of California

16   and the United States that they have read and understand the foregoing and that it is true and

17   correct.

18   IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

19   Dated: 5.27.11          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

20                           By: _____

21                               Michael W. Sobol

22                           *Class Counsel*

23   Dated: 5/27/11          LAW OFFICES OF ANGELO SALVATORE
                             PARISE
24
25                           By: _____
                                 Daniel M. Hattis
26
27                           *Class Counsel*

28

921211.2                          - 3 -                STIPULATION UNDERTAKING RE:
                                                       ATTORNEYS' FEES AND COSTS
                                                       CASE NO. C-07-01700 RMW

Dated: 5/26/11      DELL INC.

By: _____
          Mary Pape

*Litigation Counsel*

Dated: _____      FARELLA BRAUN & MARTEL LLP

By: _____
          Douglas R. Young

*Counsel for Dell Inc.*

Dated: _____      REEVES & BRIGHTWELL LLP

By: _____
          Kim Brightwell

*Counsel for Dell, Inc.*

## [PROPOSED] ORDER

The Court has considered the above Stipulation and finds that it is in the interests of all Parties and in service of judicial economy and efficiency. Therefore,

IT IS SO ORDERED this _____ day of _____, 2011.

_____
HON. RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

921211.2          - 4 -          STIPULATION UNDERTAKING RE:
ATTORNEYS' FEES AND COSTS
CASE NO. C-07-01700 RMW

Dated: _____       DELL INC.

By: _____
                                          Mary Pape

                              *Litigation Counsel*

Dated: May 25, 2011           FARELLA BRAUN & MARTEL LLP

By: _____
                                          Douglas R. Young

                              *Counsel for Dell Inc.*

Dated: _____       REEVES & BRIGHTWELL LLP

By: _____
                                          Kim Brightwell

                              *Counsel for Dell, Inc.*

### [PROPOSED] ORDER

The Court has considered the above Stipulation and finds that it is in the interests of all Parties and in service of judicial economy and efficiency.  Therefore,

IT IS SO ORDERED this _____ day of _____, 2011.

_____
HON. RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

1  Dated: _____        DELL INC.

2                                   By: _____

3                                        Mary Pape

4                                   *Litigation Counsel*

5  Dated: _____        FARELLA BRAUN & MARTEL LLP

6                                   By: _____

7                                        Douglas R. Young

8                                   *Counsel for Dell Inc.*

9  Dated: May 26, 2011               REEVES & BRIGHTWELL LLP

10                                  By: _____

11                                       Kim Brightwell

12                                  *Counsel for Dell, Inc.*

13

14

15                          **[PROPOSED] ORDER**

16         The Court has considered the above Stipulation and finds that it is in the interests of all

17  Parties and in service of judicial economy and efficiency.  Therefore,

18         IT IS SO ORDERED this _____ day of _____, 2011.

19

20                                  _____
                                    HON. RONALD M. WHYTE
                                    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

921211.2                           - 4 -                    STIPULATION UNDERTAKING RE:
                                                            ATTORNEYS' FEES AND COSTS
                                                            CASE NO. C-07-01700 RMW