UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELL INC. and Does 1-10,<br><br>Defendant. | Case No. C-07-01700 RMW<br><br>**FINAL ORDER AND JUDGMENT** |

Having considered all motions, memoranda and submissions made in connection with the request for final approval of the Settlement Agreement and Release, previously filed with the Court on May 27, 2011 (Doc. No. 310-1), together with all of its Exhibits attached thereto ("Settlement Agreement" or "Settlement"), and the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Final Order and Judgment. A copy of the Settlement Agreement as previously filed with the Court is attached hereto as Exhibit "A."

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332. Venue is proper in this district.

3. The Court has carefully reviewed the Settlement Agreement as well as the files, records, and proceedings to date in this matter.

4. The Settlement is hereby approved as fair, reasonable, and adequate.

5. The Plaintiffs, by and through their counsel, have investigated the facts and law related to the matters alleged in their Complaint, including extensive pre-trial discovery, motion practice, class certification, and an evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was reached as a result of arms-length negotiations between Class Counsel and Counsel for Dell, Inc. ("Dell"), including a full-day mediation session with a respected mediator, Mr. Randall Wulff. The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are recoverable at trial, without the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal.

6. The Settlement Class is in substance the same class of consumers that the Court certified in its Order Granting In Part and Denying In Part Plaintiffs' Motion for Class Certification (Docket No. 306) and consists of:

> "All individuals and entities in California who purchased a Dell-branded product identified below and advertised with an instant-off discount online from Dell's Home & Home Office segment during the time frame listed for that product:

| Form | Model | Start Date | End Date |
| --- | --- | --- | --- |
| Desktop | Dimension B110 | November 1, 2005 | November 30, 2006 |
| Desktop | Dimension C521 | September 1, 2006 | May 5, 2007 |
| Desktop | Dimension E310 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E510 | November 1, 2005 | October 31, 2006 |
| Desktop | Dimension E520 | September 1, 2006 | May 3, 2007 |
| Desktop | Dimension E521 | September 1, 2006 | May 5, 2007 |

| | | | |
|---|---|---|---|
| Desktop | Dimension E521n | September 1, 2006 | June 25, 2007 |
| Desktop | Precision 670 | November 1, 2005 | June 30, 2006 |
| Desktop | Precision 690 | April 1, 2007 | January 31, 2008 |
| Notebook | Inspiron 14(1420) | May 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1420n | May 1, 2007 | June 26, 2007 |
| Notebook | Inspiron 1501 | September 1, 2006 | June 25, 2007 |
| Notebook | Inspiron 1520 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1521 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1720 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 1721 | June 1, 2007 | June 25, 2007 |
| Notebook | Inspiron 2200 | October 1, 2005 | January 31, 2006 |
| Notebook | Inspiron 6000 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 600m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 700m | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron 710m | February 1, 2006 | August 31, 2006 |
| Notebook | Inspiron 9300 | November 1, 2005 | March 31, 2006 |
| Notebook | Inspiron B120 | November 1, 2005 | May 31, 2006 |
| Notebook | Inspiron B130 | December 1, 2005 | January 31, 2007 |
| Notebook | Inspiron E1405 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1505 | March 1, 2006 | June 28, 2007 |
| Notebook | Inspiron E1705 | March 1, 2006 | June 28, 2007 |

Individuals and entities who purchased an above-listed product on a listed date without an instant-off discount (e.g. those who paid the full list price, were eligible for or received a mail-in-rebate, or received advertised free hardware or upgraded hardware included in a purchase price without an instant off) are not part of the Settlement Class.  Excluded from the Settlement Class are: (1) Dell, any entity in which Dell has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) retailers, wholesalers, and other individuals or entities that purchased listed Dell products for resale; (3) the United States government and any agency or instrumentality thereof; (4) the judge to whom this case is assigned and any member of the judge's immediate family; and (5) persons who timely and validly opt to exclude themselves from the Settlement Class."

7. The Court finds that the prerequisites for a class action under Rules 23(a) and(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the same reasons previously set forth in the Order Granting In Part and Denying In Part Plaintiffs' Motion for Class Certification (Docket No. 306).

8. The Court continues the appointment of Lieff Cabraser Heimann & Bernstein, LLP (lawyers Michael W. Sobol, Rachel Geman, and Roger Heller) and the Law Offices of Angelo Salvatore Parise (Daniel M. Hattis) as Class Counsel. For purposes of these Settlement approval proceedings, the Court finds that these firms are competent and capable of exercising their responsibilities as Class Counsel.

9. The Court reconfirms the appointment of Chad Brazil and Steven Seick as Class Representatives.

10. The Court reconfirms the appointment of Analytics, Incorporated as the independent settlement administrator.

11. The Court finds that the Settlement Notice and Notice Plan as carried out by the Administrator complied with this Court's Order Granting Preliminary Approval of Class action Settlement (Doc. No. 318) and satisfied the requirements of Federal Rule of Civil Procedure 23(e) and due process. As set forth in the declaration of the independent settlement administrator, the Settlement Class received direct Notice through email and/or U.S. Mail, as described in the Settlement Agreement, and additional notice was provided through publication notice and Dell's website and the case-specific website. *See* Declaration of Jonathan Reid (Doc. No. 323-1).

12. The Notice disseminated to the Settlement Class constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and it meets the requirements of due process in Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the matter of dissemination of the Notice complies with Fed. R. Civ. P. Rule 23(e) as it is a reasonable manner of providing notice to those Settlement Class members who would be bound by the Settlement. The Court also finds that the Notice complies with Rule 23(c)(2) as it is also the best practicable notice under the circumstances, provides individual notice to all Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement, and the right to object to the Settlement or opt out.

13. Class Members who do not timely submit a claim per paragraphs 5 and 6 of section I of the Settlement Agreement will not be eligible to participate in the Settlement.

14. The members of the Settlement Class identified on Exhibit "B" attached hereto have filed timely requests to be excluded from the Settlement ("Excluded Class Members").

15. Except for Excluded Class Members, upon the Effective Date of the Settlement Agreement, all members of the Settlement Class, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf, will be bound by this Judgment, and will be conclusively deemed to have fully, finally and forever settled, released and discharged the Dell Releasees of and from all Released Claims as provided in the Settlement Agreement, and are enjoined from bringing, joining or continuing to prosecute against the Released Parties any Released Claims.

16. Neither this Order, nor any aspect of the Settlement Agreement, is to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Dell Inc. Dell Inc. specifically denies any liability. Each of the Parties to the Settlement entered into the Settlement Agreement with the intention to avoid further disputes and litigations with the attendant inconvenience and expenses.

17. The Court finds that defendant Dell Inc. fully complied with the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715.

18. The Court hereby approves the Settlement Agreement, all terms of which are incorporated herein by reference, as being fair, adequate, and reasonable and in the best interests of the Settlement Class, satisfying Federal Rule of Civil Procedure 23(e). The Settlement of this case on the terms and conditions set forth in the Settlement Agreement is approved and confirmed in all respects as fair, reasonable and adequate under Federal Rule of Civil Procedure 23, and in the best interest of the Settlement Class and Settlement Class Members, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result at trial and through any post-judgment appeals.

19. Class Counsel and defendant Dell, Inc. are directed to consummate the Settlement in accordance with the Settlement Agreement.

20. Without further order of the Court, the Parties may agree to reasonable extensions of the time to carry out any provisions of the Settlement Agreement.

21. Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, this Court shall retain jurisdiction over the Parties to the Settlement Agreement to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefit of the parties.

Pursuant to Fed. R. Civ. P. 54(b) and the Orders referenced above, and under the terms of the Settlement Agreement approved by the Court, the Court hereby enters JUDGMENT dismissing with prejudice all claims in the Third Amended Complaint.   IT IS SO ORDERED AND ADJUDGED this 28th day of October, 2011

_____
The Honorable Ronald M. Whyte
United States District Court Judge