UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL and STEVEN SEICK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DELL INC. and DOES 1-10,<br><br>    Defendants. | Case No. C-07-01700 RMW<br><br>**ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD OF SERVICE AWARDS FOR CLASS REPRESENTATIVES** |

   On October 28, 2011, the court held a hearing on plaintiffs' motion for approval of the Settlement Agreement ("Settlement") reached by the parties and on plaintiffs' and class counsel's separate motion for an award of attorneys' fees, expenses, and service awards for the class representatives.  The court heard from counsel for the parties and from counsel representing objector Kenneth Brown.  The court orally granted both motions with the "Court to issue a final ruling to the parties."  Dkt. No. 330 (Minute Order).   That same day the court signed and filed its Final Order and Judgment on the Settlement.  However, the court inadvertently failed to file and serve its written order on the payment of attorneys' fees, expenses, and service awards.  The court now does so.

**A.     Attorney's Fees**

Class Counsel seek an award of attorneys' fees in the amount of $6,134,770.21, which is approximately equal to their combined lodestar in this case with no multiplier.  *See* Sobol Decl., ¶ 19, Ex. A; Hattis Decl., ¶ 12, Ex. A.  The substantial amount of the award gives the court significant concern.  However, the court concludes that the award is reasonable given the circumstances of this case for the following reasons:

1)  The benefits achieved by Class Counsel are not in the form of a "common fund," but rather come in the form of structural changes to Dell's advertising practices and the payment to Class Members on a claims-made basis.  Moreover, the fee awarded to Class Counsel will be paid directly by Dell, over and above the consideration to be paid to Class Members, and will thus not reduce the benefits available to the Class.  Settlement at 15-16.  In such circumstances, the most appropriate method for calculating reasonable attorneys' fees is the lodestar method.  *See Hanlon v. Chrysler Group, Inc.*, 150 F.3d 1011, 1029-30 (9th Cir. 1998).

2)  The billing rates used by Class Counsel to calculate their lodestar are reasonable and in line with prevailing rates in this District for personnel of comparable experience, skill, and reputation.  *See* Sobol Decl., ¶¶ 2-10, 23-24, Ex. A; Hattis Decl., ¶¶ 3-9, 15-16, Ex. A; *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1994).  Further, the number of hours billed and documented by Class Counsel and their attorneys and staff is reasonable under the circumstances of this complex and demanding case, which was litigated over more than four years and involved substantial discovery and motion practice.  *See* Sobol Decl., ¶¶ 2-14, 17-22, Ex. A; Hattis Decl., ¶¶ 3-14, 19-21, Ex. A.

3)  The $50-per claimant monetary award, with no class-wide cap or ceiling on recovery, represents a significant benefit for class members given the harm alleged and the potential risks of further litigation.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (district court must consider "the relationship between the amount of the fee awarded and the results obtained.").

4)  The structural changes to Dell's marketing practices resulting from this litigation,

particularly Dell's elimination of allegedly false representations regarding the pricing of its computers, conferred a benefit on both the class members and the public at large. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002) ("Incidental or nonmonetary benefits conferred by the litigation are a relevant circumstance [in considering the reasonableness of fees awards.]").

5)   The requested award amounts were agreed to by the parties through arms-length negotiations between well-regarded and experienced counsel, and were separately negotiated after the parties reached agreement in principle on the other key terms of the Settlement.  Sobol Decl., ¶ 16; Settlement at 4.

6)   The requested award amount was approved by mediator Randall Wulff, which serves as "independent confirmation that the fee was not the result of collusion or a sacrifice of the interests of the class." *Hanlon*, 150 F.3d at 1029; Settlement at 4; Dkt. No. 332 (Transcript of Oral Argument) at 13.

7)   This case involved numerous complex and novel issues of both fact and law. *See* Dkt. No. 320 at 18-19; *Hanlon*, 150 F.3d at 1029.

8)   Class Counsel prosecuted this case after agreeing to advance all necessary expenses, knowing that they would only receive a fee if there were a recovery. *See* Sobol Decl., ¶ 18; Hattis Dec., ¶ 11; *cf. In re Agent Orange Product Liability Litigation*, 818 F.2d 226, 236 (2d Cir. 1987) ("We have labeled the risk-of-success factor as perhaps the foremost factor to be considered under the second prong of the lodestar analysis.") (internal citation omitted).

Accordingly, the court finds that the requested attorneys' fees of $6,134,770.21 are fair, reasonable, and justified, and should be granted.

**B.     Reimbursement of Out-of-Pocket Expenses**

Class Counsel seek reimbursement of their out-of-pocket expenses in this litigation, in the amount of $865,229.79.  Sobol Decl., ¶ 25, Ex. B; Hattis Decl., ¶ 17, Ex. B.  As with fees, reimbursement of costs here will be paid directly by Dell and will not reduce the funds available to the Class.  *See* Settlement at 16.  Class Counsel are entitled to reimbursement of the out-of-

1   pocket costs they reasonably incurred investigating and prosecuting this case.  *See In re Media*

2   *Vision Tech. Sec. Litig.*, 913 F.Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto–*

3   *Lite Co.*, 396 U.S. 375, 391–92 (1970)); *Staton v. Boeing Co*., 327 F.3d 938, 974 (9th Cir. 2003).

4   Given the length and scope of this litigation, the court finds that Class Counsels' out-of-pocket

5   costs were reasonably incurred in connection with the prosecution of this litigation, were

6   advanced by Class Counsel for the benefit of the Class, and should be reimbursed in full.

7   **C.      Service Awards for Class Representatives**

8       "[N]amed plaintiffs, as opposed to designated class members who are not named

9   plaintiffs, are eligible for reasonable incentive payments."  *Staton*, 327 F.3d at 977; *Rodriguez v.*

10  *West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in

11  class action cases.").  Such awards are "intended to compensate class representatives for work

12  done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing

13  the action."  *Id.*; *see also Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal.

14  1995).

15      The requested service awards here are justified.  In addition to lending their names to this

16  case, and thus subjecting themselves to public attention, both Class Representatives participated

17  actively in the litigation, including having their depositions taken, responding to discovery

18  requests and providing documents for production in discovery, reviewing pleadings, and

19  consulting with Class Counsel.  *See* Docket No. 115 (Seick Decl.), ¶ 7; Docket No. 116 (Brazil

20  Decl.), ¶ 4.

21      Moreover, the $5,000 awards requested here will be paid directly by Dell and will not

22  reduce the recovery for the Class, and are reasonable in amount.  *See*, *e.g.*, *In re Mego Fin. Corp.*

23  *Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving service awards of $5,000);

24  *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *12-13 (W.D. Wash. Mar. 26, 2001) ($7,500,

25  $25,000, and $40,000 awards).

26      The court therefore finds that Class Representatives Chad Brazil and Stephen Seick are

27  entitled to receive service awards in the amount of $5,000 for their efforts on behalf of the Class.

28

ORDER GRANTING MOTION FOR FEES AND
EXPENSES AND SERVICE AWARDS
CASE NO. C-07-01700 RMW

1    The court thus grants Plaintiffs' and Class Counsel's Motion for Award of Attorneys' Fees

2  and Expenses and Award of Service Awards for Class Representatives, and orders as follows:

3  1.    Class Counsel is hereby awarded attorneys' fees in the amount of $6,134,770.21, and

4  reimbursement of out-of-pocket expenses in the amount of $865,229.79; and

5  2.    Class Representatives Chad Brazil and Steven Seick are hereby awarded service awards of

6  $5,000 each.

7

8  IT IS SO ORDERED.

9

10  Dated:  April 4, 2012

_Ronald M. Whyte_
The Honorable Ronald M. Whyte
United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -